

**IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI**
**SECOND JUDICIAL DISTRICT**

JAMES S. OLIN; JOHN G. MCNEIL; AND
JOHN A. MCNEIL, JR.

**PLAINTIFFS**

VS.

CAUSE NO. _A3402 - 15 - 97_

LUTHER, COLLIER, HODGES & CASH, LLP;
LUCIAN HODGES; SAM GAILLARD LADD, JR.;
AND JOHN DOES 1-10

**DEFENDANTS**

## COMPLAINT

COME NOW Plaintiffs, JAMES S. OLIN; JOHN G. MCNEIL; AND JOHN A.

MCNEIL, JR., through undersigned counsel, and in support of their Complaint would state as

follows:

## PARTIES

1.  Plaintiff James S. Olin is an adult resident of Tennessee.  Plaintiff John G. McNeil is an
    adult resident of Florida.  Plaintiff John A. McNeil, Jr., is an adult resident of Alabama.
    All Plaintiffs may be served with process through undersigned counsel.

2.  Defendant Luther, Collier, Hodges & Cash, LLP, is a law firm organized and based in
    Alabama, with offices in Alabama, Florida and Mississippi.  This Defendant may be
    served with process through its agent for service, Vcorp Agent Services, Inc., 6917
    Wrenwood Dr., Horn Lake, MS 38637; or wherever it may be found.

3.  Defendant Lucian Hodges is an adult resident of Alabama, who can be served at 401
    Church St., Mobile, AL 36602-2300, or wherever he may be found.  Mr. Hodges is
    licensed to practice law in Mississippi.

4.  Sam Gaillard Ladd, Jr., is an adult resident of Alabama, who can be served at 63 South

Page 1 of 5

Royal Street, 13th Floor Riverview Plaza, Mobile, Alabama 36602, or wherever he may be found.  Mr. Ladd is licensed to practice law in Mississippi.

5.  Defendants John Does 1-10 are individuals or entities, whose identities are not currently known, but whose actions or inactions may have contributed to the Plaintiffs' injuries. When the identities are determined, the pleadings will be amended.

6.  This is a lawsuit for damages based on professional negligence.  The causes of action occurred or accrued in Harrison County, Mississippi, Second Judicial District.

7.  This Court has jurisdiction of the subject matter and parties, and venue is proper.

## FACTS

8.  Defendants Luther, Collier, Hodges & Cash LLP; Lucian Hodges; and Sam Gaillard Ladd, Jr., (collectively, "the Defendants"), were attorneys representing the Plaintiffs and their company, Sterling Development Company, LLC, against claims contained in a lawsuit styled *BancorpSouth Bank v. Sterling Dev. Co., LLC, et al.*, Harrison County Circuit Court, 2nd Jud. Dist., Cause No. A2402-11-57.

9.  In the underlying litigation, the Defendants were retained by Sterling Development Company, LLC, and its members/guarantors, the Plaintiffs, to defend against claims asserted by BancorpSouth Bank.  Specifically, the bank sought $1.4 million in arrearage, plus interest, costs and fees, related to commercial loans made to Splash-Biloxi, LLC, and personally guaranteed by the Plaintiffs, individually.

10.  Lucian Hodges previously had represented one or more of the Plaintiffs and their business interests, and he was contacted by Plaintiffs after the BancorpSouth lawsuit was received.

11.  Hodges agreed to defend the Plaintiffs, and assigned or associated Sam Gaillard Ladd, Jr.,

to work on the file.

12. An application for entry of default was filed by BancorpSouth prior to the Defendants filing an answer.

13. Subsequently, the Defendants failed to respond to a motion for default judgment filed by BancorpSouth.

14. Defendants then missed a default judgment hearing held before Hon. Lisa Dodson on Sept. 21, 2012.

15. At the conclusion of that hearing, a $1.9 million judgment was rendered against the Plaintiffs, jointly and severally. See Exhibit "A," to this Complaint.

16. The judgment included: $1,094,900.27 for unpaid loan principal; $387,870.29 for pre-judgment interest; $489,446.28 for attorney fees; plus late fees, post-judgment interest and court costs.

17. The judgment then was placed on the public judgment roll. See Exhibit "B," to this Complaint.

## COUNT I: PROFESSIONAL NEGLIGENCE

18. The averments contained in the preceding paragraphs are cited and incorporated as if fully restated in this paragraph.

19. At all relevant times, an attorney-client relationship existed between the Plaintiffs and the Defendants.

20. The Defendants owed each Plaintiff the duties of care, loyalty, fidelity and all other duties contained in the attorney-client relationship. This relationship was in the form of a contract. These duties, and each of them, were fiduciary in nature.

Page 3 of 5

21. The Defendant attorneys held themselves out to Plaintiffs as experienced litigators, possessing the level of expertise consistent with the circumstances of the case.

22. The Plaintiffs were entitled to rely on the attorneys to possess such expertise, and to take all proper steps to protect and defend the Plaintiffs in the subject litigation.

23. By failing to timely answer the lawsuit, failing to respond to the request for default, and failing to attend the default judgment hearing, the Defendants breached the duties owed to the Plaintiffs, and breached the contract between them.

24. These actions constituted negligence as a matter of law.

25. The Defendants' negligence directly or proximately caused entry of the $1.9 million judgment against the Defendants, Exs. "A," "B."

26. The Plaintiffs, and each of them, have incurred other damages, including without limitation, attorney fees and other costs, the amounts and types of which will be proven at trial.

### **PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, James S. Olin; John G. McNeil; and John A. Mcneil, Jr., and each of them individually, request this Court to hold the Defendants, and each of them individually, liable for negligence, and to award Plaintiffs compensatory damages, attorney fees and costs.  Plaintiffs also request general relief as may be just and proper.

Respectfully Submitted;

    JAMES S. OLIN; JOHN G. MCNEIL; AND JOHN A. MCNEIL, JR.,
    Plaintiffs

By:    JOHNSON LAW PRACTICE, PLLC

    s/*R. Hayes Johnson, Jr.*

R. Hayes Johnson , Jr. (MSB #10697)
Johnson Law Practice, PLLC
1902 21ST Ave., Gulfport, MS 39501
P. O. Box 717, Long Beach, MS 39560
228.868.5499-o; 888.647.3665-f
Email: rhayesj@gmail.com

Case: 24CI2:15-cv-00092    Document #: 1-1    Filed: 06/26/2015    Page 1 of 3

# COVER SHEET
## Civil Case Filing Form
### (To be completed by Attorney/Party Prior to Filing of Pleading)

Mississippi Supreme Court
Administrative Office of Courts
Form AOC/01
(Revised 1/1/2001)

IN THE CIRCUIT COURT OF HARRISON COUNTY

This area to be completed by clerk    Case Number if filed prior to 1/1/94

| Court Identification | County | Judicial | Local Docket ID |
|---|---|---|---|
| Docket Number | (Co. cd.) | (Dist. or C. co.) | |

Case Year    Docket Number    Case Year    Month    Date    Year

Short Style of Case  Otis et al. v. Luther, Collier, Hodges & Cash
Party Filing Initial Pleading; Type/Print Name  R. Hayes Johnson, Jr.
Check (√) if Pro Hac Vice ___  Check (√) if Not an Attorney ___
Signature ___    MS Bar No. 10497

Is Child Support contemplated as an issue in this suit?  Yes ___ No √ (If "yes" is checked, please submit a completed Child Support Information Sheet with Final Decree/Judgment)

Compensatory Damages Sought:  $ ___    Punitive Damages Sought:  $ TBD

PLAINTIFF - PARTY(IES) INITIALLY BRINGING SUIT SHOULD BE ENTERED FIRST (FIRST NAME IN SHORT STYLE) - ENTER ADDITIONAL PLAINTIFF(S) ON SEPARATE FORM
Individual  Otis    James    S.
             Last Name    First Name    Maiden Name, if Applicable    Middle Init.    Jr/Sr/III/IV
Address of Plaintiff  P.O. Box 717, Long Beach, MS 39560

Check (√) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of ___
Check (√) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A ___    Agency ___
Business ___
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated
Check (√) if Business Plaintiff is filing suit in the name or an entity other than the above, and enter below:

DEFENDANT - NAME OF DEFENDANT (FIRST NAME IN SHORT STYLE) - ENTER ADDITIONAL DEFENDANTS ON SEPARATE FORM
Individual ___
             Last Name    First Name    Maiden Name, if Applicable    Middle Init.    Jr/Sr/III/IV
Check (√) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of ___
Check (√) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A ___    Agency ___
Business  Luther, Collier, Hodges & Cash, LLP; 401 Church St., Mobile, AL 3602
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated
Check (√) if Business Defendant is being sued in the name of an entity other than the above, and enter below:
D/B/A ___
ATTORNEY FOR THIS DEFENDANT: ___    Bar No. ___ or  Name: ___
(if known)    Check (√) if Pro Hac Vice ___

In left hand column, check (√) box that best describes the nature of this suit. In right hand column check all boxes which indicate secondary claims.

**Business/Commercial**
- Accounting (Business)
- Bankruptcy
- Business Dissolution - Corporation
- Business Dissolution - Partnership
- Debt Collection
- Employment
- Foreign Judgment
- Garnishment
- Replevin
- Stockholder Suit
- Other

**Probate**
- Accounting (Probate)
- Birth Certificate Correction
- Commitment
- Conservatorship
- Guardianship
- Heirship
- Intestate Estate
- Minor's Settlement
- Muniment of Title
- Name Change
- Power of Attorney
- Testate Estate
- Will Contest
- Other

**Real Property**
- Adverse Possession
- Ejectment
- Eminent Domain
- Judicial Foreclosure
- Lien Assertion
- Partition
- Receiver Appointment
- Tax Sale: Confirmation/Cancellation
- Title Boundary &/or Easement
- Other

**Torts-Personal Injury**
- Bad Faith
- Fraud
- Loss of Consortium
- Malpractice - Legal
- Malpractice - Medical
- Negligence - General
- Negligence - Motor Vehicle
- Products Liability
- Wrongful Death
- Other

**Mass Tort**
- Asbestos
- Dioxin
- Hardware/Varioation
- Hearing Loss
- Radioactive Materials
- Tobacco
- Other

**Statutes/Rules**
- Bond Validation
- Civil Forfeiture
- Declaratory Judgment
- Emergent Domain
- ERISA
- Expungement
- Extraordinary Writ
- Federal Statutes
- Habeas Corpus
- Injunction or Restraining Order
- Municipal Annexation
- Racketeering (RICO)
- Railroad
- Seaman
- Other

**Contract**
- Breach of Contract
- Installment Contract
- Insurance
- Product Liability under Con'tct
- Specific Performance
- Other

**Domestic Relations**
- Child Custody/Visitation
- Child Support
- Contempt
- Divorce: Fault
- Divorce: Irreconcilable Differences
- Domestic Abuse
- Emancipation
- Modification
- Paternity
- Property Division
- Separate Maintenance
- Termination of Parental Rights
- UIFSA (formerly URESA)
- Other

**Appeals**
- Administrative Agency
- County Court
- Hardship Petition (Driver License)
- Justice Court
- MS Employment Security Comm'n
- Municipal Court
- Oil & Gas Board
- Worker's Compensation
- Other

**Civil Rights**
- Elections
- Habeas Corpus
- Post Conviction Relief
- Prisoner
- Other

In the __CIRCUIT_____ Court of __HARRISON_____ County, Mississippi

__2nd_____ Judicial District, City of __Biloxi_____

Docket No._____-_____        _____        Docket No. If Filed
            File Yr      Chronological No.    Clerk's Local ID    Prior to 1/1/94

## PLAINTIFFS IN REFERENCED CAUSE - Page 1 of ___ Plaintiffs Pages
## IN ADDITION TO PLAINTIFF SHOWN ON CIVIL CASE FILING FORM COVER SHEET

**Plaintiff #2:**

Individual: __McNeil_____ __John_____ (_____) __G__ __Jr/Sr/III/IV__
                Last Name              First Name        Maiden Name, if Applicable   Middle Init

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
        Estate of _____

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below.
        D/B/A _____

**Business** _____
            Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated
___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:
        D/B/A _____

**Attorney for this Plaintiff:** _10697__ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

**Plaintiff #3:**

Individual: __McNeil_____ __John_____ (_____) __A__ __Jr.__
                Last Name              First Name        Maiden Name, if Applicable   Middle Init    Jr/Sr/III/IV

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
        Estate of _____

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:
        D/B/A _____

**Business** _____
            Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated
___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:
        D/B/A _____

**Attorney for this Plaintiff:** _10697__ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

**Plaintiff #4:**

Individual: _____ _____ (_____) _____ _____
                Last Name              First Name        Maiden Name, if Applicable   Middle Init    Jr/Sr/III/IV

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
        Estate of _____

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:
        D/B/A _____

**Business** _____
            Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated
___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:
        D/B/A _____

**Attorney for this Plaintiff:** _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

In the <u>CIRCUIT</u> Court of <u>HARRISON</u> County, Mississippi

_____ Judicial District, City of _____

Docket No. _____ - _____  _____    Docket No. If Filed
     File Yr      Chronological No.      Clerk's Local ID       Prior to 1/1/94 _____

**DEFENDANTS IN REFERENCED CAUSE - Page 1 of __ Defendants Pages**
**IN ADDITION TO DEFENDANT SHOWN ON CIVIL CASE FILING FORM COVER SHEET**

**Defendant #2:**

Individual: <u>Hodges</u>     <u>Lucian</u>     ( _____ )  _____  _____
            Last Name         First Name        Maiden Name, if Applicable   Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
    Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:
    D/B/A _____

Business _____
         Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated
___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:
    D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

**Defendant #3:**

Individual: <u>Ladd</u>      <u>Sam</u>      ( _____ )  <u>G.</u>    <u>Jr.</u>
            Last Name         First Name        Maiden Name, if Applicable   Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
    Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:
    D/B/A _____

Business _____
         Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated
___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:
    D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

**Defendant #4:**

Individual: _____ _____ ( _____ )  _____  _____
            Last Name         First Name        Maiden Name, if Applicable   Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
    Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:
    D/B/A _____

Business _____
         Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated
___Check (✓) if Business Defendant is being sued in the name of an entity other than the above, and enter below:
    D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
SECOND JUDICIAL DISTRICT

BANCORPSOUTH BANK

**PLAINTIFF**

**VERSUS**

**CAUSE NO. A2402-11-57**

STERLING DEVELOPMENT COMPANY, LLC,
DAVAGE J. RUNNELS, JOHN A. MCNEIL, JR.,
JAMES S. OLIN AND JOHN G. MCNEIL

**DEFENDANTS**

## ORDER

This Cause came on to be heard on BancorpSouth Bank's Motion for Default Judgment against Davage J. Runnels, John A. McNeil Jr., James S. Olin, and John G. McNeil (hereinafter collectively "Defendants") pursuant to Rule 55(b) of the Mississippi Rules of Civil Procedure, and the Court having found that the Defendants have been each duly served with the Summons and Complaint; none of these Defendants are infants or unrepresented incompetent persons. The Court finds that the Clerk of the Court entered default against Defendants on May 22, 2012 and Defendants have not sought to have such entry of default set aside in accordance with Mississippi Rule of Civil Procedure 55(c). The Court finds that the Plaintiff, BancorpSouth Bank, is entitled to a default judgment against Defendants, Davage J. Runnels, John A. McNeil Jr., James S. Olin, and John G. McNeil. ⌐As more fully set forth in the record. (s) It is, therefore,

**ORDERED AND ADJUDGED** that judgment is hereby entered in favor of Plaintiff and against Defendants Davage J. Runnels, John A. McNeil Jr., James S. Olin, and John G. McNeil, jointly and severally, in the principal sum of $1,094,900.27, for prejudgment interest in the amount of $387,870.29, for post judgment interest at the contract rate of 5.25% per annum, for a

1

EXHIBIT

**A**

late fee in the amount of $400.00, for attorney's fees in the amount of $489,446.28, and for court costs, for all of which let execution issue.

**ORDERED** this the 21st day of September, 2012.

_____
CIRCUIT COURT JUDGE

Document prepared by:

Michael E. Whitehead, MSB #8891
**PAGE, MANNINO, PERESICH &**
**McDERMOTT, P.L.L.C.**
759 Vieux Marche Mall (39530)
P.O. Drawer 289
Biloxi, Mississippi 39533
Telephone:    228.374.2100
Facsimile:    228.374.3838

**FILED**

SEP 2 1 2012

GAYLE PARKER
CIRCUIT CLERK
BY: _____ D.C.

2



# CIVIL CASE DISPOSITION REPORT

IN THE CIRCUIT COURT OF __Harrison_____ COUNTY, MISSISSIPPI

____SECOND_____JUDICIAL DISTRICT

Docket No. __2011__ - ____57_____ ___242 CI____ Docket No. If Filed
File Yr.      Chronological No.   Clerk's Local ID   Prior to 1/1/94

*Date this action was **filed** __03/23/2011_____
          Month/Day/Year

OR

\*If dispositive of the original action that created this case, enter that date, If this disposes of debt collection, modification, contempt, or other issues addressed after the original filing, enter the date it was re-opened.

Dispositive of all Parties?   _____Yes   __X__ No, only the following Party(ies)   Davage J. Runnels, John A. McNeil, Jr., James S. Olin, &
(An attachment may be used if there are numerous parties)

__John G. McNeil_____

_____No, only the following Attorney(s)_____

_____   Name _____ Bar No. _____

Enter Ruling Judge Bar No. __6140_____   Name _____ Bar No. _____

Date of Disposition __09__ / __21__ / __2012__
          Month   Day   Year

Action:   __X__Ruling on Motion   _____Ex Parte   _____Temporary Hearing
          _____Contempt/Modification   _____Settlement Conference   _____Pre-Trial Conference
          _____Case Administration   _____Discovery other than Motion   _____Bench Trial
          _____Jury Trial   _____Mediation Ordered

Damages Awarded:   Compensatory:   $_____   Punitive:   $_____
(List Amount or Range Letter):

Range A = 1¢-$500   Range B = $501-1,000   Range C = $1,001-10,000   Range D = $10,001-50,000   Range E = $50,001-100,000
Range F = $100,000-500,000   Range G = $500,000-1,000,000   Range H = $1,000,000+   Range 0 = -0-

Method of Disposition:
          __X__Default Judgment   _____Final Judgment/Decree   _____Bankruptcy Discharged
          _____Summary Judgment   _____Judgment by Stipulation   _____Estate Closed
          _____Dismissed without Prejudice   _____Agreed Judgment   _____Fiduciary Appointed
          _____Dismissed with Prejudice   _____Original Judgment Modified   _____Guardian/Conservatorship Appointed
          _____Dismissed, Lack of Prosec.   _____Vacating Previous Ruling   _____Protective Order (Check if Domestic Violence_____)
          _____Dismissed by Agreement   _____New Trial Granted   _____Commitment
          _____Change of Venue   _____Foreign Judgment Closed   _____Garnishment Issued
          _____Transferred   _____Satisfaction of Judgment   _____Garnishment Abeyance Order Issued
          _____Removed to Fed. Court   _____Drivers License Reins./Hard.   _____Garnishment Canceled: Bankruptcy
          _____Writ Issued   _____Canceled   _____Letters Rogatory
          _____Affirmed on Appeal   _____Order of Mediation   _____Case Consolidation
          _____Not Entered Yet   _____Termination of Parental Rights   _____Other(list)_____

Was Child Support ordered in the disposition of the current matter?   _____Yes   __X__No
If "Yes" was checked, make sure that Child Support Information sheet was completed and submitted with the Civil Case Filing Form.



Currently it's 64.3°F and winds are from the W @ 7.0 mph

Board of Supervisors    Elected Officials    County Departments    Online Services

HOME > ELECTED > CIRCUITCLERK > JROLL > JUDICIAL2

## Judgement Rolls - Judicial District 2 Search Result

Downloadable Forms

Elections and Voting

Fees

Marriage Licenses

Judgement Roll Search

Marriage License Search

County Address and Phone Directory

Harrison County Judicial 1
1801 23rd Ave
Gulfport, MS 39501

Harrison County Judicial 2
730 Dr. Martin Luther King, Jr. Blvd
Biloxi, MS 39530

Follow us On

**Plaintiff(s)**
Name:  BANCORPSOUTH BANK
Address:  P O BOX 70 BILOXI MS
Satisfied:  N
Satisfied Date:  0/0/0000
Remarks:  SEE ORDER FOR FEES

VERSUS

**Defendant(s)**
Name:  OLIN, JAMES S
Address:  504 LAKE VALLEY COURT FRANKLIN TN
Satisfied:  N
Satisfied Date:  0/0/0000
Remarks:  SEE ORDER FOR FEES

| | Judgment Amounts |
|---|---|
| File Number 990700 | $1,094,900.27 |
| Case Number A24021100057 | $126.00 |
| | $0.00 |
| Court of Origin | $0.00 |
| Circuit Court | $0.00 |
| Book/Page | $1,095,026.27    Total Judgment |
| Book: 0 Page: 0 | Renewed (Y/N)? |
| Enrollment Date/Time | N |
| 9/24/2012 | Renewal Date |
| Rendition Date | 0/0/0000 |
| 9/21/2012 | |

Previous Page | Search Again | Search Judicial 2

Harrison County Board of Supervisors © 2002 - 2013
Currently, there are 73 people online

EXHIBIT
**B**

 

HOME > ELECTED > CIRCUITCLERK > JROLL > JUDICIAL2

## Judgement Rolls - Judicial District 2 Search Result

Downloadable Forms

Elections and Voting

Fees

Marriage Licenses

Judgement Roll Search

Marriage License Search

South Harrison County Online

[Search]


County Address and
Phone Directory

Harrison County, Judicial 1
1801 23rd A...
Gulf port, MS 39501

Harrison County, Judicial 2
730 Dr. Martin Luther King Jr. Blvd
Biloxi, MS 39530

Follow us On

Harrison County, Board of Supervisors © 2002 - 2015
Circuit Clerk, Judicial Online

**Plaintiff(s)**

| | |
|---|---|
| Name: | BANCORPSOUTH BANK |
| Address: | P O BOX 70 BILOXI MS |
| Satisfied: | N |
| Satisfied Date: | 0/0/0000 |
| Remarks: | SEE ORDER FOR FEES/PARTIAL RELEASE OF JDGMT AS TO JAMES OLIN ONLY |

VERSUS

**Defendant(s)**

| | |
|---|---|
| Name: | MCNEIL, JOHN G |
| Address: | 211 MATTIES WAY DESTIN FL |
| Satisfied: | N |
| Satisfied Date: | 0/0/0000 |
| Remarks: | SEE ORDER FOR FEES/PARTIALL RELEASE OF JDGMT AS TO JAMES OLIN ONLY |

| | Judgment Amounts | |
|---|---|---|
| File Number 990703 | $1,094,900.27 | |
| Case Number A24021100057 | $126.00 | |
| | $0.00 | |
| Court of Origin Circuit Court | $0.00 | |
| | $0.00 | |
| Book/Page Book: 0 Page: 0 | $1,095,026.27 | Total Judgement |
| Enrollment Date/Time 9/25/2012 | Renewed (Y/N)? N | |
| Rendition Date 9/21/2012 | Renewal Date 0/0/0000 | |

Previous Page | Search Again | Search Judicial 2




HOME > ELECTED > CIRCUITCLERKS > JROLL > JUDICIAL2

## Judgement Rolls - Judicial District 2 Search Result



Downloadable Forms

Elections and Voting

Fees

Marriage Licenses

Judgement Roll Search

Marriage License Search

Search Harrison County Online

[_____] Search



Harrison County Judicial 1
150 - 23rd Ave
Gulfport, MS 39501

Harrison County Judicial 2
730 Dr. Martin Luther King Jr. Blvd
Biloxi, MS 39530

Follow us On [ ]

**Plaintiff(s)**

Name: BANCORPSOUTH BANK

Address: P O BOX 70 BILOXI MS

Satisfied: N

Satisfied Date: 0/0/0000

Remarks: SEE ORDER FOR FEES/PARTIAL RELEASE OF JDGMT AS TO JAMES OLIN ONLY

VERSUS

**Defendant(s)**

Name: MCNEIL, JOHN A JR

Address: 4502 OLDE PLANTATION PLACE DESTIN FL

Satisfied: N

Satisfied Date: 0/0/0000

Remarks: SEE ORDERS FOR FEES/PARTIAL RELEASE OF JDGMT AS TO JAMES OLIN ONLY

| | Judgment Amounts |
|---|---|
| File Number 990702 | $1,094,900.27 |
| Case Number A24021100057 | $126.00 |
| | $0.00 |
| Court of Origin Circuit Court | $0.00 |
| | $0.00 |
| Book/Page Book: 0 Page: 0 | $1,095,026.27  Total Judgement |
| | Renewed (Y/N)? N |
| Enrollment Date/Time 9/25/2012 | Renewal Date 0/0/0000 |
| Rendition Date 9/21/2012 | |

Previous Page | Search Again | Search Judicial 2

Harrison County Board of Supervisors © 2002 - 2014
Right now there are 50 people online

**IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI**
**SECOND JUDICIAL DISTRICT**

JAMES S. OLIN; JOHN G. MCNEIL; AND                                    **PLAINTIFFS**
JOHN A. MCNEIL, JR.

VS.                                                                  **CAUSE NO. A2402-15-97**

LUTHER, COLLIER, HODGES & CASH, LLP;
LUCIAN HODGES; SAM GAILLARD LADD, JR.;                                **DEFENDANTS**
AND JOHN DOES 1-10

<u>**SUMMONS**</u>

THE STATE OF MISSISSIPPI

LUCIAN HODGES
401 Church St.
Mobile, AL 36602-2300

You have been made a Defendant in the Complaint filed in this Court by, JAMES S. OLIN; JOHN G. MCNEIL; AND JOHN A. MCNEIL, JR., seeking damages related to a cause of action that occurred or accrued in the Second Judicial District of Harrison County, Mississippi.

You are required to mail or hand-deliver a copy of a written response to the Complaint to R. Hayes Johnson, Jr., P.O. Box 717, Long Beach, MS 39560; and whose telephone number is (228) 868-5499; attorney for Plaintiffs.

YOUR RESPONSE MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS AFTER SERVICE OF THIS SUMMONS ON YOU. IF YOUR RESPONSE IS NOT SO MAILED OR DELIVERED, A JUDGMENT OF DEFAULT WILL BE ENTERED AGAINST YOU FOR THE RELIEF DEMANDED BY THE PETITION.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this the _13th_ day of _July_, 2015.

BY: _____ D.C.
Gayle Parker, Circuit Clerk of Harrison County, Mississippi

<u>Issued by and return to:</u>
R. Hayes Johnson, Jr. (MSB #10697)
JOHNSON LAW PRACTICE, PLLC
P.O. Box 717, Long Beach, MS 39560
228.868.5499-o/888.647.3665-f
rhayesj@gmail.com/jlpnotices@gmail.com

**IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI**
**SECOND JUDICIAL DISTRICT**

JAMES S. OLIN; JOHN G. MCNEIL; AND                              **PLAINTIFFS**
JOHN A. MCNEIL, JR.

VS.                                                     **CAUSE NO. A2402-15-97**

LUTHER, COLLIER, HODGES & CASH, LLP;
LUCIAN HODGES; SAM GAILLARD LADD, JR.;           **DEFENDANTS**
AND JOHN DOES 1-10

<u>**SUMMONS**</u>

THE STATE OF MISSISSIPPI

SAM GAILLARD LADD, JR.
63 South Royal Street
13th Floor Riverview Plaza
Mobile, AL 36602

    You have been made a Defendant in the Complaint filed in this Court by, JAMES S. OLIN; JOHN G. MCNEIL; AND JOHN A. MCNEIL, JR., seeking damages related to a cause of action that occurred or accrued in the Second Judicial District of Harrison County, Mississippi.

    You are required to mail or hand-deliver a copy of a written response to the Complaint to R. Hayes Johnson, Jr., P.O. Box 717, Long Beach, MS 39560; and whose telephone number is (228) 868-5499; attorney for Plaintiffs.

    YOUR RESPONSE MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS AFTER SERVICE OF THIS SUMMONS ON YOU.  IF YOUR RESPONSE IS NOT SO MAILED OR DELIVERED, A JUDGMENT OF DEFAULT WILL BE ENTERED AGAINST YOU FOR THE RELIEF DEMANDED BY THE PETITION.

    You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

    Issued under my hand and the seal of said Court, this the *13th* day of *July*, 2015.

BY: _____ D.C.
Gayle Parker, Circuit Clerk of Harrison County, Mississippi

<u>**Issued by and return to:**</u>
R. Hayes Johnson, Jr. (MSB #10697)
**JOHNSON LAW PRACTICE, PLLC**
P.O. Box 717, Long Beach, MS 39560
228.868.5499-o/888.647.3665-f
rhayesj@gmail.com/jlpnotices@gmail.com

## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
## SECOND JUDICIAL DISTRICT

| | |
|---|---|
| JAMES S. OLIN; JOHN G. MCNEIL; AND<br>JOHN A. MCNEIL, JR. | **PLAINTIFFS** |
| VS. | **CAUSE NO.** A2402-15-97 |
| LUTHER, COLLIER, HODGES & CASH, LLP;<br>LUCIAN HODGES; SAM GAILLARD LADD, JR.;<br>AND JOHN DOES 1-10 | **DEFENDANTS** |

## SUMMONS

THE STATE OF MISSISSIPPI

LUTHER, COLLIER, HODGES, & CASH, LLP
c/o Vcorp Agent Services, Inc., its agent
6917 Wrenwood Dr.
Horn Lake, MS 38637

    You have been made a Defendant in the Complaint filed in this Court by, JAMES S. OLIN; JOHN G. MCNEIL; AND JOHN A. MCNEIL, JR., seeking damages related to a cause of action that occurred or accrued in the Second Judicial district of Harrison County, Mississippi.

    You are required to mail or hand-deliver a copy of a written response to the Complaint to R. Hayes Johnson, Jr., P.O. Box 717, Long Beach, MS 39560; and whose telephone number is (228) 868-5499; attorney for Plaintiffs.

    YOUR RESPONSE MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS AFTER SERVICE OF THIS SUMMONS ON YOU.  IF YOUR RESPONSE IS NOT SO MAILED OR DELIVERED, A JUDGMENT OF DEFAULT WILL BE ENTERED AGAINST YOU FOR THE RELIEF DEMANDED BY THE PETITION.

    You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

    Issued under my hand and the seal of said Court, this the 13th day of July, 2015.

BY: _____ D.C.
Gayle Parker, Circuit Clerk of Harrison County, Mississippi

**Issued by and return to:**
R. Hayes Johnson, Jr. (MSB #10697)
**JOHNSON LAW PRACTICE, PLLC**
P.O. Box 717, Long Beach, MS 39560
228.868.5499-o/888.647.3665-f
rhayesj@gmail.com/jlpnotices@gmail.com

From:1234                                        10/01/2015 12:26    #292 P.006/007

*Return*

# IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
## SECOND JUDICIAL DISTRICT

JAMES S. OLIN; JOHN G. MCNEIL; AND                         **PLAINTIFFS**
JOHN A. MCNEIL, JR.

VS.                                          CAUSE NO. A2402-15-97

LUTHER, COLLIER, HODGES & CASH, LLP;
LUCIAN HODGES; SAM GAILLARD LADD, JR.;                     **DEFENDANTS**
AND JOHN DOES 1-10

### SUMMONS

THE STATE OF MISSISSIPPI

LUTHER, COLLIER, HODGES, & CASH, LLP
c/o Vcorp Agent Services, Inc., its agent
6917 Wrenwood Dr.
Horn Lake, MS 38637

  You have been made a Defendant in the Complaint filed in this Court by, JAMES S. OLIN; JOHN G. MCNEIL; AND JOHN A. MCNEIL, JR., seeking damages related to a cause of action that occurred or accrued in the Second Judicial District of Harrison County, Mississippi.

  You are required to mail or hand-deliver a copy of a written response to the Complaint to R. Hayes Johnson, Jr., P.O. Box 717, Long Beach, MS 39560; and whose telephone number is (228) 868-5499; attorney for Plaintiffs.

  YOUR RESPONSE MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS AFTER SERVICE OF THIS SUMMONS ON YOU.  IF YOUR RESPONSE IS NOT SO MAILED OR DELIVERED, A JUDGMENT OF DEFAULT WILL BE ENTERED AGAINST YOU FOR THE RELIEF DEMANDED BY THE PETITION.

  You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

  Issued under my hand and the seal of said Court, this the 13th day of July , 2015.

BY: _____ D.C.
Gayle Parker, Circuit Clerk of Harrison County, Mississippi

**Issued by and return to:**
R. Hayes Johnson, Jr. (MSB #10697)
JOHNSON LAW PRACTICE, PLLC
P.O. Box 717, Long Beach, MS 39560
228.868.5499-o/888.647.3665-f
rhayesj@gmail.com/jlpnotices@gmail.com

**PROOF OF SERVICE- SUMMONS**
(Process Server)

Name of Person or Entity Served: _Lucian Hodges_

I, the undersigned process server, served the Summons and Complaint upon the person or entity named above in the manner set forth below:

_Lucian Hodges_

\_✓\_ **PERSONAL SERVICE.** I personally delivered copies to _Luther, Collier, Hodges_ on the _1st_ day of _Oct_, _2015_, where I found said person(s) in _mobile_ County of the State of _Alabama_.

\_\_\_\_ **RESIDENCE SERVICE.** After exercising reasonable diligence, I was unable to deliver copies to said person within _____ County, _____. I served the Summons and Complaint on the \_\_\_\_\_ day of _____, _____, at the usual place of abode of said person by leaving a true copy of the Summons and Complaint with _____, who is the _____ (relationship), a member of the family of the person served above the age of sixteen (16) years and willing to receive the Summons and Complaint, and thereafter on the \_\_\_\_ day of _____, _____, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

\_\_\_\_ **CERTIFIED MAIL.** By certified mail, return receipt requested, in an envelope marked "Restricted Delivery," and as set out by Rule 4 of the Mississippi Rules of Civil Procedure, I served a copy of the Summons and Complaint on _____, at the address contained on the Summons. The return receipt shows that the Summons and Complaint were signed for by _____, on the \_\_\_\_\_ day of _____, 200\_\_, or that delivery was refused.

At the time of service, I was at least eighteen (18) years of age and not a party to this action.

Fee for service:    $_____

Process server:_____    Badge/ID #:_____

Address:_____    Telephone No.:_____

STATE OF _____

COUNTY/PARISH OF _____

PERSONALLY APPEARED BEFORE ME, the undersigned authority in and for the state and county aforesaid, the within named _Eddie Stokley_, who being first by me duly sworn, states on oath that the matters and facts set forth in the foregoing "Proof of Service- Summons" are true and correct as therein stated.

_____
PROCESS SERVER

SWORN TO AND SUBSCRIBED BEFORE ME, this the _1st_ day of _October_, _2015_.

_____
NOTARY PUBLIC

(Seal)

**My Commission expires August 10, 2019**

My Commission Expires: _____

## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
### SECOND JUDICIAL DISTRICT

JAMES S. OLIN; JOHN G. MCNEIL; AND                  **PLAINTIFFS**
JOHN A. MCNEIL, JR.

VS.                                      CAUSE NO. A2402-15-97

LUTHER, COLLIER, HODGES & CASH, LLP;
LUCIAN HODGES; SAM GAILLARD LADD, JR.;          **DEFENDANTS**
AND JOHN DOES 1-10

### SUMMONS

THE STATE OF MISSISSIPPI

LUCIAN HODGES
401 Church St.
Mobile, AL 36602-2300

You have been made a Defendant in the Complaint filed in this Court by, JAMES S. OLIN; JOHN G. MCNEIL; AND JOHN A. MCNEIL, JR., seeking damages related to a cause of action that occurred or accrued in the Second Judicial District of Harrison County, Mississippi.

You are required to mail or hand-deliver a copy of a written response to the Complaint to R. Hayes Johnson, Jr., P.O. Box 717, Long Beach, MS 39560; and whose telephone number is (228) 868-5499; attorney for Plaintiffs.

YOUR RESPONSE MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS AFTER SERVICE OF THIS SUMMONS ON YOU. IF YOUR RESPONSE IS NOT SO MAILED OR DELIVERED, A JUDGMENT OF DEFAULT WILL BE ENTERED AGAINST YOU FOR THE RELIEF DEMANDED BY THE PETITION.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this the *13th* day of *July*, 2015.

BY: _____ D.C.
Gayle Parker, Circuit Clerk of Harrison County, Mississippi

<u>Issued by and return to:</u>
R. Hayes Johnson, Jr. (MSB #10697)
JOHNSON LAW PRACTICE, PLLC
P.O. Box 717, Long Beach, MS 39560
228.868.5499-o/888.647.3665-f
rhayesj@gmail.com/jlpnotices@gmail.com

### PROOF OF SERVICE- SUMMONS
#### (Process Server)

Name of Person or Entity Served: *Lucian Hodges*

    I, the undersigned process server, served the Summons and Complaint upon the person or entity named above in the manner set forth below:

\_\_\_\_ **PERSONAL SERVICE.** I personally delivered copies to *Lucian Hodges* on the 1st day of \_\_\_\_\_ *Oct* , *2015* , where I found said person(s) in *Mobile* County of the State of _____ .

\_\_\_\_ **RESIDENCE SERVICE.** After exercising reasonable diligence, I was unable to deliver copies to said person within _____ County, _____. I served the Summons and Complaint on the \_\_\_\_\_ day of _____, _____, at the usual place of abode of said person by leaving a true copy of the Summons and Complaint with _____, who is the _____ (relationship), a member of the family of the person served above the age of sixteen (16) years and willing to receive the Summons and Complaint, and thereafter on the \_\_\_\_ day of _____, _____, I mailed (by first class mail, postage-prepaid) copies to the person served at his or her usual place of abode where the copies were left.

\_\_\_\_ **CERTIFIED MAIL.** By certified mail, return receipt requested, in an envelope marked "Restricted Delivery," and as set out by Rule 4 of the Mississippi Rules of Civil Procedure, I served a copy of the Summons and Complaint on _____, at the address contained on the Summons. The return receipt shows that the Summons and Complaint were signed for by _____, on the \_\_\_\_\_ day of _____, 200\_\_, or that delivery was refused.

At the time of service, I was at least eighteen (18) years of age and not a party to this action.

Fee for service:   $_____

Process server:_____    Badge/ID #:_____

Address:_____    Telephone No.:_____

STATE OF _____

COUNTY/PARISH OF _____

    PERSONALLY APPEARED BEFORE ME, the undersigned authority in and for the state and county aforesaid, the within named *Eddie Stckley* , who being first by me duly sworn, states on oath that the matters and facts set forth in the foregoing "Proof of Service- Summons" are true and correct as therein stated.

                    PROCESS SERVER

SWORN TO AND SUBSCRIBED BEFORE ME, this the \_\_\_\_ day of *October , 2015* .

                    NOTARY PUBLIC

                                   **My Commission expires August 10, 2019**

    (Seal)                      My Commission Expires: _____

From:1234

10/01/2015 12:24    #292 P.002/007



## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
### SECOND JUDICIAL DISTRICT

JAMES S. OLIN; JOHN G. MCNEIL; AND                                 **PLAINTIFFS**
JOHN A. MCNEIL, JR.

VS.                                                          **CAUSE NO. A2402-15-97**

LUTHER, COLLIER, HODGES & CASH, LLP;
LUCIAN HODGES; SAM GAILLARD LADD, JR.;                             **DEFENDANTS**
AND JOHN DOES 1-10

### SUMMONS

THE STATE OF MISSISSIPPI

SAM GAILLARD LADD, JR.
63 South Royal Street
13th Floor Riverview Plaza
Mobile, AL 36602

You have been made a Defendant in the Complaint filed in this Court by, JAMES S. OLIN; JOHN G. MCNEIL; AND JOHN A. MCNEIL, JR., seeking damages related to a cause of action that occurred or accrued in the Second Judicial District of Harrison County, Mississippi.

You are required to mail or hand-deliver a copy of a written response to the Complaint to R. Hayes Johnson, Jr., P.O. Box 717, Long Beach, MS 39560; and whose telephone number is (228) 868-5499; attorney for Plaintiffs.

YOUR RESPONSE MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS AFTER SERVICE OF THIS SUMMONS ON YOU. IF YOUR RESPONSE IS NOT SO MAILED OR DELIVERED, A JUDGMENT OF DEFAULT WILL BE ENTERED AGAINST YOU FOR THE RELIEF DEMANDED BY THE PETITION.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this the 13th day of July, 2015.

BY: _____ D.C.
Gayle Barker, Clerk of Harrison County, Mississippi

**Issued by and return to:**
R. Hayes Johnson, Jr. (MSB #10697)
JOHNSON LAW PRACTICE, PLLC
P.O. Box 717, Long Beach, MS 39560
228.868.5499-o/888.647.3665-f
rhayesj@gmail.com/jlpnotices@gmail.com

## PROOF OF SERVICE- SUMMONS
### (Process Server)

Name of Person or Entity Served: _Sam Gaillard Ladd I_

I, the undersigned process server, served the Summons and Complaint upon the person or entity named above in the manner set forth below:

__X__ **PERSONAL SERVICE.** I personally delivered copies to _Sam Gaillard Ladd Jr_ on the _1_ day of _Oct_ , _2015_ , where I found said person(s) in _Mobil_ County of the State of _Alabama_

____ **RESIDENCE SERVICE.** After exercising reasonable diligence, I was unable to deliver copies to said person within ____ County, ____. I served the Summons and Complaint on the ____ day of ____, ____, at the usual place of abode of said person by leaving a true copy of the Summons and Complaint with ____, who is the ____ (relationship), a member of the family of the person served above the age of sixteen (16) years and willing to receive the Summons and Complaint, and thereafter on the ____ day of ____, ____, I mailed (by first-class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

____ **CERTIFIED MAIL.** By certified mail, return receipt requested, in an envelope marked "Restricted Delivery," and as set out by Rule 4 of the Mississippi Rules of Civil Procedure, I served a copy of the Summons and Complaint on ____, at the address contained on the Summons. The return receipt shows that the Summons and Complaint were signed for by ____, on the ____ day of ____, 200___, or that delivery was refused.

At the time of service, I was at least eighteen (18) years of age and not a party to this action.

Fee for service:     $_____

Process server:_____        Badge/ID #:_____

Address:_____              Telephone No.:_____

STATE OF _____

COUNTY/PARISH OF _____

PERSONALLY APPEARED BEFORE ME, the undersigned authority in and for the state and county aforesaid, the within named _Eddie Stokley_, who being first by me duly sworn, states on oath that the matters and facts set forth in the foregoing "Proof of Service- Summons" are true and correct as therein stated.

PROCESS SERVER

SWORN TO AND SUBSCRIBED BEFORE ME, this the _1st_ day of _October_ _2015_

NOTARY PUBLIC                                   My Commission expires August 10, 2019

(Seal)                                         My Commission Expires: _____

**IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
SECOND JUDICIAL DISTRICT**

JAMES S. OLIN; JOHN G. MCNEIL; AND                 **PLAINTIFFS**
JOHN A. MCNEIL, JR.

VS.                                **CAUSE NO.** A24021509-97

LUTHER, COLLIER, HODGES & CASH, LLP;
LUCIAN HODGES; SAM GAILLARD LADD, JR.;           **DEFENDANTS**
AND JOHN DOES 1-10

<u>SUMMONS</u>

THE STATE OF MISSISSIPPI

LUTHER, COLLIER, HODGES, & CASH, LLP
c/o Vcorp Agent Services, Inc., its agent
6917 Wrenwood Dr.
Horn Lake, MS 38637

       You have been made a Defendant in the Complaint filed in this Court by, JAMES S. OLIN; JOHN G. MCNEIL; AND JOHN A. MCNEIL, JR., seeking damages related to a cause of action that occurred or accrued in the Second Judicial District of Harrison County, Mississippi.

       You are required to mail or hand-deliver a copy of a written response to the Complaint to R. Hayes Johnson, Jr., P.O. Box 717, Long Beach, MS 39560; and whose telephone number is (228) 868-5499; attorney for Plaintiffs.

       YOUR RESPONSE MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS AFTER SERVICE OF THIS SUMMONS ON YOU.  IF YOUR RESPONSE IS NOT SO MAILED OR DELIVERED, A JUDGMENT OF DEFAULT WILL BE ENTERED AGAINST YOU FOR THE RELIEF DEMANDED BY THE PETITION.

       You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

       Issued under my hand and the seal of said Court, this the 6th day of October, 2015.

                BY: _____ D.C.
                Gayle Parker, Circuit Clerk of Harrison County, Mississippi

<u>Issued by and return to:</u>
R. Hayes Johnson, Jr. (MSB #10697)
**JOHNSON LAW PRACTICE, PLLC**
P.O. Box 717, Long Beach, MS 39560
228.868.5499-o/888.647.3665-f
rhayesj@gmail.com/jlpnotices@gmail.com

## PROOF OF SERVICE- SUMMONS
### (Process Server)

Name of Person or Entity Served:_____

    I, the undersigned process server, served the Summons and Complaint upon the person or entity named above in the manner set forth below:

_____ **PERSONAL SERVICE.** I personally delivered copies to _____ on the _____day of _____, _____, where I found said person(s) in _____ County of the State of _____.

_____ **RESIDENCE SERVICE.** After exercising reasonable diligence, I was unable to deliver copies to said person within _____ County, _____. I served the Summons and Complaint on the _____day of _____, _____, at the usual place of abode of said person by leaving a true copy of the Summons and Complaint with _____, who is the _____ (relationship), a member of the family of the person served above the age of sixteen (16) years and willing to receive the Summons and Complaint, and thereafter on the ____ day of _____, _____, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

At the time of service, I was at least eighteen (18) years of age and not a party to this action.

Fee for service: $_____

Process server:_____      Badge/ID #:_____

Address:_____      Telephone No.:_____

STATE OF MISSISSIPPI

COUNTY OF _____

    PERSONALLY APPEARED BEFORE ME, the undersigned authority in and for the state and county aforesaid, the within named _____, who being first by me duly sworn, states on oath that the matters and facts set forth in the foregoing "Proof of Service- Summons" are true and correct as therein stated.

        _____
        PROCESS SERVER

SWORN TO AND SUBSCRIBED BEFORE ME, this the _____ day of _____, _____.

        _____
        NOTARY PUBLIC

    (Seal)                                      My Commission Expires: _____

**IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI**
**SECOND JUDICIAL DISTRICT**

JAMES S. OLIN; JOHN G. MCNEIL; AND
JOHN A. MCNEIL, JR.                                        **PLAINTIFFS**

VS.                                    **CIVIL ACTION NO.: A2402-2015-97**

LUTHER, COLLIER, HODGES & CASH, LLP;
LUCIEN HODGES; SAM GAILLARD LADD, JR.;
AND JOHN DOES 1-10                                         **DEFENDANTS**

---

### ANSWER AND AFFIRMATIVE DEFENSES

---

COMES NOW Defendants, Luther, Collier, Hodges & Cash, LLP, Lucian Hodges, and

Sam Gaillard Ladd, Jr., by and through their counsel of record, Copeland, Cook. Taylor & Bush,

P.A., and in response to the Complaint filed herein would show unto the Court the following:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted as against these

Defendants and pursuant to the provisions of Rule 12, must be dimissed.

### SECOND DEFENSE

The claims of the Plaintiff are barred by Miss. Code Ann. §15-1-49, as amended.

### THIRD DEFENSE

These Defendants assert any and all affirmative defenses to which they may be entitled,

including statutes of limitation, repose and/or statutory limitations of liability herein available to

them.

### FOURTH DEFENSE

Any amount which the Plaintiffs may claim in this action as damages should be set off

against any amounts which the Plaintiffs have or may recover from others.

## FIFTH DEFENSE

The claims of the Plaintiffs are barred by the doctrines of unclean hands, laches, ratification, consent, estoppel and/or waiver.

## SIXTH DEFENSE

Plaintiffs have failed to include and/or join necessary and indispensable parties without which complete relief cannot be obtained or achieved.

## SEVENTH DEFENSE

At all times relevant Lucian Hodges was acting as an agent for a disclosed principal, Luther, Collier, Hodges & Cash, LLP., and can have no individual or personal liability to the Plaintiffs in this matter.

## EIGHTH DEFENSE

At all times relevant Sam Gaillard Ladd, Jr., was acting as an agent for a disclosed principal, Luther, Collier, Hodges & Cash, LLP., and can have no individual or personal liability to the Plaintiffs in this matter.

## NINTH DEFENSE

And now, answering the Complaint paragraph by paragraph, and subject to any and all defenses otherwise asserted, affirmative and otherwise, the Defendants would respond to the specific allegations of the Complaint, to-wit:

## PARTIES

1. Defendants are without sufficient knowledge to either deny or admit the allegations of paragraph 1 of the Complaint and, therefore, this paragraph is denied.

2.  The allegations of paragraph 2 of the Complaint are admitted.

3.  The allegations of paragraph 3 of the Complaint are admitted.

4.  The allegations of paragraph 4 of the Complaint are admitted.

5.  The allegations of paragraph 5 of the Complaint are denied.

6.  It is admitted that this is a claim wherein the plaintiffs are seeking damages from these defendants.  The remaining allegations of paragraph 6 of the Complaint are denied.

7.  The allegations of paragraph 7 of the Complaint are admitted.

## FACTS

8.  The allegations of paragraph 8 of the Complaint are admitted.

9.  It is admitted that Luther, Collier, Hodges & Cash, LLP undertook, gratis, to assist one or more of the plaintiffs in defending or responding to claims asserted by BancorpSouth in the underlying litigation ("BancorpSouth suit").  The remaining allegations of paragraph 9 of the Complaint are denied.

10.  It is admitted that Lucian Hodges previously represented Sterling Development Company, LLC. and was contacted by one of the Plaintiffs after the BancorpSouth suit was filed. The remaining allegations of paragraph 10 of the Complaint are denied.

11.  It is admitted that  Lucian Hodges on behalf of Luther, Collier, Hodges & Cash, LLP agreed to respond on behalf of Sterling Development Company, LLC.   It is further agreed that Sam Gaillard Ladd, Jr. worked on the file.   The remaining allegations of paragraph 11 of the Complaint are denied.

12.  It is admitted that an application to the clerk for entry of default was filed on May 3, 2012 and that an Answer to the Complaint was filed on May 18, 2012. The remaining allegations

of paragraph 12 of the Complaint are denied.

13. It is admitted that no response was filed to the motion for default judgment filed in the BancorpSouth suit. It is denied that a response was required. The remaining allegations of paragraph 13 of the Complaint are denied.

14. It is admitted that Defendant Ladd was late to a hearing on the motion for default judgment which was due to an unavoidable conflict in another court. Prior to the hearing, counsel for BancorpSouth was advised of the conflict but refused to continue the hearing. Defendant Ladd appeared at the hearing as soon as his conflict resolved. The remaining allegations of paragraph 14 of the Complaint are denied.

15. It is admitted that attached to the Complaint as Exhibit "A" is an Order which speaks for itself. It is denied that the Order attached as Exhibit "A" constitutes a Final Judgment under Mississippi law. The remaining allegations of paragraph 15 of the Complaint are denied.

16. The Order attached to the Complaint speaks for itself. The remaining allegations of paragraph 16 of the Complaint are denied.

17. It is admitted that attached to the Complaint as Exhibit "B" is a copy of a computer generated search conducted of the Judgment Rolls of Harrison County, Mississippi which speaks for itself. The remaining allegations of paragraph 17 of the Complaint are denied.

### COUNT 1-PROFESSIONAL NEGLIGENCE

18. Defendants would adopt and incorporate each and every response and/or denial to paragraphs 1 through 17 of the Complaint as if fully copied in all words and figures.

19. The allegations of paragraph 19 of the Complaint are denied.

20. The allegations of paragraph 20 of the Complaint assert a legal conclusion to which no

response is required.  If mistaken in this belief and a response is required, the allegations of paragraph 20 of the Complaint are denied.

21. It is admitted that the Defendants held themselves out to be experienced litigators.  The remaining allegations of paragraph 21 of the Complaint are denied

22. The allegations of paragraph 22 of the Complaint are denied.

23. The allegations of paragraph 23 of the Complaint are denied.

24. The allegations of paragraph 24 of the Complaint are denied.

25. The allegations of paragraph 25 of the Complaint are denied.

26. The allegations of paragraph 26 of the Complaint are denied.

## PRAYER FOR RELIEF

The allegations of the final unnumbered paragraph of the Complaint beginning with the words "WHEREFORE, PREMISES CONSIDERED." are denied and  it is specifically denied that the Plaintiffs or any of them are entitled to recover compensatory damages,  attorney fees, or costs or are entitled to any other relief whatsoever.

## TENTH DEFENSE

Each and every allegation of the Complaint which has not been specifically admitted, regardless of paragraph number or lack thereof,  or paragraph letter or lack thereof, is denied.

## ELEVENTH DEFENSE

Attorney fees are not recoverable under Mississippi law absent statute or contract and, therefore, the Plaintiffs' demand for attorneys fees should be dismissed.

## TWELFTH DEFENSE

The Plaintiffs have failed to mitigate their damages and losses, and/or have waived their damages.

## THIRTEENTH DEFENSE

Any losses or damages sustained by the Plaintiffs were not due to any act or omission of these Defendants but were entirely due to the actions of the plaintiffs, individually and collectively.

## FOURTEENTH DEFENSE

Alternatively, the sole proximate cause of the damages, if any, complained of was the actions of others, and if said actions were not the sole proximate cause, then such actions constituted a contributing cause thereto, for which these Defendants cannot be responsible as a matter of law.

## FIFTEENTH DEFENSE

Any losses or damages sustained by the Plaintiffs were not due to acts or omissions of the Defendants and these defendants cannot be responsible as a matter of law.

## SIXTEENTH DEFENSE

Plaintiffs cannot make out a *prima facia* case of legal malpractice against these Defendants.

## SEVENTEENTH DEFENSE

The acts and/or omissions of persons or entities, other than these Defendants, for whom they can have no responsibility or liability, constitute an/the intervening or superseding cause which would relieve these Defendants of any liability to the Plaintiffs.

## EIGHTEENTH DEFENSE

These Defendant would adopt and incorporate the provisions of Mississippi law as to liability, if any, as a joint and/or several tortfeasor, and in the event that these Defendants are

determined to be liable, then such liability should be apportioned pursuant to the statute.

## NINETEENTH DEFENSE

Defendant Lucian Hodges is not a proper party to this action.

## TWENTIETH DEFENSE

Defendant Sam Gaillard Ladd, Jr. is not a proper party to this action.

## TWENTY FIRST DEFENSE

The Plaintiffs can not prove "but for" the negligence of the defendants they would have prevailed in the underlying litigation, *BancorpSouth Bank v. Sterling Dev. Co., LLC*. Because the Plaintiffs' breached their personal guaranty agreement with BancorpSouth, they could not have prevailed in *BancorpSouth Bank v. Sterling Dev. Co., LLC*. Therefore, these answering defendants specifically would show that the plaintiffs cannot prove a reasonable probability or even possibility of success in the underlying BancorpSouth suit against them.

## TWENTY SECOND DEFENSE

Any losses or damages incurred by the Plaintiffs were due to the default of Splash-Biloxi, LLC in its obligations to BancorpSouth Bank.

## TWENTY THIRD DEFENSE

Any losses or damages incurred by the Plaintiffs were due to the default of the Plaintiffs in their personal obligations to BancorpSouth on a guaranty agreement.

## TWENTY FOURTH DEFENSE

Plaintiffs' breach of their personal guaranty agreement with BancorpSouth was the sole proximate cause of any losses or damages sustained or incurred.

## TWENTY FIFTH DEFENSE

Plaintiff James Olin  retained independent legal counsel in December 2012 and discharged these Defendants.  Plaintiff Olin's independent legal counsel did not enter an appearance in the underlying litigation and took no action to have the Default Judgment set aside or to have the Motion to Set Aside Default Judgment set for hearing and his negligence was a proximate cause or proximate contributing cause of the damages, if any, sustained by Mr. Olin.    These answering defendants reserve the right to assert the negligence of the plaintiffs current counsel as the sole proximate cause of the plaintiffs damages and/or one who these defendants are entitled to assert an apportionment of fault.

## TWENTY SIXTH DEFENSE

After the Default Judgment was entered and a Motion to Set Aside Default Judgment was filed, Plaintiff James Olin personally or through his new counsel,  directed that the Defendants take no action to have the Motion to Set Aside Default Judgment set for hearing. The Plaintiffs (collectively and/or individually), therefore, consented,  acquiesced, agreed,  accepted, ratified and tacitly approved the Default Judgment.

## TWENTY SEVENTH DEFENSE

After the entry of the Default Judgment and Motion to Set Aside Default Judgment was filed, Plaintiff  James Olin personally or through his new counsel, directed that the Defendants take no action to have the Motion to Set Aside Default Judgment set for hearing.   Mr. Olin directed the Defendants not to contact the Court regarding the Motion to Set Aside Default Judgment.   By such conduct or action this Plaintiff should be estopped from claiming any damages or losses as a result of the Default Judgment or the failure to have the Default Judgment set aside.

### TWENTY EIGHTH DEFENSE

After entry of the Default Judgment and Motion to Set Aside Default Judgment was filed, Plaintiff John G. McNeil for himself and on behalf of Plaintiff John H. McNeil, Jr. directed the Defendants to take no action to have the Motion to Set Aside Default Judgment set for hearing. This Plaintiff (on behalf of them all) directed the Defendants not to schedule a hearing on the Motion to Set Aside Default Judgment. Plaintiffs John G. McNeil and John H. McNeil, Jr., therefore, consented, acquiesced, agreed, accepted, ratified and tacitly approved the Default Judgment.

### TWENTY NINTH DEFENSE

After entry of the Default Judgment and Motion to Set Aside Default Judgment was filed, Plaintiff John G. McNeil for himself and on behalf of all plaintiffs, directed the Defendants to take no action to have the Motion to Set Aside Default Judgment set for hearing. This Plaintiff directed the Defendants not to schedule a hearing on the Motion to Set Aside Default Judgment. Plaintiffs, specifically John G. McNeil and John H. McNeil, Jr., should be estopped from claiming any damages or losses as a result of the Default Judgment or the failure to have the Default Judgment set aside.

### THIRTIETH DEFENSE

After the Default Judgment was entitled and a Motion to Set Aside Default Judgment was filed, Plaintiffs, or some of them, settled with BancorpSouth. Counsel for BancorpSouth affirmatively asserted that any action on the part of the Defendants to set aside the Default Judgment was a violation of the settlement agreement with the Plaintiff and threatened to void the settlements with the Plaintiffs if the Motion to Set Aside Default Judgment was set for hearing. Defendants had been instructed by Plaintiffs or their counsel not to take any action which would impact or jeopardize

the Plaintiffs' settlement with the Bank.   Plaintiffs should be estopped from claiming they suffered

any damages as a result of the Default Judgment or the failure to have the Default Judgment set

aside.

### THIRTY FIRST DEFENSE

The Plaintiffs have settled any and all claims arising out of their personal guaranty agreement

with BancorpSouth.   The Plaintiffs should be estopped from claiming they suffered any damages

or losses as a result of the Default Judgment by virtue of this settlement.   Alternatively, the Plaintiffs

should be estopped from claiming they suffered any damages or losses as a result of any act or

omission of the Defendants.

### THIRTY SECOND DEFENSE

Any losses or damages sustained or incurred  by the Plaintiffs were proximately caused by

their breach of their personal guaranty agreement with BancorpSouth Bank and not as a result of any

act or omission of the Defendants.

### THIRTY THIRD DEFENSE

No Final Judgment was ever entered by the Court in *BancorpSouth Bank v. Sterling Dev.*

*Co., LLC.* against the Plaintiffs.

### THIRTY FOURTH DEFENSE

Plaintiffs have waived any and all claims as against the Defendants arising from the entry

of a Default Judgment by their conduct and/or actions.

### THIRTY FIFTH DEFENSE

Plaintiffs agreed and/or consented and/or ratified the entry of the Default Judgment by

their refusal to allow the Defendants to take action necessary to have the Default Judgment set

aside.

## <u>THIRTY SIXTH DEFENSE</u>

Plaintiffs suffered no damages as a result of the entry of the Default Judgment in the underlying action, and if damages were incurred, they were damages based upon obligations and commitments that arose independent of any actions or omissions on the part of these defendants.

WHEREFORE, these Defendants request that all claims asserted against them be dismissed and the Plaintiffs take nothing and that all costs of this action, including reasonable attorney fees, be taxed to the Plaintiffs.

RESPECTFULLY SUBMITTED,  this the 28th day of October, 2015.

LUTHER, COLLIER, HODGES & CASH, LLP;
LUCIEN HODGES; SAM GAILLARD LADD, JR.


BY: COPELAND, COOK, TAYLOR & BUSH, PA

BY:    s/<u>WILLIAM E. WHITFIELD, III</u>
Mississippi Bar No. 7161
s/<u>JAMES E. WELCH, JR.</u>
Mississippi Bar No. 7090

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2015, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

R. Hayes Johnson
rhayesj@gmail.com
**Attorney for Plaintiff**

I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participants: none

s/WILLIAM E. WHITFIELD, III
Mississippi Bar No. 7161
s/JAMES E. WELCH, JR.
Mississippi Bar No. 7090

William E. Whitfield, III.
James E. Welch, Jr.
COPELAND, COOK, TAYLOR, & BUSH, P.A.
2781 C.T. Switzer Sr. Drive, Suite 200
Biloxi, Mississippi 39531
P.O. Box 10
Gulfport, Mississippi 39502-0010
telephone (228) 863-6101
telecopier (228) 863-9526

IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
SECOND JUDICIAL DISTRICT

JAMES S. OLIN; JOHN G. MCNEIL; AND
JOHN A. MCNEIL, JR.                                                           **PLAINTIFFS**

VS.                                                        **CIVIL ACTION NO.: A2402-2015-97**

LUTHER, COLLIER, HODGES & CASH, LLP;
LUCIEN HODGES; SAM GAILLARD LADD, JR.;
AND JOHN DOES 1-10                                                         **DEFENDANTS**

---

### NOTICE OF SERVICE

---

TO:   R. Hayes Johnson
      rhayesj@gmail.com
      **Attorney for Plaintiff**

     Notice is hereby given, pursuant to Rule 5(d) MISS. R. CIV. P., that Luthier Collier,

Hodges & Cash, LLP, Defendants in the above styled and numbered cause, have this date served

in the above entitled action:

    (1)    First Set of Interrogatories to James Olin;
    (2)    First Set of Interrogatories to John G. McNeil;
    (3)    First Set of Interrogatories to John A. McNeil, Jr.;
    (4)    First Request for Production of Documents to James Olin;
    (5)    First Request for Production of Documents to John G. McNeil; and
    (6)    First Request for Production of Documents to John A. McNeil, Jr.

     The undersigned retains the original(s) of the above paper(s) as custodian thereof

pursuant to Rule 5(d) MISS. R. CIV. P.

RESPECTFULLY SUBMITTED,  this the 28th day of October, 2015.

LUTHER, COLLIER, HODGES & CASH, LLP;
LUCIEN HODGES; SAM GAILLARD LADD, JR.

BY: COPELAND, COOK, TAYLOR & BUSH, PA

BY:    s/WILLIAM E. WHITFIELD, III
       Mississippi Bar No. 7161
       s/JAMES E. WELCH, JR.
       Mississippi Bar No. 7090

Page 2 of 3
**NOTICE OF SERVICE**

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2015, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

> R. Hayes Johnson
> rhayesj@gmail.com
> **Attorney for Plaintiff**

I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participants: none

> s/WILLIAM E. WHITFIELD, III
> Mississippi Bar No. 7161
> s/JAMES E. WELCH, JR.
> Mississippi Bar No. 7090

William E. Whitfield, III.
James E. Welch, Jr.
COPELAND, COOK, TAYLOR, & BUSH, P.A.
2781 C.T. Switzer Sr. Drive, Suite 200
Biloxi, Mississippi 39531
P.O. Box 10
Gulfport, Mississippi  39502-0010
telephone (228) 863-6101
telecopier (228) 863-9526

IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
SECOND JUDICIAL DISTRICT

JAMES S. OLIN; JOHN G. MCNEIL; AND
JOHN A. MCNEIL, JR.                                              **PLAINTIFFS**

VS.                                           **CIVIL ACTION NO.: A2402-2015-97**

LUTHER, COLLIER, HODGES & CASH, LLP;
LUCIEN HODGES; SAM GAILLARD LADD, JR.;
AND JOHN DOES 1-10                                              **DEFENDANTS**

---

## NOTICE OF SERVICE

---

TO:   R. Hayes Johnson
      rhayesj@gmail.com
      **Attorney for Plaintiff**

     Notice is hereby given, pursuant to Rule 5(d) MISS. R. CIV. P., that Luthier Collier,

Hodges & Cash, LLP, Defendants in the above styled and numbered cause, have this date served

in the above entitled action:

(1)   Request for Admissions to James S. Olin;
(2)   Request for Admissions to John G. McNeil;
(3)   Request for Admissions to John A. McNeil, Jr.;
(4)   Second Set of Interrogatories & Request for Production of Documents to James S. Olin;
(5)   Second Set of Interrogatories & Request for Production of Documents to John G. McNeil; and
(6)   Second Set of Interrogatories & Request for Production of Documents to John A. McNeil, Jr.

     The undersigned retains the original(s) of the above paper(s) as custodian thereof

pursuant to Rule 5(d) MISS. R. CIV. P.

RESPECTFULLY SUBMITTED,  this the 30th day of October, 2015.

                        LUTHER, COLLIER, HODGES & CASH, LLP;
                        LUCIEN HODGES; SAM GAILLARD LADD, JR.

                        BY: COPELAND, COOK, TAYLOR & BUSH, PA

                        BY:     s/WILLIAM E. WHITFIELD, III
                                     Mississippi Bar No. 7161
                                     s/JAMES E. WELCH, JR.
                                     Mississippi Bar No. 7090

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2015, I electronically filed the foregoing with the Clerk

of the Court using the ECF system which sent notification of such filing to the following:

> R. Hayes Johnson
> rhayesj@gmail.com
> **Attorney for Plaintiff**

I hereby certify that I have mailed by United States Postal Service the document to the

following non-ECF participants: none

> s/WILLIAM E. WHITFIELD, III
> Mississippi Bar No. 7161
> s/JAMES E. WELCH, JR.
> Mississippi Bar No. 7090

William E. Whitfield, III.
James E. Welch, Jr.
COPELAND, COOK, TAYLOR, & BUSH, P.A.
2781 C.T. Switzer Sr. Drive, Suite 200
Biloxi, Mississippi 39531
P.O. Box 10
Gulfport, Mississippi 39502-0010
telephone (228) 863-6101
telecopier (228) 863-9526

## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
## SECOND JUDICIAL DISTRICT

JAMES S. OLIN; JOHN G. MCNEIL; AND
JOHN A. MCNEIL, JR.                                              **PLAINTIFFS**

VS.                                          **CIVIL ACTION NO.: A2402-2015-97**

LUTHER, COLLIER, HODGES & CASH, LLP;
LUCIEN HODGES; SAM GAILLARD LADD, JR.;
AND JOHN DOES 1-10                                              **DEFENDANTS**

---

### NOTICE OF DEPOSITION OF JAMES S. OLIN

---

TO:   R. Hayes Johnson
      rhayesj@gmail.com
      **Attorney for Plaintiffs**

PLEASE TAKE NOTICE that Defendants Luther, Collier, Hodges & Cash, LLP, in the

above styled and numbered cause, will take the video and/or stenographic deposition upon oral

examination of **James S. Olin** on January 20, 2016 beginning at 9:00 a.m. at the offices of Copeland,

Cook, Taylor & Bush, P.A., 2781 C.T. Switzer Sr. Drive, Suite 200,  Biloxi, Mississippi 39531

before an officer authorized to administer oaths. The oral examination will continue from day to day

until completed.  You are invited to attend, if you so desire, as an attorney of record.

Respectfully submitted, this the 25th day of November, 2015.

LUTHIER, COLLIER, HODGES & CASH, LLP;
LUCIEN HODGES; SAM GAILLARD LADD, JR.

BY: COPELAND, COOK, TAYLOR & BUSH, P.A.
BY:    s/WILLIAM E. WHITFIELD, III
       Mississippi Bar No. 7161
       s/ JAMES E. WELCH, JR.
       Mississippi Bar No. 7090

Page 1 of 2
**NOTICE OF DEPOSITION OF JAMES S. OLIN**

## CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2015, I electronically mailed the foregoing to the following:

R. Hayes Johnson
rhayesj@gmail.com
**Attorney for Plaintiff**

I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participants: none

s/WILLIAM E. WHITFIELD, III
Mississippi Bar No. 7161
s/JAMES E. WELCH, JR.
Mississippi Bar No. 7090

William E. Whitfield, III.
James E. Welch, Jr.
COPELAND, COOK, TAYLOR, & BUSH, P.A.
2781 C.T. Switzer Sr. Drive, Suite 200
Biloxi, Mississippi 39531
P.O. Box 10
Gulfport, Mississippi 39502-0010
telephone (228) 863-6101
telecopier (228) 863-9526

## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
### SECOND JUDICIAL DISTRICT

JAMES S. OLIN; JOHN G. MCNEIL; AND
JOHN A. MCNEIL, JR.                                                    **PLAINTIFFS**

VS.                                          **CIVIL ACTION NO.: A2402-2015-97**

LUTHER, COLLIER, HODGES & CASH, LLP;
LUCIEN HODGES; SAM GAILLARD LADD, JR.;
AND JOHN DOES 1-10                                                     **DEFENDANTS**

---

### NOTICE OF DEPOSITION OF JOHN G. MCNEIL

---

TO:    R. Hayes Johnson
       rhayesj@gmail.com
       **Attorney for Plaintiffs**

PLEASE TAKE NOTICE that Defendants Luther, Collier, Hodges & Cash, LLP, in the

above styled and numbered cause, will take the video and/or stenographic deposition upon oral

examination of **John G. McNeil** on January 21, 2016 beginning at 9:00 a.m. at the offices of

Copeland, Cook, Taylor & Bush, P.A., 2781 C.T. Switzer Sr. Drive, Suite 200, Biloxi, Mississippi

39531 before an officer authorized to administer oaths. The oral examination will continue from day

to day until completed. You are invited to attend, if you so desire, as an attorney of record.

Respectfully submitted, this the 25th day of November, 2015.

LUTHIER, COLLIER, HODGES & CASH, LLP;
LUCIEN HODGES; SAM GAILLARD LADD, JR.

BY: COPELAND, COOK, TAYLOR & BUSH, P.A.
BY:    s/WILLIAM E. WHITFIELD, III
       Mississippi Bar No. 7161
       s/ JAMES E. WELCH, JR.
       Mississippi Bar No. 7090

Page 1 of 2
**NOTICE OF DEPOSITION OF JOHN G. MCNEIL**

## CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2015, I electronically mailed the foregoing to the following:

R. Hayes Johnson
rhayesj@gmail.com
**Attorney for Plaintiff**

I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participants: none

s/WILLIAM E. WHITFIELD, III
Mississippi Bar No. 7161
s/JAMES E. WELCH, JR.
Mississippi Bar No. 7090

William E. Whitfield, III.
James E. Welch, Jr.
COPELAND, COOK, TAYLOR, & BUSH, P.A.
2781 C.T. Switzer Sr. Drive, Suite 200
Biloxi, Mississippi 39531
P.O. Box 10
Gulfport, Mississippi 39502-0010
telephone (228) 863-6101
telecopier (228) 863-9526

IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
SECOND JUDICIAL DISTRICT

JAMES S. OLIN; JOHN G. MCNEIL; AND
JOHN A. MCNEIL, JR.                                                    **PLAINTIFFS**

VS.                                              **CIVIL ACTION NO.: A2402-2015-97**

LUTHER, COLLIER, HODGES & CASH, LLP;
LUCIEN HODGES; SAM GAILLARD LADD, JR.;
AND JOHN DOES 1-10                                                    **DEFENDANTS**

---

## NOTICE OF DEPOSITION OF JOHN A. MCNEIL, JR.

---

TO:   R. Hayes Johnson
      rhayesj@gmail.com
      **Attorney for Plaintiffs**

PLEASE TAKE NOTICE that Defendants Luther, Collier, Hodges & Cash, LLP, in the above styled and numbered cause, will take the video and/or stenographic deposition upon oral examination of **John A. McNeil, Jr.** on January 22, 2016 beginning at 9:00 a.m. at the offices of Copeland, Cook, Taylor & Bush, P.A., 2781 C.T. Switzer Sr. Drive, Suite 200, Biloxi, Mississippi 39531 before an officer authorized to administer oaths. The oral examination will continue from day to day until completed. You are invited to attend, if you so desire, as an attorney of record.

Respectfully submitted, this the 25th day of November, 2015.

LUTHIER, COLLIER, HODGES & CASH, LLP;
LUCIEN HODGES; SAM GAILLARD LADD, JR.

BY: COPELAND, COOK, TAYLOR & BUSH, P.A.
BY:     s/WILLIAM E. WHITFIELD, III
        Mississippi Bar No. 7161
        s/ JAMES E. WELCH, JR.
        Mississippi Bar No. 7090

Page 1 of 2
NOTICE OF DEPOSITION OF JOHN A. MCNEIL, JR.

## CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2015, I electronically mailed the foregoing to the following:

R. Hayes Johnson
rhayesj@gmail.com
**Attorney for Plaintiff**

I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participants: none

s/WILLIAM E. WHITFIELD, III
Mississippi Bar No. 7161
s/JAMES E. WELCH, JR.
Mississippi Bar No. 7090

William E. Whitfield, III.
James E. Welch, Jr.
COPELAND, COOK, TAYLOR, & BUSH, P.A.
2781 C.T. Switzer Sr. Drive, Suite 200
Biloxi, Mississippi 39531
P.O. Box 10
Gulfport, Mississippi  39502-0010
telephone (228) 863-6101
telecopier (228) 863-9526

**IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
SECOND JUDICIAL DISTRICT**

JAMES S. OLIN; JOHN G. MCNEIL; AND
JOHN A. MCNEIL, JR.                                                    **PLAINTIFFS**

VS.                                            CIVIL ACTION NO.: A2402-2015-97

LUTHER, COLLIER, HODGES & CASH, LLP;
LUCIEN HODGES; SAM GAILLARD LADD, JR.;
AND JOHN DOES 1-10                                                    **DEFENDANTS**

<u>NOTICE OF SERVICE</u>

TO:   James E. Welch, Jr.
      COPELAND, COOK, TAYLOR, & BUSH, PA
      P O Box 10
      Gulfport, Mississippi 39502-0010
      jwelch@cctb.com

          COME NOW the Plaintiffs, James S. Olin, John G. McNeil, and John A. McNeil, Jr., by

and through their attorney, and hereby give notice to the Court that the above-named counsel was

served with a copy of the following discovery documents on the 1st Day of December, 2015, in

the above-entitled action, to wit: PLAINTIFFS' RESPONSES TO DEFENDANTS' REQUEST

FOR ADMISSIONS.

          Notice is further given that the undersigned will retain, as custodian, the original of the

aforementioned documents.

          Dated, this the 7th Day of December, 2015.

                    Respectfully submitted,

                              JAMES S. OLIN, JOHN G. MCNEIL, AND JOHN A. MCNEIL

          BY:   **JOHNSON LAW PRACTICE, PLLC**

                    s/R. Hayes Johnson, Jr.

## CERTIFICATE OF SERVICE

I, R. Hayes Johnson, Jr., attorney for JAMES S. OLIN; JOHN G. MCNEIL; AND JOHN

A. MCNEIL, JR., Plaintiffs in the above styled and numbered cause, do hereby certify that I

electronically filed the foregoing with the Clerk of the Court using the MEC system, which

electronically served the following attorney(s):

> James E. Welch, Jr.
> COPELAND, COOK, TAYLOR, & BUSH, PA
> P O Box 10
> Gulfport, Mississippi 39502-0010
> jwelch@cctb.com

This the 7th Day of December, 2015.

> /s/ *R. HAYES JOHNSON, JR.*
> R. Hayes Johnson, Jr.
> MSB No. 10697

JOHNSON LAW PRACTICE, PLLC
R. Hayes Johnson, Jr. (MSB #10697)
P O Box 717, Long Beach MS 39560
1902 21st Avenue, Gulfport MS 39501
228.868.5499 office/888.647.3665 Fax
rhayesj@gmail.com

IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
SECOND JUDICIAL DISTRICT

JAMES S. OLIN; JOHN G. MCNEIL; AND
JOHN A. MCNEIL, JR.                                              **PLAINTIFFS**

VS.                                    CIVIL ACTION NO.: A2402-2015-97

LUTHER, COLLIER, HODGES & CASH, LLP;
LUCIEN HODGES; SAM GAILLARD LADD, JR.;
AND JOHN DOES 1-10                                              **DEFENDANTS**

---

## AMENDED NOTICE OF DEPOSITION OF JAMES S. OLIN

---

TO:    R. Hayes Johnson
       rhayesj@gmail.com
       **Attorney for Plaintiffs**

PLEASE TAKE NOTICE that Defendants Luther, Collier, Hodges & Cash, LLP, in the above styled and numbered cause, will take the video and/or stenographic deposition upon oral examination of **James S. Olin** on January 20, 2016 beginning at 9:00 a.m. at the offices of Copeland, Cook, Taylor & Bush, P.A., 2781 C.T. Switzer Sr. Drive, Suite 200, Biloxi, Mississippi 39531 before an officer authorized to administer oaths. The oral examination will continue from day to day until completed. You are invited to attend, if you so desire, as an attorney of record.

Pursuant to Rule 34 of the Mississippi Rules of Civil Procedure, James S. Olin is requested to produce at the time and place of the deposition, the following documents and tangible things:

1.    All documents and/or other tangible things including exhibits you may or will introduce or use at the trial of this cause.

2.      All correspondence, memos, e-mail, faxes, texts, or other written communication or documents which support or tend to support the allegations of the Complaint (including electronically stored information stored in any medium from which information can be obtained).

3.      All correspondence, memos, e-mail, faxes, texts, or other written communication or documents (including electronically stored information stored in any medium from which information can be obtained) to or from James S. Olin, John G. McNeil and/or John A. McNeil, Jr. relative to the default on the commercial loans made to Splash-Biloxi, LLC. and your personal guaranty(s).

4.      All correspondence, memos, e-mail, faxes, texts, or other written communication or documents (including electronically stored information stored in any medium from which information can be obtained) to or from you and BankcorpSouth, its agents, servants, employees, and attorneys relative to the default on the commercial loans made to Splash-Biloxi, LLC. and the personal guaranty of James S. Olin, John G. McNeil, and/or John A. McNeil, Jr.

5.      All correspondence, memos, e-mail, faxes, texts, or other written communication or documents (including electronically stored information stored in any medium from which information can be obtained) to or from James S. Olin, John G. McNeil and/or John A. McNeil, Jr. relative to *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

6.      All correspondence, memos, e-mail, faxes, texts, or other written communication or documents (including electronically stored information stored in any medium from which information can be obtained) between you and anyone else relative to *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

7.     All documents, correspondence, e-mails, faxes, texts or other written communications, (including electronically stored information stored in any medium from which information can be obtained) to or from you relative to the claims of professional negligence of the Defendants.

8.     All documents, correspondence, e-mails, faxes, texts or other written communications or documents (including electronically stored information stored in any medium from which information can be obtained) supporting the allegations of the Complaint that the Defendants committed legal malpractice.

9.     All documents, correspondence, memorandum, e-mails, faxes, texts, or other written communications or documents (including electronically stored information stored in any medium from which information can be obtained) reflecting instructions to Luther, Collier, Hodges & Cash, LLP, Lucian Hodges, and/or Sam Gaillard Ladd, Jr., regarding the default judgment, motion to set aside default judgment, or the hearing on the motion to set aside default judgment in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

10.     All documents, correspondence, memorandum, e-mails, faxes, texts, or other written communications or documents (including electronically stored information stored in any medium from which information can be obtained) reflecting the scope of Luther, Collier, Hodges & Cash, LLP,'s representation of you in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

11.     All documents, correspondence, memorandum, e-mails, faxes, texts, or other communications or documents (including electronically stored information stored in any medium from which information can be obtained) relating to your retention, engagement, or employment of

legal counsel in *BancorpSouth Bank v. Sterling Dev. Co., LLC.* other than Luther, Collier, Hodges & Cash, LLP.

12.   All documents, correspondence, memorandum, e-mails, faxes, texts, or other communications or documents (including electronically stored information stored in any medium from which information can be obtained) reflecting actions taken after the discharge of Luther, Collier, Hodges & Cash, LLP, as counsel in the underlying action to have the default judgment set aside or to set the motion to set aside default judgment for hearing.

13.   All communications, correspondence, memos, e-mails, texts, or other forms of written communication or documents( including electronically stored information stored in any medium from which information can be obtained) relating to your personal guaranty(s) described in the Complaint including nonpayment thereof.

14.   All communications, correspondence, memos, e-mails, texts, or other forms of written communication or documents ( including electronically stored information stored in any medium from which information can be obtained) between you and Luther, Collier, Hodges & Cash, LLP or its member or employees prior to entry of default judgment in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

15.   All communications, correspondence, memos, e-mails, texts, or other forms of written communication or documents ( including electronically stored information stored in any medium from which information can be obtained) between you and Luther, Collier, Hodges & Cash, LLP or its member or employees subsequent to entry of default judgment in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

16.    All communications, correspondence, memos, e-mails, texts, or other forms of written communication or documents (including electronically stored information stored in any medium from which information can be obtained) between you and BancorpSouth Bank, its agents, servants, and employees prior to entry of default judgment in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

17.    All communications, correspondence, memos, e-mails, texts, or other forms of written communication or documents (including electronically stored information stored in any medium from which information can be obtained) between you and BancorpSouth Bank, its agents, servants, and employees subsequent to entry of default judgment in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

18.    All communications, correspondence, memos, e-mails, texts, or other forms of written communication or documents ( including electronically stored information stored in any medium from which information can be obtained) between you, John G. McNeil and/or John A. McNeil, Jr. subsequent to entry of default judgment in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

19.    All communications, correspondence, memos, e-mails, tests, or other forms of written communication or documents (including electronically stored information stored in any medium from which information can be obtained) between you or anyone acting on your behalf and any other person or entity regarding the default judgment in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

20.    All documents, (including electronically stored information stored in any medium from which information can be obtained) reflecting any defense to the action filed against you in *BancorpSouth Bank v. Sterling Dev. Co., LLC.* on your personal guaranty(s).

21.    All communications, correspondence, memos, e-mails, texts, or other written communication or documents, (including electronically stored information stored in any medium

from which information can be obtained) between you  or anyone acting on his behalf and BancorpSouth, its agents, servants, employees and attorneys  regarding the commercial loans made to Splash-Biloxi, LLC. and your personal guaranty(s) after entry of the default judgment in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

22.   All communications, correspondence, memos, e-mails, texts,  or other written communication or documents ( including electronically stored information stored in any medium from which information can be obtained) between you or anyone acting on your behalf and any other person or entity regarding the alleged legal malpractice of Luther, Collier, Hodges & Cash, LLP, Lucian Hodges, and/or  Sam Gaillard Ladd, Jr.

23.   All internal memorandum, notes, texts, e-mails, telephone call records, correspondence, diaries, files or records ( including electronically stored information stored in any medium from which information can be obtained)  relating to the commercial loans made to Splash-Biloxi, LLC. and your personal guaranty(s).

24.   All communications, correspondence, memos, e-mails, texts,  or other written communication or documents (including electronically stored information stored in any medium from which information can be obtained) reflecting or referring or relating  to the failure  to repay the  commercial loans made to Splash-Biloxi, LLC. and your personal guaranty(s).

25.   All communications, correspondence, memos, e-mails, texts,  or other written communication or documents (including electronically stored information stored in any medium from which information can be obtained)  reflecting or referring or relating  to efforts by BancorpSouth to collect the $1.9 million judgment referred to in paragraph 15 of the Complaint.

26.     All communications, correspondence, memos, e-mails, texts, or other written communication or documents (including electronically stored information stored in any medium from which information can be obtained) reflecting or referring or relating to payment, in whole or in part, of the amounts sought in *BancorpSouth Bank v. Sterling Dev. Co., LLC*.

27.     All documents, including settlement agreements, memorandum of understanding, releases, covenants not to sue, settlement check, or similar documents reflecting the settlement between BancorpSouth and you of the claims asserted in *BancorpSouth Bank v. Sterling Dev. Co., LLC*.

28.     All documents, correspondence, memorandum, e-mails, faxes, texts, or other communications (including electronically stored information stored in any medium from which information can be obtained) which evidences that "but for" the negligence of Luther, Collier, Hodges & Cash, LLP, Lucian Hodges, and/or Sam Gaillard Ladd, Jr., you would have prevailed in *BancorpSouth Bank v. Sterling Dev. Co., LLC*.

29.     All documents, correspondence, memorandum, e-mails, faxes, texts, or other communications (including electronically stored information stored in any medium from which information can be obtained) which evidences any defenses possessed by you in *BancorpSouth Bank v. Sterling Dev. Co., LLC*. on your personal guaranty(s).

30.     All documents, correspondence, memorandum, e-mails, faxes, texts, or other communications (including electronically stored information stored in any medium from which information can be obtained) which demonstrates that you could have prevailed in *BancorpSouth Bank v. Sterling Dev. Co., LLC*.

31.     All documents (including electronically stored information stored in any medium from which information can be obtained) evidencing that damages or losses incurred by you were proximately caused by the alleged negligence of Luther, Collier, Hodges & Cash, LLP, Lucian Hodges, and/or Sam Gaillard Ladd, Jr.

32.     All reports, conclusions, and opinions of any expert witness retained or employed by the Plaintiff who is expected to testify at trial.

Respectfully submitted, this the 8th day of December, 2015.

LUTHIER, COLLIER, HODGES & CASH, LLP;
LUCIEN HODGES; SAM GAILLARD LADD, JR.

BY: COPELAND, COOK, TAYLOR & BUSH, P.A.

BY:     s/WILLIAM E. WHITFIELD, III
        Mississippi Bar No. 7161
        s/ JAMES E. WELCH, JR.
        Mississippi Bar No. 7090

## CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2015, I electronically mailed the foregoing to the following:

> R. Hayes Johnson
> rhayesj@gmail.com
> **Attorney for Plaintiff**

I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participants: none

> s/WILLIAM E. WHITFIELD, III
> Mississippi Bar No. 7161
> s/JAMES E. WELCH, JR.
> Mississippi Bar No. 7090

William E. Whitfield, III.
James E. Welch, Jr.
COPELAND, COOK, TAYLOR, & BUSH, P.A.
2781 C.T. Switzer Sr. Drive, Suite 200
Biloxi, Mississippi 39531
P.O. Box 10
Gulfport, Mississippi 39502-0010
telephone (228) 863-6101
telecopier (228) 863-9526

IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
SECOND JUDICIAL DISTRICT

JAMES S. OLIN; JOHN G. MCNEIL; AND
JOHN A. MCNEIL, JR.                                                    **PLAINTIFFS**

VS.                                          **CIVIL ACTION NO.: A2402-2015-97**

LUTHER, COLLIER, HODGES & CASH, LLP;
LUCIEN HODGES; SAM GAILLARD LADD, JR.;
AND JOHN DOES 1-10                                                     **DEFENDANTS**

---

### AMENDED NOTICE OF DEPOSITION OF JOHN G. MCNEIL

---

TO:   R. Hayes Johnson
      rhayesj@gmail.com
      **Attorney for Plaintiffs**

PLEASE TAKE NOTICE that Defendants Luther, Collier, Hodges & Cash, LLP, in the above styled and numbered cause, will take the video and/or stenographic deposition upon oral examination of **John G. McNeil** on January 21, 2016 beginning at 9:00 a.m. at the offices of Copeland, Cook, Taylor & Bush, P.A., 2781 C.T. Switzer Sr. Drive, Suite 200, Biloxi, Mississippi 39531 before an officer authorized to administer oaths. The oral examination will continue from day to day until completed. You are invited to attend, if you so desire, as an attorney of record.

Pursuant to Rule 34 of the Mississippi Rules of Civil Procedure, John G. McNeil is requested to produce at the time and place of the deposition, the following documents and tangible things:

1.      All documents and/or other tangible things including exhibits you may or will introduce or use at the trial of this cause.

2.      All correspondence, memos, e-mail, faxes, texts, or other written communication or documents which support or tend to support the allegations of the Complaint (including electronically stored information stored in any medium from which information can be obtained).

3.      All correspondence, memos, e-mail, faxes, texts, or other written communication or documents (including electronically stored information stored in any medium from which information can be obtained) to or from James S. Olin, John G. McNeil and/or John A. McNeil, Jr. relative to the default on the commercial loans made to Splash-Biloxi, LLC. and your personal guaranty(s).

4.      All correspondence, memos, e-mail, faxes, texts, or other written communication or documents (including electronically stored information stored in any medium from which information can be obtained) to or from you and BankcorpSouth, its agents, servants, employees, and attorneys relative to the default on the commercial loans made to Splash-Biloxi, LLC. and the personal guaranty of James S. Olin, John G. McNeil, and/or John A. McNeil, Jr.

5.      All correspondence, memos, e-mail, faxes, texts, or other written communication or documents (including electronically stored information stored in any medium from which information can be obtained) to or from James S. Olin, John G. McNeil and/or John A. McNeil, Jr. relative to *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

6.      All correspondence, memos, e-mail, faxes, texts, or other written communication or documents (including electronically stored information stored in any medium from which information can be obtained) between you and anyone else relative to *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

7.      All documents, correspondence, e-mails, faxes, texts or other written communications, (including electronically stored information stored in any medium from which information can be obtained) to or from you relative to the claims of professional negligence of the Defendants.

8.      All documents, correspondence, e-mails, faxes, texts or other written communications or documents (including electronically stored information stored in any medium from which information can be obtained) supporting the allegations of the Complaint that the Defendants committed legal malpractice.

9.      All documents, correspondence, memorandum, e-mails, faxes, texts, or other written communications or documents (including electronically stored information stored in any medium from which information can be obtained) reflecting instructions to Luther, Collier, Hodges & Cash, LLP, Lucian Hodges, and/or Sam Gaillard Ladd, Jr., regarding the default judgment, motion to set aside default judgment, or the hearing on the motion to set aside default judgment in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

10.     All documents, correspondence, memorandum, e-mails, faxes, texts, or other written communications or documents (including electronically stored information stored in any medium from which information can be obtained) reflecting the scope of Luther, Collier, Hodges & Cash, LLP,'s representation of you in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

11.     All documents, correspondence, memorandum, e-mails, faxes, texts, or other communications or documents (including electronically stored information stored in any medium from which information can be obtained) relating to your retention, engagement, or employment of

legal counsel in *BancorpSouth Bank v. Sterling Dev. Co., LLC.* other than Luther, Collier, Hodges & Cash, LLP.

12.    All documents, correspondence, memorandum, e-mails, faxes, texts, or other communications or documents (including electronically stored information stored in any medium from which information can be obtained) reflecting actions taken after the discharge of Luther, Collier, Hodges & Cash, LLP, as counsel in the underlying action to have the default judgment set aside or to set the motion to set aside default judgment for hearing.

13.    All communications, correspondence, memos, e-mails, texts, or other forms of written communication or documents( including electronically stored information stored in any medium from which information can be obtained) relating to your personal guaranty(s) described in the Complaint including nonpayment thereof.

14.    All communications, correspondence, memos, e-mails, texts, or other forms of written communication or documents ( including electronically stored information stored in any medium from which information can be obtained) between you and Luther, Collier, Hodges & Cash, LLP or its member or employees prior to entry of default judgment in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

15.    All communications, correspondence, memos, e-mails, texts, or other forms of written communication or documents ( including electronically stored information stored in any medium from which information can be obtained) between you and Luther, Collier, Hodges & Cash, LLP or its member or employees subsequent to entry of default judgment in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

16.     All communications, correspondence, memos, e-mails, texts, or other forms of written communication or documents  (including electronically stored information stored in any medium from which information can be obtained) between you and BancorpSouth Bank, its agents, servants, and employees prior to entry of default judgment in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

17.     All communications, correspondence, memos, e-mails, texts, or other forms of written communication or documents  (including electronically stored information stored in any medium from which information can be obtained) between you and BancorpSouth Bank, its agents, servants, and employees  subsequent to entry of default judgment in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

18.     All communications, correspondence, memos, e-mails, texts, or other forms of written communication or documents ( including electronically stored information stored in any medium from which information can be obtained)  between you, John G. McNeil and/or John A. McNeil, Jr. subsequent to entry of default judgment in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

19.     All communications, correspondence, memos, e-mails, tests, or other forms of written communication or documents  (including electronically stored information stored in any medium from which information can be obtained) between you or anyone acting on your behalf and any other person or entity regarding the default judgment in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

20.     All  documents, (including electronically stored information stored in any medium from which information can be obtained) reflecting any defense to the action filed against you in *BancorpSouth Bank v. Sterling Dev. Co., LLC.* on your personal guaranty(s).

21.     All communications,  correspondence, memos, e-mails, texts,  or other written communication or documents, (including electronically stored information stored in any medium

from which information can be obtained) between you  or anyone acting on his behalf and BancorpSouth, its agents, servants, employees and attorneys  regarding the commercial loans made to Splash-Biloxi, LLC. and your personal guaranty(s) after entry of the default judgment in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

22.   All communications, correspondence, memos, e-mails, texts,  or other written communication or documents ( including electronically stored information stored in any medium from which information can be obtained) between you or anyone acting on your behalf and any other person or entity regarding the alleged legal malpractice of Luther, Collier, Hodges & Cash, LLP, Lucian Hodges, and/or  Sam Gaillard Ladd, Jr.

23.   All internal memorandum, notes, texts, e-mails, telephone call records, correspondence, diaries, files or records ( including electronically stored information stored in any medium from which information can be obtained)  relating to the commercial loans made to Splash-Biloxi, LLC. and your personal guaranty(s).

24.   All communications, correspondence, memos, e-mails, texts,  or other written communication or documents (including electronically stored information stored in any medium from which information can be obtained) reflecting or referring or relating  to the failure  to repay the  commercial loans made to Splash-Biloxi, LLC. and your personal guaranty(s).

25.   All communications, correspondence, memos, e-mails, texts,  or other written communication or documents (including electronically stored information stored in any medium from which information can be obtained)  reflecting or referring or relating  to efforts by BancorpSouth to collect the $1.9 million judgment referred to in paragraph 15 of the Complaint.

26.    All communications, correspondence, memos, e-mails, texts,  or other written communication or documents (including electronically stored information stored in any medium from which information can be obtained)  reflecting or referring or relating to payment, in whole or in part, of the amounts sought in *BancorpSouth Bank v. Sterling Dev. Co., LLC*.

27.    All documents, including settlement agreements, memorandum of understanding, releases, covenants not to sue, settlement check, or similar documents  reflecting  the settlement between BancorpSouth and you of the claims asserted in *BancorpSouth Bank v. Sterling Dev. Co., LLC*.

28.    All documents, correspondence, memorandum, e-mails, faxes, texts, or other communications (including electronically stored information stored in any medium from which information can be obtained) which evidences that "but for" the negligence of  Luther, Collier, Hodges & Cash, LLP, Lucian Hodges, and/or  Sam Gaillard Ladd, Jr., you would have prevailed in *BancorpSouth Bank v. Sterling Dev. Co., LLC*.

29.    All documents, correspondence, memorandum, e-mails, faxes, texts, or other communications (including electronically stored information stored in any medium from which information can be obtained) which evidences any defenses possessed by you in *BancorpSouth Bank v. Sterling Dev. Co., LLC*. on your personal guaranty(s).

30.    All documents, correspondence, memorandum, e-mails, faxes, texts, or other communications (including electronically stored information stored in any medium from which information can be obtained) which demonstrates that you could have prevailed in *BancorpSouth Bank v. Sterling Dev. Co., LLC*.

31.    All documents (including electronically stored information stored in any medium from which information can be obtained) evidencing that  damages or losses  incurred by you were proximately caused by the alleged negligence of  Luther, Collier, Hodges & Cash, LLP, Lucian Hodges, and/or  Sam Gaillard Ladd, Jr.

32.    All reports, conclusions, and opinions of any expert witness retained or employed by the Plaintiff who is expected to testify at trial.

Respectfully submitted, this the 8th day of December, 2015.

LUTHIER, COLLIER, HODGES & CASH, LLP;
LUCIEN HODGES; SAM GAILLARD LADD, JR.

BY: COPELAND, COOK, TAYLOR & BUSH, P.A

BY:     s/WILLIAM E. WHITFIELD, III
          Mississippi Bar No. 7161
          s/ JAMES E. WELCH, JR.
          Mississippi Bar No. 7090

## CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2015, I electronically mailed the foregoing to the following:

> R. Hayes Johnson
> rhayesj@gmail.com
> **Attorney for Plaintiff**

I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participants: none

> s/WILLIAM E. WHITFIELD, III
> Mississippi Bar No. 7161
> s/JAMES E. WELCH, JR.
> Mississippi Bar No. 7090

William E. Whitfield, III.
James E. Welch, Jr.
COPELAND, COOK, TAYLOR, & BUSH, P.A.
2781 C.T. Switzer Sr. Drive, Suite 200
Biloxi, Mississippi 39531
P.O. Box 10
Gulfport, Mississippi 39502-0010
telephone (228) 863-6101
telecopier (228) 863-9526

IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
SECOND JUDICIAL DISTRICT

JAMES S. OLIN; JOHN G. MCNEIL; AND
JOHN A. MCNEIL, JR.                                              **PLAINTIFFS**

VS.                                          **CIVIL ACTION NO.: A2402-2015-97**

LUTHER, COLLIER, HODGES & CASH, LLP;
LUCIEN HODGES; SAM GAILLARD LADD, JR.;
AND JOHN DOES 1-10                                              **DEFENDANTS**

---

### AMENDED NOTICE OF DEPOSITION OF JOHN A. MCNEIL, JR.

---

TO:   R. Hayes Johnson
      rhayesj@gmail.com
      **Attorney for Plaintiffs**

PLEASE TAKE NOTICE that Defendants Luther, Collier, Hodges & Cash, LLP, in the above styled and numbered cause, will take the video and/or stenographic deposition upon oral examination of **John A. McNeil, Jr.** on January 22, 2016 beginning at 9:00 a.m. at the offices of Copeland, Cook, Taylor & Bush, P.A., 2781 C.T. Switzer Sr. Drive, Suite 200, Biloxi, Mississippi 39531 before an officer authorized to administer oaths. The oral examination will continue from day to day until completed. You are invited to attend, if you so desire, as an attorney of record.

Pursuant to Rule 34 of the Mississippi Rules of Civil Procedure, John A. McNeil, Jr. is requested to produce at the time and place of the deposition, the following documents and tangible things:

1.      All documents and/or other tangible things including exhibits you may or will introduce or use at the trial of this cause.

2.      All correspondence, memos, e-mail, faxes, texts, or other written communication or documents which support or tend to support the allegations of the Complaint (including electronically stored information stored in any medium from which information can be obtained).

3.      All correspondence, memos, e-mail, faxes, texts, or other written communication or documents (including electronically stored information stored in any medium from which information can be obtained) to or from James S. Olin, John G. McNeil and/or John A. McNeil, Jr. relative to the default on the commercial loans made to Splash-Biloxi, LLC. and your personal guaranty(s).

4.      All correspondence, memos, e-mail, faxes, texts, or other written communication or documents (including electronically stored information stored in any medium from which information can be obtained) to or from you and BankcorpSouth, its agents, servants, employees, and attorneys relative to the default on the commercial loans made to Splash-Biloxi, LLC. and the personal guaranty of James S. Olin, John G. McNeil, and/or John A. McNeil, Jr.

5.      All correspondence, memos, e-mail, faxes, texts, or other written communication or documents (including electronically stored information stored in any medium from which information can be obtained) to or from James S. Olin, John G. McNeil and/or John A. McNeil, Jr. relative to *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

6.      All correspondence, memos, e-mail, faxes, texts, or other written communication or documents (including electronically stored information stored in any medium from which information can be obtained) between you and anyone else relative to *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

7.     All documents, correspondence, e-mails, faxes, texts or other written communications, (including electronically stored information stored in any medium from which information can be obtained) to or from you relative to the claims of professional negligence of the Defendants.

8.     All documents, correspondence, e-mails, faxes, texts or other written communications or documents (including electronically stored information stored in any medium from which information can be obtained) supporting the allegations of the Complaint that the Defendants committed legal malpractice.

9.     All documents, correspondence, memorandum, e-mails, faxes, texts, or other written communications or documents (including electronically stored information stored in any medium from which information can be obtained) reflecting instructions to Luther, Collier, Hodges & Cash, LLP, Lucian Hodges, and/or Sam Gaillard Ladd, Jr., regarding the default judgment,  motion to set aside default judgment, or the hearing on the motion to set aside default judgment in *BancorpSouth Bank v. Sterling Dev. Co., LLC*.

10.     All documents, correspondence, memorandum, e-mails, faxes, texts, or other written communications or documents (including electronically stored information stored in any medium from which information can be obtained) reflecting the scope of  Luther, Collier, Hodges & Cash, LLP,'s representation of you in *BancorpSouth Bank v. Sterling Dev. Co., LLC*.

11.     All documents, correspondence, memorandum, e-mails, faxes, texts, or other communications or documents (including electronically stored information stored in any medium from which information can be obtained) relating to your retention, engagement, or employment of

legal counsel in *BancorpSouth Bank v. Sterling Dev. Co., LLC.* other than Luther, Collier, Hodges & Cash, LLP.

12.    All documents, correspondence, memorandum, e-mails, faxes, texts, or other communications or documents (including electronically stored information stored in any medium from which information can be obtained) reflecting actions taken after the discharge of Luther, Collier, Hodges & Cash, LLP, as counsel in the underlying action to have the default judgment set aside or to set the motion to set aside default judgment for hearing.

13.    All communications, correspondence, memos, e-mails, texts, or other forms of written communication or documents( including electronically stored information stored in any medium from which information can be obtained) relating to your  personal guaranty(s) described in the Complaint including nonpayment thereof.

14.    All communications, correspondence, memos, e-mails, texts, or other forms of written communication or documents ( including electronically stored information stored in any medium from which information can be obtained) between you and Luther, Collier, Hodges & Cash, LLP or its member or employees prior to entry of default judgment in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

15.    All communications, correspondence, memos, e-mails, texts, or other forms of written communication or documents ( including electronically stored information stored in any medium from which information can be obtained) between you and Luther, Collier, Hodges & Cash, LLP or its member or employees subsequent to entry of default judgment in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

16.    All communications, correspondence, memos, e-mails, texts, or other forms of written communication or documents (including electronically stored information stored in any medium from which information can be obtained) between you and BancorpSouth Bank, its agents, servants, and employees prior to entry of default judgment in *BancorpSouth Bank v. Sterling Dev. Co., LLC*.

17.    All communications, correspondence, memos, e-mails, texts, or other forms of written communication or documents (including electronically stored information stored in any medium from which information can be obtained) between you and BancorpSouth Bank, its agents, servants, and employees subsequent to entry of default judgment in *BancorpSouth Bank v. Sterling Dev. Co., LLC*.

18.    All communications, correspondence, memos, e-mails, texts, or other forms of written communication or documents ( including electronically stored information stored in any medium from which information can be obtained) between you, John G. McNeil and/or John A. McNeil, Jr. subsequent to entry of default judgment in *BancorpSouth Bank v. Sterling Dev. Co., LLC*.

19.    All communications, correspondence, memos, e-mails, tests, or other forms of written communication or documents (including electronically stored information stored in any medium from which information can be obtained) between you or anyone acting on your behalf and any other person or entity regarding the default judgment in *BancorpSouth Bank v. Sterling Dev. Co., LLC*.

20.    All documents, (including electronically stored information stored in any medium from which information can be obtained) reflecting any defense to the action filed against you in *BancorpSouth Bank v. Sterling Dev. Co., LLC*. on your personal guaranty(s).

21.    All communications, correspondence, memos, e-mails, texts, or other written communication or documents, (including electronically stored information stored in any medium

from which information can be obtained) between you  or anyone acting on his behalf and BancorpSouth, its agents, servants, employees and attorneys  regarding the commercial loans made to Splash-Biloxi, LLC. and your personal guaranty(s) after entry of the default judgment in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

22.    All communications, correspondence, memos, e-mails, texts,  or other written communication or documents ( including electronically stored information stored in any medium from which information can be obtained) between you or anyone acting on your behalf and any other person or entity regarding the alleged legal malpractice of Luther, Collier, Hodges & Cash, LLP, Lucian Hodges, and/or  Sam Gaillard Ladd, Jr.

23.   All internal memorandum, notes, texts, e-mails, telephone call records, correspondence, diaries, files or records ( including electronically stored information stored in any medium from which information can be obtained)  relating to the commercial loans made to Splash-Biloxi, LLC. and your personal guaranty(s).

24.   All  communications, correspondence, memos, e-mails, texts,  or other written communication or documents (including electronically stored information stored in any medium from which information can be obtained) reflecting or referring or relating  to the failure  to repay the  commercial loans made to Splash-Biloxi, LLC. and your personal guaranty(s).

25.    All  communications, correspondence, memos, e-mails, texts,  or other written communication or documents (including electronically stored information stored in any medium from  which  information  can  be  obtained)   reflecting  or  referring  or  relating   to  efforts  by BancorpSouth to collect the $1.9 million judgment referred to in paragraph 15 of the Complaint.

26.   All communications, correspondence, memos, e-mails, texts, or other written communication or documents (including electronically stored information stored in any medium from which information can be obtained) reflecting or referring or relating to payment, in whole or in part, of the amounts sought in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

27.   All documents, including settlement agreements, memorandum of understanding, releases, covenants not to sue, settlement check, or similar documents reflecting the settlement between BancorpSouth and you of the claims asserted in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

28.   All documents, correspondence, memorandum, e-mails, faxes, texts, or other communications (including electronically stored information stored in any medium from which information can be obtained) which evidences that "but for" the negligence of Luther, Collier, Hodges & Cash, LLP, Lucian Hodges, and/or Sam Gaillard Ladd, Jr., you would have prevailed in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

29.   All documents, correspondence, memorandum, e-mails, faxes, texts, or other communications (including electronically stored information stored in any medium from which information can be obtained) which evidences any defenses possessed by you in *BancorpSouth Bank v. Sterling Dev. Co., LLC.* on your personal guaranty(s).

30.   All documents, correspondence, memorandum, e-mails, faxes, texts, or other communications (including electronically stored information stored in any medium from which information can be obtained) which demonstrates that you could have prevailed in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

31.    All documents (including electronically stored information stored in any medium from which information can be obtained) evidencing that damages or losses incurred by you were proximately caused by the alleged negligence of Luther, Collier, Hodges & Cash, LLP, Lucian Hodges, and/or Sam Gaillard Ladd, Jr.

32.    All reports, conclusions, and opinions of any expert witness retained or employed by the Plaintiff who is expected to testify at trial.

Respectfully submitted, this the 8th day of December, 2015.

                                    LUTHIER, COLLIER, HODGES & CASH, LLP;
                                    LUCIEN HODGES; SAM GAILLARD LADD, JR.

                                    BY: COPELAND, COOK, TAYLOR & BUSH, P.A

                                    BY:    s/WILLIAM E. WHITFIELD, III
                                           Mississippi Bar No. 7161
                                           s/ JAMES E. WELCH, JR.
                                           Mississippi Bar No. 7090

Page 8 of 9
AMENDED NOTICE OF DEPOSITION OF JOHN A. MCNEIL, JR.

Case: 24CI2:15-cv-00097     Document #: 19     Filed: 12/08/2015     Page 8 of 9

## CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2015, I electronically mailed the foregoing to the following:

> R. Hayes Johnson
> rhayesj@gmail.com
> **Attorney for Plaintiff**

I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participants: none

> s/WILLIAM E. WHITFIELD, III
> Mississippi Bar No. 7161
> s/JAMES E. WELCH, JR.
> Mississippi Bar No. 7090

William E. Whitfield, III.
James E. Welch, Jr.
COPELAND, COOK, TAYLOR, & BUSH, P.A.
2781 C.T. Switzer Sr. Drive, Suite 200
Biloxi, Mississippi 39531
P.O. Box 10
Gulfport, Mississippi  39502-0010
telephone (228) 863-6101
telecopier (228) 863-9526

IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
SECOND JUDICIAL DISTRICT

JAMES S. OLIN; JOHN G. MCNEIL; AND
JOHN A. MCNEIL, JR.                                                                    **PLAINTIFFS**

**VERSUS**                                                    CIVIL ACTION NO.: A2402-2015-97

LUTHER, COLLIER, HODGES & CASH, LLP;
LUCIEN HODGES; SAM GAILLARD LADD, JR.;
AND JOHN DOES 1-10                                                               **DEFENDANTS**

---

## DEFENDANTS' MOTION TO COMPEL RESPONSES TO DISCOVERY AND MEMORANDUM OF AUTHORITIES IN SUPPORT THEREOF

---

COMES NOW Defendants Luther, Collier, Hodges & Cash, LLP, Lucian Hodges, and Sam

Gaillard Ladd, Jr., by and through their counsel of record, Copeland, Cook, Taylor & Bush, P.A and

files this their motion to compel responses to interrogatories and request for production of documents

and memorandum of authorities in support thereof and would show unto the Court the following:

1.

This action was filed against Defendants Luther, Collier, Hodges & Cash, LLP, Lucian

Hodges, and Sam Gaillard Ladd, Jr. seeking to recover damages for alleged legal malpractice.

2.

On October 28, 2015 Defendants propounded to the Plaintiffs Interrogatories and Requests

for Production of Documents. *A true and correct copy of the aforesaid discovery is attached hereto*

*as Exhibit "A."*

3.

Plaintiffs failed to respond to Defendants' Second Set of Interrogatories within the thirty (30)

days allowed for such responses by Rule 33 and 34 of the Mississippi Rules of Civil Procedure

4.

By correspondence dated December 7, 2015, defense counsel requested counsel for the

Plaintiffs, Hon. Hayes Johnson, to respond to the aforesaid discovery. *A true and correct copy of*

*the aforesaid correspondence from James E. Welch, Jr. to Haynes Johnson dated December 7, 2015*

*is attached hereto as Exhibit "B."* Unfortunately, no answers to the aforesaid discovery have been

forthcoming from the Plaintiffs.

5.

Since the Plaintiffs failed to timely respond to Defendants' First Set of Interrogatories and

Requests for Production, all objections have been waived. *See,* Miss. R. Civ. P. Rule 33 (b)(4) (

"Any ground not stated in a timely objection is waived..."); *Buchanan v. Ameristar Casino-*

*Vicksburg, Inc.,* 957 So. 2d 969, 974, 2007 Miss. LEXIS 130 (Miss. 2007)( plaintiff waived any

objection to request for production when plaintiff objected to the request without providing grounds

for the objection.); *Taylor Machinery v. Great Am. Surplus Lines*, 635 So. 2d 1357, 1363, 1994

Miss. LEXIS 78 (Miss. 1994)(same); *Godsey v. U.S.*, 133 F.R. D. 111, 1990 U.S. Dist. LEXIS 17278

(S.D. Miss. 1990)(where the plaintiff objected to discovery in an untimely manner, such objections

were waived.); *In Re U.S.*, 864 F. 2d 1153, 1156 (5th Cir. 1989)( As a general rule, where a party

fails to object timely to interrogatories, production requests, or other discovery efforts, objections

thereto are waived.); *Dollar v. Long Manufacturing Co.*, 561 F. 2d 613, 1977 U.S. App. LEXIS

11077, * 8-9 (5th Cir. 1977) ("By failing to object, defendant waived any objection it might have had to the giving of a full answer to the interrogatory.").

6.

Rule 37(a)(2) of the Mississippi Rules of Civil Procedure provides that a party may move for an order compelling discovery. Rule 37(a)(2) provides, in part, "[i]f . . . a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovery party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request." Rule 37(a)(2) Miss. R. Civ. P.

7.

The "failure to make or cooperate in discovery should first be resolved by making a motion in the proper court requesting an order compelling such discovery." *Caracci v. International Paper Co.,* 699 So. 2d 546, 557 (Miss. 1997) (citing Miss. R. Civ. P. 37(a)(2)). Rule 37 allows a party to seek an order compelling discovery when the opposing party "fails to answer an interrogatory propounded under Rule 33 or fails to respond to a request for documents under Rule 34." *Smith v. Tougaloo College,* 805 So. 2d 633, 640 (Miss. App. 2002) (affirming trial court's dismissal for failure to comply with discovery orders). The rule treats "an evasive or incomplete answer . . . as a failure to answer." Miss. R. Civ. P. 37(a)(3).

8.

According to the Mississippi Supreme Court   "[w]hen a party is aware of an incomplete or evasive discovery response, that party should take affirmative action by seeking an order compelling discovery[.]" *Ford Motor Co. v. Tennin, 960 So. 2d 379, 393* (¶47) (Miss. 2007).

9.

Because of the Plaintiffs failure to respond to discovery propounded by the defense, this Court should enter an order compelling the Plaintiffs to respond fully, completely, and without objection to Defendants' First Set of Interrogatories and Requests for Production of Documents, all objections having been waived,  within ten (10) days of the hearing on this motion

10.

Pursuant to Rule 4.04 of the Uniform Circuit and County Court Rules, the undersigned counsel for the Defendant hereby certifies that he has conferred or attempted to confer in good faith with opposing counsel in an effort to resolve this discovery dispute as set forth herein above and has been unable to resolve this dispute without the Court's intervention.

WHEREFORE, Defendants, by and through their counsel of record, Copeland, Cook, Taylor & Bush, P.A., and would respectfully submit that it is entitled an order compelling the Plaintiffs to respond fully, completely, and without objection to Defendants' First Set of  Interrogatories and Requests for Production of Documents, all objections having been waived,  within ten (10) days of the hearing on this motion. Defendants pray for such other and further relief as this Court determines to be proper.

Respectfully submitted, this the 14th day of December, 2015.

LUTHER, COLLIER, HODGES & CASH, LLP;
LUCIEN HODGES; SAM GAILLARD LADD, JR.

BY: COPELAND, COOK, TAYLOR & BUSH, PA

BY:     s/WILLIAM E. WHITFIELD, III
        Mississippi Bar No. 7161
        s/JAMES E. WELCH, JR.
        Mississippi Bar No. 7090

DEFENDANTS' MOTION TO COMPEL RESPONSES TO DISCOVERY

## CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2015, I electronically mailed the foregoing to the following:

      R. Hayes Johnson
      rhayesj@gmail.com
      **Attorney for Plaintiffs**

I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participants: none

      s/WILLIAM E. WHITFIELD, III
      Mississippi Bar No. 7161
      s/JAMES E. WELCH, JR.
      Mississippi Bar No. 7090

William E. Whitfield, III.
James E. Welch, Jr.
COPELAND, COOK, TAYLOR, & BUSH, P.A.
2781 C.T. Switzer Sr. Drive, Suite 200
Biloxi, Mississippi 39531
P.O. Box 10
Gulfport, Mississippi  39502-0010
telephone (228) 863-6101
telecopier (228) 863-9526

IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
SECOND JUDICIAL DISTRICT

JAMES S. OLIN; JOHN G. MCNEIL; AND
JOHN A. MCNEIL, JR.                                                          **PLAINTIFFS**

VS.                                                   **CIVIL ACTION NO.: A2402-2015-97**

LUTHER, COLLIER, HODGES & CASH, LLP;
LUCIEN HODGES; SAM GAILLARD LADD, JR.;
AND JOHN DOES 1-10                                                          **DEFENDANTS**

---

## DEFENDANTS' FIRST SET OF INTERROGATORIES
## PROPOUNDED TO PLAINTIFF JAMES S. OLIN

---

COME NOW Defendants, Luther, Collier, Hodges & Cash, LLP, by and through their

counsel of record, Copeland, Cook. Taylor & Bush, P.A., and pursuant to Rule 33 of the Mississippi

Rules of Civil Procedure, propounds the following Interrogatories to Plaintiff James G. Olin to be

answered within the time specified by the Rules. These Interrogatories shall be, pursuant to the

Rules, continuing to the date of trial, and any change in answer given occasioned by new information

or any other reason shall immediately be supplemented in accordance with the Rules governing same

and particularly Rule 26.

### INSTRUCTIONS

1.      In answering the interrogatories you are required to furnish all information and/or

documents within the possession, custody or control of you or your attorneys, agents, representatives

**EXHIBIT**

or other persons or entities directly or indirectly employed by you or your counsel, acting on your behalf or subject to your control at the time of answering, and you are required to thereafter supplement your answers in accordance with Rule 26 of the Mississippi Rules of Civil Procedure.

2.      If you cannot answer any request in full, after exercising due diligence to secure any information necessary to do so, answer to the extent you are able to do so, specifying your inability to answer the remainder, and stating whatever information or knowledge you have concerning the unanswered portions.

3.      If an interrogatory has sub-parts, fully answer each part by way of amplifying, and not limiting, your answer to the interrogatory as a whole.

4.      If you maintain that an answer to an interrogatory, or any part thereof, is privileged specify the general subject matter of the information claimed to be privileged, specify the nature of the claimed privilege, and describe the precise ground for the protection.  If the privileged material is contained in a document:

    a)   Identify the general subject matter of the privileged material;

    b)   Identify the person or persons who authorized or received the original or copy of the document; and

    c)   Specify the date or dates on which the document was created.  Insofar as you do not maintain that the answer is protected from disclosure, the interrogatory is to be answered.

## DEFINITIONS

In connection with these interrogatories, the following definitions shall apply:

Page 2 of 12
**DEFENDANTS' FIRST SET OF INTERROGATORIES PROPOUNDED TO PLAINTIFF JAMES S. OLIN**

1.      Whenever the terms "you" or "your" are used herein, they shall refer to Plaintiff James G. Olin under any name by which he may have been known or may have done business, and shall be interpreted to include his agents, servants, employees, and attorneys.

2.      "Person" shall mean any individual, partnership, company, firm, association, corporation or other business, governmental, or legal entity.

3.      "Address" shall mean the street number, street, city, and state of the subject person, business or other entity.

4.      Whenever the term "Plaintiff" is used it refers to James G. Olin.

5.      "Document" means any tangible thing which may be the subject of a document request under Rule 26 and 34 of the Mississippi Rules of Civil Procedure and includes, without limitation, all correspondence, writings, memoranda, drafts, contracts, letters, reports, minutes of meetings, agreements, communications, electronic messaging, text messaging, notes, studies, plans, analyses, work papers, diary or calendar entries, statistical and financial records, books, logs, records of conferences or meetings, records or summaries of telephone calls or other conversations or communications, magnetic tape, sound or mechanical reproductions, visual or sound tape or other recordings, data compilations, and other written communications and computerized records of any kind, including, but not limited to, electronic mail and documents, information and data stored in computer files, laptops, tablets, databases, smart phones, PDA's, Blackberries, or similar devices. The term "document" also includes any and all copies of any document that contain any notation or otherwise differ from the original and other copies, and specifically includes any and all drafts of

the above and any and all handwritten notes or notations in whatever form together with any attachments to any such documents.

6.      "Refer to," "referring to," relate to" or "relating to" means in whole or in part relating to, referring to, constituting, containing, embodying, discussing, reflecting, dealing with, analyzing, pertaining to or in any way relevant within the meaning of Rule 26(b)(1) of the Mississippi Rules of Civil Procedure.

7.      "Identify" shall have the following meanings as the context of the particular interrogatory shall make appropriate:

(a) When used with respect to a document, it means the author or originator, the date and the subject matter of such document. In lieu of describing each document, a copy of each document may be attached;

(b) When used with respect to an individual, it means the name and address of such individual; if a corporation or other entity, it means its name and principal place of business;

(c) When used with respect to a communication, it means whether the communication was written or oral, the date and substance of the communication and the identities of the parties communicating; and

(d) When used with respect to a publication it means the title and date of the publication, the publisher, the relevant page numbers and whether or not the original or a copy is in your possession.

## INTERROGATORIES

**INTERROGATORY NO. 1:**  Please state your current residential address, prior residential addresses for the previous five years,  and all dates of residency at each residence.

**INTERROGATORY NO. 2:**   State the names, addresses, and telephone numbers of all persons who have discoverable knowledge of the allegations of the Complaint.

**INTERROGATORY NO. 3:**  Identify fully, giving the name, address and telephone number, of each and every person you expect to call as an expert witness at the trial of this cause, and state the following about each such expert:

(a)     The subject matter, in specific detail, on which the expert is expected to testify;

(b)     The substance of the facts and opinions to which the expert is expected to testify;

(c)     A summary of the grounds for each opinion to which the expert is expected to testify; and

(d)     The complete identity, including title, publisher, edition and date of publication, of any reference source, treatise, text, manual, authority or other scholarly writing or publication upon which the expert has relied in making any finding, conclusion, or forming any opinion regarding this case.

**INTERROGATORY NO. 4:**   For each and every person you intend to call as a witness at the trial of this case please state the witnesses' name, address, and telephone number and current employer and provide the substance of their anticipated testimony.

**INTERROGATORY NO. 5:** Please provide all material facts which support your contention of negligence against the defendants including the name and address of all persons having

information or knowledge about such contention and a description of all documents pertaining to or relating to or supporting such contention.

**INTERROGATORY NO. 6**: Please provide all material facts which support your contention of legal malpractice against the defendants including the name and address of all persons having information or knowledge about such contention and a description of all documents pertaining to or relating to or supporting such contention.

**INTERROGATORY NO. 7**: Please provide all material facts which support your contention that you sustained or incurred any damages or losses as a result of the negligence of the defendants including the name and address of all persons having information or knowledge about such allegation and a description of all documents pertaining to or relating to or supporting such allegation.

**INTERROGATORY NO. 8**: Please describe all actions taken by you following service of process in *BancorpSouth Bank v. Sterling Dev. Co., LLC.* including the name and address of all persons having information or knowledge about such actions and a description of all documents pertaining to or relating to such actions.

**INTERROGATORY NO. 8**: Please describe all actions taken by you following entry of default judgment in against you in *BancorpSouth Bank v. Sterling Dev. Co., LLC.* including the name and address of all persons having information or knowledge about such actions and a description of all documents pertaining to or relating to such actions.

**INTERROGATORY NO. 9**: Please describe all defenses to the claims filed against you in *BancorpSouth Bank v. Sterling Dev. Co., LLC.* including the name and address of all persons

Page 6 of 12
**DEFENDANTS' FIRST SET OF INTERROGATORIES PROPOUNDED TO PLAINTIFF JAMES S. OLIN**

having information or knowledge about such defenses and a description of all documents pertaining to or relating to such defenses.

**INTERROGATORY NO. 10:** State with particularity each act or omission on the part of Defendants which you contend constituted a deviation from the applicable standard of care and identify each person whose testimony supports your contention and identify every document upon which you rely to support your contention.

**INTERROGATORY NO. 11:** Describe all communications between James G. Olin and Luther, Collier, Hodges & Cash, LLP or its member or employees prior to entry of default judgment in *BancorpSouth Bank v. Sterling Dev. Co., LLC.* including the date thereof, the persons involved in the communications, the substance of the communications, and identify all persons having information or knowledge of such communications, and identify all documents reflecting or referring to such communications.

**INTERROGATORY NO. 12:** Describe all communications between James G. Olin and Luther, Collier, Hodges & Cash, LLP or its member or employees subsequent to entry of default judgment in *BancorpSouth Bank v. Sterling Dev. Co., LLC.* including the date thereof, the persons involved in the communications, the substance of the communications, and identify all persons having information or knowledge of such communications, and identify all documents reflecting or referring to such communications.

**INTERROGATORY NO. 13:** Describe all communications between James G. Olin and BancorpSouth Bank, its agents, servants, and employees prior to entry of default judgment in *BancorpSouth Bank v. Sterling Dev. Co., LLC.* including the date thereof, the persons involved in

DEFENDANTS' FIRST SET OF INTERROGATORIES PROPOUNDED TO PLAINTIFF JAMES S. OLIN

the communications, the substance of the communications, and identify all persons having information or knowledge of such communications, and identify all documents reflecting or referring to such communications.

      **INTERROGATORY NO. 14**: Describe all communications between James G. Olin and BancorpSouth Bank, its agents, servants, and employees  subsequent to entry of default judgment in *BancorpSouth Bank v. Sterling Dev. Co., LLC.* including the date thereof, the persons involved in the communications, the substance of the communications, and identify all persons having information or knowledge of such communications, and identify all documents reflecting or referring to such communications.

      **INTERROGATORY NO. 15**: Describe all communications between James G. Olin and John G. McNeil and/or John G. McNeil, Jr. subsequent to entry of default judgment in *BancorpSouth Bank v. Sterling Dev. Co., LLC.* including the date thereof, the persons involved in the communications, the substance of the communications, and identify all persons having information or knowledge of such communications, and identify all documents reflecting or referring to such communications.

      **INTERROGATORY NO. 16:** Fully itemize each element of damages to which you contend you are entitled to recover and provide a basis for each element of damages, including all damage calculations, and identify all persons having information or knowledge of such damages, and identify all documents which support or tend to support such damages.

      **INTERROGATORY NO. 17:** Identify by name, address, telephone number, job title and present employer of each agent, servant or employee of BankcorpSouth that was involved in

settlement negotiations with you, dates, times, substance, places of such settlement negotiations, identify all persons having information or knowledge of such settlement negotiations, identify all documents relative to such settlement negotiations, and the terms and conditions of the settlement agreement reached with BankcorpSouth.

      **INTERROGATORY NO. 18**: With regard to your response to the preceding interrogatory, for each person identified specify their involvement relative to settlement negotiations and identify all documents sent or received by such persons regarding relative to such settlement negotiations.

      **INTERROGATORY NO. 19**: Describe all communications, in any form, written or verbal, which you had with any of the Defendants, including the date thereof, the persons involved in the communications, the substance of the communications, and identify all persons having information or knowledge of such communications, and identify all documents reflecting or referring to such communications.

      **INTERROGATORY NO. 20:** Describe all defenses to the action filed against you in *BancorpSouth Bank v. Sterling Dev. Co., LLC.* on your personal guaranty and identify all persons having information or knowledge of such defenses, and identify all documents reflecting or referring to such defenses.

      **INTERROGATORY NO. 21:** Describe all efforts by BancorpSouth to collect the $1.9 million judgment referred to in paragraph 15 of the Complaint and identify all persons having information or knowledge of such defenses, and identify all documents reflecting or referring to such defenses.

**DEFENDANTS' FIRST SET OF INTERROGATORIES PROPOUNDED TO PLAINTIFF JAMES S. OLIN**

**INTERROGATORY NO. 22:**   Please provide all material facts which support your contention that "but for" the negligence of the defendants James G. Olin would have prevailed in *BancorpSouth Bank v. Sterling Dev. Co., LLC.* and identify all persons having information or knowledge of such facts, and identify all documents reflecting or referring to such facts.

**INTERROGATORY NO. 23:**   Identify all documents of any nature, including texts, e-mails, correspondence, or similar forms of communications sent to you or received by you regarding the claims brought against you in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

**INTERROGATORY NO. 24:**   Please provide all material facts supporting any defense possessed by James G. Olin to the underlying action brought against him on his personal guaranty, and identify all persons having information or knowledge of such facts, and identify all documents reflecting or referring to such facts.

**INTERROGATORY NO. 25:** Describe in detail any statement against interest or admission made by any of the Defendants, and for each statement or admission give the substance of the alleged statement or admission, the date thereof, and the name and address of all persons presence at the time the statement or admission was made.

**INTERROGATORY NO. 26:** State the date that you terminated the services of the defendants, identify all persons you retained as an attorney to represent you, and describe all actions taken by such attorney or attorneys to  have the Default Judgment set aside or to have the Motion to Set Aside Default Judgment set for hearing. If no action was taken by your new attorney, state in detail the reasons your new attorney failed to have the Default Judgment set aside or to have the Motion to Set Aside Default Judgment set for hearing.

Page 10 of 12
**DEFENDANTS' FIRST SET OF INTERROGATORIES PROPOUNDED TO PLAINTIFF JAMES S. OLIN**

**INTERROGATORY NO. 27:** Describe all material facts  which demonstrate that James G. Olin could have prevailed in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*  and identify all persons having information or knowledge of such facts, and identify all documents reflecting or referring to such facts.

**INTERROGATORY NO. 28**: Describe all material facts supporting the contention  that the damages or losses incurred by James G. Olin were proximately caused by the alleged negligence of the defendants and identify all persons having information or knowledge of such facts, and identify all documents reflecting or referring to such facts.

**INTERROGATORY NO. 29:** Describe any documentary evidence, learned treatises (with page references), tangible evidence, photographs, videotape, or other tangible  items whatsoever which you will or may offer as evidence at the trial of this case.

Respectfully submitted, this the ___ day of October, 2015.

LUTHER, COLLIER, HODGES & CASH, LLP;
LUCIEN HODGES; SAM GAILLARD LADD, JR.


BY: COPELAND, COOK, TAYLOR & BUSH, PA

BY:   s/WILLIAM E. WHITFIELD, III
      Mississippi Bar No. 7161
      s/JAMES E. WELCH, JR.
      Mississippi Bar No. 7090

Page 11 of 12
**DEFENDANTS' FIRST SET OF INTERROGATORIES PROPOUNDED TO PLAINTIFF JAMES S. OLIN**

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2015, I electronically mailed the foregoing to the

following:

> R. Hayes Johnson
> rhayesj@gmail.com
> **Attorney for Plaintiff**

I hereby certify that I have mailed by United States Postal Service the document to the

following non-ECF participants: none

> s/WILLIAM E. WHITFIELD, III
> Mississippi Bar No. 7161
> s/JAMES E. WELCH, JR.
> Mississippi Bar No. 7090

William E. Whitfield, III.
James E. Welch, Jr.
COPELAND, COOK, TAYLOR, & BUSH, P.A.
2781 C.T. Switzer Sr. Drive, Suite 200
Biloxi, Mississippi 39531
P.O. Box 10
Gulfport, Mississippi  39502-0010
telephone (228) 863-6101
telecopier (228) 863-9526

IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
SECOND JUDICIAL DISTRICT

JAMES S. OLIN; JOHN G. MCNEIL; AND
JOHN A. MCNEIL, JR.                                              **PLAINTIFFS**

**VS.**                                          **CIVIL ACTION NO.: A2402-2015-97**

LUTHER, COLLIER, HODGES & CASH, LLP;
LUCIEN HODGES; SAM GAILLARD LADD, JR.;
AND JOHN DOES 1-10                                              **DEFENDANTS**

---

## DEFENDANTS' FIRST SET OF INTERROGATORIES PROPOUNDED TO PLAINTIFF JOHN G. MCNEIL

---

COME NOW Defendants, Luther, Collier, Hodges & Cash, LLP,  by and through their counsel of record,  Copeland, Cook. Taylor & Bush, P.A., and pursuant to Rule 33 of the Mississippi Rules of Civil Procedure, propounds the following Interrogatories to Plaintiff John G. McNeil  to be answered within the time specified by the Rules.  These Interrogatories shall be, pursuant to the Rules, continuing to the date of trial, and any change in answer given occasioned by new information or any other reason shall immediately be supplemented in accordance with the Rules governing same and particularly Rule 26.

### INSTRUCTIONS

1.      In answering the interrogatories  you are required to furnish all information and/or documents within the possession, custody or control of you or your attorneys, agents, representatives or other persons or entities directly or indirectly employed by you or your counsel, acting on your

behalf or subject to your control at the time of answering, and you are required to thereafter supplement your answers in accordance with Rule 26 of the Mississippi Rules of Civil Procedure.

2.    If you cannot answer any request in full, after exercising due diligence to secure any information necessary to do so, answer to the extent you are able to do so, specifying your inability to answer the remainder, and stating whatever information or knowledge you have concerning the unanswered portions.

3.    If an interrogatory has sub-parts, fully answer each part by way of amplifying, and not limiting, your answer to the interrogatory as a whole.

4.    If you maintain that an answer to an interrogatory, or any part thereof, is privileged specify the general subject matter of the information claimed to be privileged, specify the nature of the claimed privilege, and describe the precise ground for the protection. If the privileged material is contained in a document:

   a) Identify the general subject matter of the privileged material;

   b) Identify the person or persons who authorized or received the original or copy of the document; and

   c) Specify the date or dates on which the document was created. Insofar as you do not maintain that the answer is protected from disclosure, the interrogatory is to be answered.

## DEFINITIONS

In connection with these interrogatories, the following definitions shall apply:

**DEFENDANTS' FIRST SET OF INTERROGATORIES PROPOUNDED TO PLAINTIFF JOHN G. MCNEIL**

1.      Whenever the terms "you" or "your" are used herein, they shall refer to Plaintiff John G. McNeil under any name by which he may have been known or may have done business, and shall be interpreted to include his agents, servants, employees, and attorneys.

2.      "Person" shall mean any individual, partnership, company, firm, association, corporation or other business, governmental, or legal entity.

3.      "Address" shall mean the street number, street, city, and state of the subject person, business or other entity.

4.      Whenever the term "Plaintiff" is used it refers to John G. McNeil.

5.      "Document" means any tangible thing which may be the subject of a document request under Rule 26 and 34 of the Mississippi Rules of Civil Procedure and includes, without limitation, all correspondence, writings, memoranda, drafts, contracts, letters, reports, minutes of meetings, agreements, communications, electronic messaging, text messaging, notes, studies, plans, analyses, work papers, diary or calendar entries, statistical and financial records, books, logs, records of conferences or meetings, records or summaries of telephone calls or other conversations or communications, magnetic tape, sound or mechanical reproductions, visual or sound tape or other recordings, data compilations, and other written communications and computerized records of any kind, including, but not limited to, electronic mail and documents, information and data stored in computer files, laptops, tablets, databases, smart phones, PDA's, Blackberries, or similar devices. The term "document" also includes any and all copies of any document that contain any notation or otherwise differ from the original and other copies, and specifically includes any and all drafts of

the above and any and all handwritten notes or notations in whatever form together with any attachments to any such documents.

6.      "Refer to," "referring to," relate to" or "relating to" means in whole or in part relating to, referring to, constituting, containing, embodying, discussing, reflecting, dealing with, analyzing, pertaining to or in any way relevant within the meaning of Rule 26(b)(1) of the Mississippi Rules of Civil Procedure.

7.      "Identify" shall have the following meanings as the context of the particular interrogatory shall make appropriate:

(a) When used with respect to a document, it means the author or originator, the date and the subject matter of such document. In lieu of describing each document, a copy of each document may be attached;

(b) When used with respect to an individual, it means the name and address of such individual; if a corporation or other entity, it means its name and principal place of business;

(c) When used with respect to a communication, it means whether the communication was written or oral, the date and substance of the communication and the identities of the parties communicating; and

(d) When used with respect to a publication it means the title and date of the publication, the publisher, the relevant page numbers and whether or not the original or a copy is in your possession.

Page 4 of 11
**DEFENDANTS' FIRST SET OF INTERROGATORIES PROPOUNDED TO PLAINTIFF JOHN G. MCNEIL**

## INTERROGATORIES

**INTERROGATORY NO. 1:** Please state your current residential address, prior residential addresses for the previous five years, and all dates of residency at each residence.

**INTERROGATORY NO. 2:** State the names, addresses, and telephone numbers of all persons who have discoverable knowledge of the allegations of the Complaint.

**INTERROGATORY NO. 3:** Identify fully, giving the name, address and telephone number, of each and every person you expect to call as an expert witness at the trial of this cause, and state the following about each such expert:

(a)    The subject matter, in specific detail, on which the expert is expected to testify;

(b)    The substance of the facts and opinions to which the expert is expected to testify; and

(c)    A summary of the grounds for each opinion to which the expert is expected to testify.

**INTERROGATORY NO. 4:** For each and every person you intend to call as a witness at the trial of this case please state the witnesses' name, address, and telephone number and current employer.

**INTERROGATORY NO. 5:** Please provide all material facts which support your contention of legal malpractice against the Defendants including the name and address of all persons having information or knowledge about such contention and a description of all documents pertaining to or relating to or supporting such contention.

**INTERROGATORY NO. 6:** Please identify all damages or losses you contend you sustained as a result of the alleged negligence/malpractice of the Defendants including the name and

address of all persons having information or knowledge about such allegation and a description of all documents pertaining to or relating to or supporting such allegation.

**INTERROGATORY NO. 7:** Please describe all actions taken by you prior to entry of the default judgment in *BancorpSouth Bank v. Sterling Dev. Co., LLC.* including the name and address of all persons having information or knowledge about such actions and a description of all documents pertaining to or relating to such actions.

**INTERROGATORY NO. 8:** Please describe all actions taken by you following entry of the default judgment in *BancorpSouth Bank v. Sterling Dev. Co., LLC.* including the name and address of all persons having information or knowledge about such actions and a description of all documents pertaining to or relating to such actions.

**INTERROGATORY NO. 9:** Please describe all defenses to the claims filed against you in *BancorpSouth Bank v. Sterling Dev. Co., LLC.* including the name and address of all persons having information or knowledge about such defenses and a description of all documents pertaining to or relating to such defenses.

**INTERROGATORY NO. 10:** Describe all communications between you and Luther, Collier, Hodges & Cash, LLP or its member or employees prior to entry of default judgment in *BancorpSouth Bank v. Sterling Dev. Co., LLC.* including the date thereof, the persons involved in the communications, the substance of the communications, and identify all persons having information or knowledge of such communications, and identify all documents reflecting or referring to such communications.

**INTERROGATORY NO. 11:** Describe all communications between you and Luther, Collier, Hodges & Cash, LLP or its member or employees subsequent to entry of default judgment in *BancorpSouth Bank v. Sterling Dev. Co., LLC.* including the date thereof, the persons involved in the communications, the substance of the communications, and identify all persons having information or knowledge of such communications, and identify all documents reflecting or referring to such communications.

**INTERROGATORY NO. 12:** Describe all communications between you and BancorpSouth Bank, its agents, servants, attorneys, and employees prior to entry of default judgment in *BancorpSouth Bank v. Sterling Dev. Co., LLC.* including the date thereof, the persons involved in the communications, the substance of the communications, and identify all persons having information or knowledge of such communications, and identify all documents reflecting or referring to such communications.

**INTERROGATORY NO. 13:** Describe all communications between you and BancorpSouth Bank, its agents, servants, attorneys, and employees subsequent to entry of default judgment in *BancorpSouth Bank v. Sterling Dev. Co., LLC.* including the date thereof, the persons involved in the communications, the substance of the communications, and identify all persons having information or knowledge of such communications, and identify all documents reflecting or referring to such communications.

**INTERROGATORY NO. 14:** Describe all communications between you and James S. Olin and/or John A. McNeil, Jr. relative to the entry of default judgment in *BancorpSouth Bank*

*v. Sterling Dev. Co., LLC.* including the date thereof, the persons involved in the communications, the substance of the communications, and identify all persons having information or knowledge of such communications, and identify all documents reflecting or referring to such communications.

**INTERROGATORY NO. 15:** Identify by name, address, telephone number, job title and present employer of each agent, servant, attorney, or employee of BankcorpSouth Bank that was involved in settlement negotiations with you, including the dates, times, and substance of such settlement negotiations, and identify all persons having information or knowledge of such settlement negotiations, identify all documents relative to such settlement negotiations, and the terms and conditions of the settlement agreement reached with BankcorpSouth.

**INTERROGATORY NO. 16:** Describe all efforts by BancorpSouth Bank to collect the judgment referred to in paragraph 15 of the Complaint and identify all persons having information or knowledge of such efforts, and identify all documents reflecting or referring or relating to such collection efforts.

**INTERROGATORY NO. 17:** Please provide all material facts which prove that "but for" the negligence of the Defendants you would have prevailed in *BancorpSouth Bank v. Sterling Dev. Co., LLC.* and identify all persons having information or knowledge of such facts, and identify all documents reflecting or referring to such facts.

**INTERROGATORY NO. 18:** Identify all documents of any nature, including texts, e-mails, correspondence, or similar forms of communications sent to you or received by you regarding the claims brought against you in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

**DEFENDANTS' FIRST SET OF INTERROGATORIES PROPOUNDED TO PLAINTIFF JOHN G. MCNEIL**

**INTERROGATORY NO. 19:** Describe all communications between you and Luther, Collier, Hodges & Cash, LLP or its member or employees relative to settlement negotiations with BancorpSouth Bank including the date thereof, the persons involved in the communications, the substance of the communications, and identify all persons having information or knowledge of such communications, and identify all documents reflecting or referring to such communications.

**INTERROGATORY NO. 20:** Describe in detail any statement against interest or admission made by any of the Defendants, and for each statement or admission give the substance of the alleged statement or admission, the date thereof, and the name and address of all persons presence at the time the statement or admission was made and identify all documents reflecting or referring or relating to the statement or admission.

**INTERROGATORY NO. 21:** Please identify each and document or other tangible evidence which you contend supports the allegations of the Complaint.

**INTERROGATORY NO. 22:** Describe all material facts which demonstrate that you would have prevailed in *BancorpSouth Bank v. Sterling Dev. Co., LLC.* and identify all persons having information or knowledge of such facts, and identify all documents reflecting or referring to such facts.

**INTERROGATORY NO. 23:** Describe all material facts which demonstrate that the damages or losses, if any, sustained by you were proximately caused by the alleged negligence/malpractice of the Defendants and identify all persons having information or knowledge of such facts, and identify all documents reflecting or referring to such facts.

**INTERROGATORY NO. 24**: If you have with held production of any document on the grounds of privilege, either attorney client or work product, specify the general subject matter of the privileged document, specify the nature of the claimed privilege, identify the person or persons who authorized and received the original or copy of the document, and specify the date or dates on which the document was created.

**INTERROGATORY NO. 25:** Describe any documentary evidence, learned treatises (with page references), tangible evidence, photographs, videotape, audio recordings, or other tangible items whatsoever which you will or may offer as evidence at the trial of this case.

Respectfully submitted, this the 28th day of October, 2015.

LUTHER, COLLIER, HODGES & CASH, LLP;
LUCIEN HODGES; SAM GAILLARD LADD, JR.

BY: COPELAND, COOK, TAYLOR & BUSH, PA

BY:   s/WILLIAM E. WHITFIELD, III
Mississippi Bar No. 7161
s/JAMES E. WELCH, JR.
Mississippi Bar No. 7090

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2015, I electronically mailed the foregoing to the

following:

> R. Hayes Johnson
> rhayesj@gmail.com
> **Attorney for Plaintiff**

I hereby certify that I have mailed by United States Postal Service the document to the

following non-ECF participants: none

s/WILLIAM E. WHITFIELD, III
Mississippi Bar No. 7161
s/JAMES E. WELCH, JR.
Mississippi Bar No. 7090

William E. Whitfield, III.
James E. Welch, Jr.
COPELAND, COOK, TAYLOR, & BUSH, P.A.
2781 C.T. Switzer Sr. Drive, Suite 200
Biloxi, Mississippi 39531
P.O. Box 10
Gulfport, Mississippi  39502-0010
telephone (228) 863-6101
telecopier (228) 863-9526

Page 11 of 11
**DEFENDANTS' FIRST SET OF INTERROGATORIES PROPOUNDED TO PLAINTIFF JOHN G.
MCNEIL**

## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
### SECOND JUDICIAL DISTRICT

**JAMES S. OLIN; JOHN G. MCNEIL; AND
JOHN A. MCNEIL, JR.**                                         **PLAINTIFFS**

**VS.**                                          **CIVIL ACTION NO.: A2402-2015-97**

**LUTHER, COLLIER, HODGES & CASH, LLP;
LUCIEN HODGES; SAM GAILLARD LADD, JR.;
AND JOHN DOES 1-10**                                          **DEFENDANTS**

---

### DEFENDANTS' FIRST SET OF INTERROGATORIES
### PROPOUNDED TO PLAINTIFF JOHN A. MCNEIL, JR.

---

COME NOW Defendants, Luther, Collier, Hodges & Cash, LLP, by and through their

counsel of record, Copeland, Cook. Taylor & Bush, P.A., and pursuant to Rule 33 of the Mississippi

Rules of Civil Procedure, propounds the following Interrogatories to Plaintiff John A. McNeil, Jr.

to be answered within the time specified by the Rules. These Interrogatories shall be, pursuant to

the Rules, continuing to the date of trial, and any change in answer given occasioned by new

information or any other reason shall immediately be supplemented in accordance with the Rules

governing same and particularly Rule 26.

### INSTRUCTIONS

1.      In answering the interrogatories you are required to furnish all information and/or

documents within the possession, custody or control of you or your attorneys, agents, representatives

or other persons or entities directly or indirectly employed by you or your counsel, acting on your

behalf or subject to your control at the time of answering, and you are required to thereafter supplement your answers in accordance with Rule 26 of the Mississippi Rules of Civil Procedure.

2.      If you cannot answer any request in full, after exercising due diligence to secure any information necessary to do so, answer to the extent you are able to do so, specifying your inability to answer the remainder, and stating whatever information or knowledge you have concerning the unanswered portions.

3.      If an interrogatory has sub-parts, fully answer each part by way of amplifying, and not limiting, your answer to the interrogatory as a whole.

4.      If you maintain that an answer to an interrogatory, or any part thereof, is privileged specify the general subject matter of the information claimed to be privileged, specify the nature of the claimed privilege, and describe the precise ground for the protection.  If the privileged material is contained in a document:

   a)  Identify the general subject matter of the privileged material;

   b)  Identify the person or persons who authorized or received the original or copy of the document; and

   c)  Specify the date or dates on which the document was created.  Insofar as you do not maintain that the answer is protected from disclosure, the interrogatory is to be answered.

### DEFINITIONS

In connection with these interrogatories, the following definitions shall apply:

**DEFENDANTS' FIRST SET OF INTERROGATORIES PROPOUNDED TO PLAINTIFF JOHN A. MCNEIL, JR.**

1.     Whenever the terms "you" or "your" are used herein, they shall refer to Plaintiff John A. McNeil, Jr. under any name by which he may have been known or may have done business, and shall be interpreted to include his agents, servants, employees, and attorneys.

2.     "Person" shall mean any individual, partnership, company, firm, association, corporation or other business, governmental, or legal entity.

3.     "Address" shall mean the street number, street, city, and state of the subject person, business or other entity.

4.     Whenever the term "Plaintiff" is used it refers to John A. McNeil, Jr.

5.     "Document" means any tangible thing which may be the subject of a document request under Rule 26 and 34 of the Mississippi Rules of Civil Procedure and includes, without limitation, all correspondence, writings, memoranda, drafts, contracts, letters, reports, minutes of meetings, agreements, communications, electronic messaging, text messaging, notes, studies, plans, analyses, work papers, diary or calendar entries, statistical and financial records, books, logs, records of conferences or meetings, records or summaries of telephone calls or other conversations or communications, magnetic tape, sound or mechanical reproductions, visual or sound tape or other recordings, data compilations, and other written communications and computerized records of any kind, including, but not limited to, electronic mail and documents, information and data stored in computer files, laptops, tablets, databases, smart phones, PDA's, Blackberries, or similar devices. The term "document" also includes any and all copies of any document that contain any notation or otherwise differ from the original and other copies, and specifically includes any and all drafts of

Page 3 of 11
**DEFENDANTS' FIRST SET OF INTERROGATORIES PROPOUNDED TO PLAINTIFF JOHN A. MCNEIL, JR.**

the above and any and all handwritten notes or notations in whatever form together with any attachments to any such documents.

6.      "Refer to," "referring to," relate to" or "relating to" means in whole or in part relating to, referring to, constituting, containing, embodying, discussing, reflecting, dealing with, analyzing, pertaining to or in any way relevant within the meaning of Rule 26(b)(1) of the Mississippi Rules of Civil Procedure.

7.      "Identify" shall have the following meanings as the context of the particular interrogatory shall make appropriate:

    (a) When used with respect to a document, it means the author or originator, the date and the subject matter of such document. In lieu of describing each document, a copy of each document may be attached;

    (b) When used with respect to an individual, it means the name and address of such individual; if a corporation or other entity, it means its name and principal place of business;

    (c) When used with respect to a communication, it means whether the communication was written or oral, the date and substance of the communication and the identities of the parties communicating; and

    (d) When used with respect to a publication it means the title and date of the publication, the publisher, the relevant page numbers and whether or not the original or a copy is in your possession.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Please state your current residential address, prior residential addresses for the previous five years, and all dates of residency at each residence.

**INTERROGATORY NO. 2:** State the names, addresses, and telephone numbers of all persons who have discoverable knowledge of the allegations of the Complaint.

**INTERROGATORY NO. 3:** Identify fully, giving the name, address and telephone number, of each and every person you expect to call as an expert witness at the trial of this cause, and state the following about each such expert:

    (a)    The subject matter, in specific detail, on which the expert is expected to testify;

    (b)    The substance of the facts and opinions to which the expert is expected to testify; and

    (c)    A summary of the grounds for each opinion to which the expert is expected to testify.

**INTERROGATORY NO. 4:** For each and every person you intend to call as a witness at the trial of this case please state the witnesses' name, address, and telephone number and current employer.

**INTERROGATORY NO. 5:** Please provide all material facts which support your contention of legal malpractice against the Defendants including the name and address of all persons having information or knowledge about such contention and a description of all documents pertaining to or relating to or supporting such contention.

**INTERROGATORY NO. 6:** Please identify all damages or losses you contend you sustained as a result of the alleged negligence/malpractice of the Defendants including the name and

address of all persons having information or knowledge about such allegation and a description of all documents pertaining to or relating to or supporting such allegation.

**INTERROGATORY NO. 7:** Please describe all actions taken by you prior to the entry of default judgment in *BancorpSouth Bank v. Sterling Dev. Co., LLC.* including the name and address of all persons having information or knowledge about such actions and a description of all documents pertaining to or relating to such actions.

**INTERROGATORY NO. 8:** Please describe all actions taken by you following entry of the default judgment in *BancorpSouth Bank v. Sterling Dev. Co., LLC.* including the name and address of all persons having information or knowledge about such actions and a description of all documents pertaining to or relating to such actions.

**INTERROGATORY NO. 9:** Please describe all defenses to the claims filed against you in *BancorpSouth Bank v. Sterling Dev. Co., LLC.* including the name and address of all persons having information or knowledge about such defenses and a description of all documents pertaining to or relating to such defenses.

**INTERROGATORY NO. 10:** Describe all communications between you and Luther, Collier, Hodges & Cash, LLP or its member or employees prior to entry of default judgment in *BancorpSouth Bank v. Sterling Dev. Co., LLC.* including the date thereof, the persons involved in the communications, the substance of the communications, and identify all persons having information or knowledge of such communications, and identify all documents reflecting or referring to such communications.

**INTERROGATORY NO. 11:** Describe all communications between you and Luther, Collier, Hodges & Cash, LLP or its member or employees subsequent to entry of default judgment in *BancorpSouth Bank v. Sterling Dev. Co., LLC.* including the date thereof, the persons involved in the communications, the substance of the communications, and identify all persons having information or knowledge of such communications, and identify all documents reflecting or referring to such communications.

**INTERROGATORY NO. 12:** Describe all communications between you and BancorpSouth Bank, its agents, servants, attorneys, and employees prior to entry of default judgment in *BancorpSouth Bank v. Sterling Dev. Co., LLC.* including the date thereof, the persons involved in the communications, the substance of the communications, and identify all persons having information or knowledge of such communications, and identify all documents reflecting or referring to such communications.

**INTERROGATORY NO. 13:** Describe all communications between you and BancorpSouth Bank, its agents, servants, attorneys, and employees subsequent to entry of default judgment in *BancorpSouth Bank v. Sterling Dev. Co., LLC.* including the date thereof, the persons involved in the communications, the substance of the communications, and identify all persons having information or knowledge of such communications, and identify all documents reflecting or referring to such communications.

**INTERROGATORY NO. 14:** Describe all communications between you and James S. Olin and/or John G. McNeil relative to the entry of default judgment in *BancorpSouth Bank v.*

*Sterling Dev. Co., LLC.* including the date thereof, the persons involved in the communications, the substance of the communications, and identify all persons having information or knowledge of such communications, and identify all documents reflecting or referring to such communications.

      **INTERROGATORY NO. 15:** Identify by name, address, telephone number, job title and present employer of each agent, servant, attorney, or employee of BankcorpSouth Bank that was involved in settlement negotiations with you, including the dates, times, and substance of such settlement negotiations, and identify all persons having information or knowledge of such settlement negotiations, identify all documents relative to such settlement negotiations, and the terms and conditions of the settlement agreement reached with BankcorpSouth.

      **INTERROGATORY NO. 16:** Describe all efforts by BancorpSouth Bank to collect the judgment referred to in paragraph 15 of the Complaint and identify all persons having information or knowledge of such efforts, and identify all documents reflecting or referring or relating to such collection efforts.

      **INTERROGATORY NO. 17:** Please provide all material facts which prove that "but for" the negligence of the Defendants you would have prevailed in *BancorpSouth Bank v. Sterling Dev. Co., LLC.* and identify all persons having information or knowledge of such facts, and identify all documents reflecting or referring to such facts.

      **INTERROGATORY NO. 18:** Identify all documents of any nature, including texts, e-mails, correspondence, or similar forms of communications sent to you or received by you regarding the claims brought against you in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

**INTERROGATORY NO. 19:** Describe all communications between you and Luther, Collier, Hodges & Cash, LLP or its member or employees relative to settlement negotiations with BancorpSouth Bank including the date thereof, the persons involved in the communications, the substance of the communications, and identify all persons having information or knowledge of such communications, and identify all documents reflecting or referring to such communications.

**INTERROGATORY NO. 20:** Describe in detail any statement against interest or admission made by any of the Defendants, and for each statement or admission give the substance of the alleged statement or admission, the date thereof, and the name and address of all persons presence at the time the statement or admission was made and identify all documents reflecting or referring or relating to the statement or admission.

**INTERROGATORY NO. 21:** Please identify each and document or other tangible evidence which you contend supports the allegations of the Complaint.

**INTERROGATORY NO. 22:** Describe all material facts which demonstrate that you would have prevailed in *BancorpSouth Bank v. Sterling Dev. Co., LLC*. and identify all persons having information or knowledge of such facts, and identify all documents reflecting or referring to such facts.

**INTERROGATORY NO. 23:** Describe all material facts which demonstrate that the damages or losses, if any, sustained by you were proximately caused by the alleged negligence/malpractice of the Defendants and identify all persons having information or knowledge of such facts, and identify all documents reflecting or referring to such facts.

**INTERROGATORY NO. 24**: If you have with held production of any document on the grounds of privilege, either attorney client or work product, specify the general subject matter of the privileged document, specify the nature of the claimed privilege, identify the person or persons who authorized and received the original or copy of the document, and specify the date or dates on which the document was created.

**INTERROGATORY NO. 25:** Describe any documentary evidence, learned treatises (with page references), tangible evidence, photographs, videotape, audio recordings,  or other tangible items whatsoever which you will or may offer as evidence at the trial of this case.

Respectfully submitted, this the 28th day of October, 2015.

LUTHER, COLLIER, HODGES & CASH, LLP;
LUCIEN HODGES; SAM GAILLARD LADD, JR.

BY: COPELAND, COOK, TAYLOR & BUSH, PA

BY:     s/WILLIAM E. WHITFIELD, III
        Mississippi Bar No. 7161
        s/JAMES E. WELCH, JR.
        Mississippi Bar No. 7090

Page 10 of 11
DEFENDANTS' FIRST SET OF INTERROGATORIES PROPOUNDED TO PLAINTIFF JOHN A.
MCNEIL, JR.

---

### CERTIFICATE OF SERVICE

---

I hereby certify that on October 28, 2015, I electronically mailed the foregoing to the

following:

> R. Hayes Johnson
> rhayesj@gmail.com
> **Attorney for Plaintiff**

I hereby certify that I have mailed by United States Postal Service the document to the

following non-ECF participants: none

s/WILLIAM E. WHITFIELD, III
Mississippi Bar No. 7161
s/JAMES E. WELCH, JR.
Mississippi Bar No. 7090

William E. Whitfield, III.
James E. Welch, Jr.
COPELAND, COOK, TAYLOR, & BUSH, P.A.
2781 C.T. Switzer Sr. Drive, Suite 200
Biloxi, Mississippi 39531
P.O. Box 10
Gulfport, Mississippi  39502-0010
telephone (228) 863-6101
telecopier (228) 863-9526

Page 11 of 11
**DEFENDANTS' FIRST SET OF INTERROGATORIES PROPOUNDED TO PLAINTIFF JOHN A.
MCNEIL, JR.**

IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
SECOND JUDICIAL DISTRICT

**JAMES S. OLIN; JOHN G. MCNEIL; AND**
**JOHN A. MCNEIL, JR.**                                                    **PLAINTIFFS**

**VS.**                                              **CIVIL ACTION NO.: A2402-2015-97**

**LUTHER, COLLIER, HODGES & CASH, LLP;**
**LUCIEN HODGES; SAM GAILLARD LADD, JR.;**
**AND JOHN DOES 1-10**                                                    **DEFENDANTS**

---

## DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF JAMES S. OLIN

---

COME NOW Defendants, Luther, Collier, Hodges & Cash, LLP, by and through their counsel of record, Copeland, Cook. Taylor & Bush, P.A., and pursuant to Rule 34 of the Mississippi Rules of Civil Procedure, propounds the following requests for production of documents to Plaintiff James G. Olin to be answered within thirty days of service hereof pursuant to the Mississippi Rules of Civil Procedure.

### DEFINITIONS

For the purpose of these Requests for Production, the words set forth shall have the following meaning:

1.  Whenever the terms "you" or "your" are used herein, they shall refer to James S. Olin under any name by which he may have been known or may have done business, and shall be interpreted to include his agents, servants, employees, and attorneys.

DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO JAMES S. OLIN

2.   "Person" shall mean any individual, partnership, company, firm, association, corporation or other business, governmental, or legal entity.

3.   "Address" shall mean the street number, street, city, and state of the subject person, business or other entity.

4.   Whenever the term "Plaintiff" is used it refers to James S. Olin.

5.   Whenever the term "Defendants" is used it refers to Luther, Collier, Hodges & Cash, LLP, Lucian Hodges and/or Sam Gaillard Ladd, Jr.

6.   "Document" means any tangible thing which may be the subject of a document request under Rule 26 and 34 of the Mississippi Rules of Civil Procedure and includes, without limitation, all correspondence, writings, memoranda, drafts, contracts, letters, reports, minutes of meetings, agreements, communications, electronic messaging, text messaging, notes, studies, plans, analyses, work papers, diary or calendar entries, statistical and financial records, books, logs, minutes or records of conferences or meetings, records or summaries of telephone calls or other conversations or communications, magnetic tape, sound or mechanical reproductions, visual or sound tape or other recordings, data compilations, and other written communications and computerized records of any kind, including, but not limited to, electronic mail and documents, information and data stored in computer files, databases, PDA's, Blackberries, or similar devices. The term "document" also includes any and all copies of any document that contain any notation or otherwise differ from the original and other copies, and specifically includes any and all drafts of the above and any and all

handwritten notes or notations in whatever form together with any attachments to any such documents.

7.  "Refer to," "referring to," relate to" or "relating to" means in whole or in part relating to, referring to, constituting, containing, embodying, discussing, reflecting, dealing with, analyzing, pertaining to or in any way relevant within the meaning of Rule 26(b)(1) of the Mississippi Rules of Civil Procedure.

8.  "Underlying action" refers to the state court action styled *BancorpSouth Bank v. Sterling Dev. Co., LLC.*, Cause No. A2402-11-57, Circuit Court of Harrison County, Mississippi.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.  All documents and/or other tangible things including exhibits you may or will introduce or use at the trial of this cause.

2.  All correspondence, memos, e-mail, faxes, texts, or other written communication or documents which support or tend to support the allegations of the Complaint (including electronically stored information stored in any medium from which information can be obtained).

3.  All correspondence, memos, e-mail, faxes, texts, or other written communication or documents (including electronically stored information stored in any medium from which information can be obtained) to or from James S. Olin, John G. McNeil and/or John A. McNeil, Jr. relative to the default on the commercial loans made to Splash-Biloxi, LLC. and your personal guaranty(s).

4.  All correspondence, memos, e-mail, faxes, texts, or other written communication or documents (including electronically stored information stored in any medium from which information can be obtained) to or from you and BankcorpSouth, its agents, servants, employees, and attorneys

Page 3 of 11

**DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO JAMES S. OLIN**

relative to the default on the commercial loans made to Splash-Biloxi, LLC. and the personal guaranty of James S. Olin, John G. McNeil, and/or John A. McNeil, Jr.

5.     All correspondence, memos, e-mail, faxes, texts, or other written communication or documents (including electronically stored information stored in any medium from which information can be obtained) to or from James S. Olin, John G. McNeil and/or John A. McNeil, Jr. relative to *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

6.     All correspondence, memos, e-mail, faxes, texts, or other written communication or documents (including electronically stored information stored in any medium from which information can be obtained) between you and anyone else relative to *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

7.     All documents, correspondence, e-mails, faxes, texts or other written communications, (including electronically stored information stored in any medium from which information can be obtained) to or from you relative to the claims of professional negligence of the Defendants.

8.     All documents, correspondence, e-mails, faxes, texts or other written communications or documents (including electronically stored information stored in any medium from which information can be obtained) supporting the allegations of the Complaint that the Defendants committed legal malpractice.

9.     All documents, correspondence, memorandum, e-mails, faxes, texts, or other written communications or documents (including electronically stored information stored in any medium from which information can be obtained) reflecting instructions to Luther, Collier, Hodges & Cash, LLP, Lucian Hodges, and/or Sam Gaillard Ladd, Jr., regarding the default judgment, motion to set

**DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO JAMES S. OLIN**

aside default judgment, or the hearing on the motion to set aside default judgment in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

10. All documents, correspondence, memorandum, e-mails, faxes, texts, or other written communications or documents (including electronically stored information stored in any medium from which information can be obtained) reflecting the scope of Luther, Collier, Hodges & Cash, LLP,'s representation of you in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

11. All documents, correspondence, memorandum, e-mails, faxes, texts, or other communications or documents (including electronically stored information stored in any medium from which information can be obtained) relating to your retention, engagement, or employment of legal counsel in *BancorpSouth Bank v. Sterling Dev. Co., LLC.* other than Luther, Collier, Hodges & Cash, LLP.

12. All documents, correspondence, memorandum, e-mails, faxes, texts, or other communications or documents (including electronically stored information stored in any medium from which information can be obtained) reflecting actions taken after the discharge of Luther, Collier, Hodges & Cash, LLP, as counsel in the underlying action to have the default judgment set aside or to set the motion to set aside default judgment for hearing.

13. All communications, correspondence, memos, e-mails, texts, or other forms of written communication or documents( including electronically stored information stored in any medium from which information can be obtained) relating to your personal guaranty(s) described in the Complaint including nonpayment thereof.

**DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO JAMES S. OLIN**

14.   All communications, correspondence, memos, e-mails, texts, or other forms of written communication or documents ( including electronically stored information stored in any medium from which information can be obtained) between you and  Luther, Collier, Hodges & Cash, LLP or its member or employees prior to entry of default judgment in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

15.   All communications, correspondence, memos, e-mails, texts, or other forms of written communication or documents ( including electronically stored information stored in any medium from which information can be obtained) between you and  Luther, Collier, Hodges & Cash, LLP or its member or employees subsequent to entry of default judgment in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

16.   All communications, correspondence, memos, e-mails, texts, or other forms of written communication or documents (including electronically stored information stored in any medium from which information can be obtained) between you and BancorpSouth Bank, its agents, servants, and employees prior to entry of default judgment in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

17.   All communications, correspondence, memos, e-mails, texts, or other forms of written communication or documents (including electronically stored information stored in any medium from which information can be obtained) between you and BancorpSouth Bank, its agents, servants, and employees  subsequent to entry of default judgment in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

18.   All communications, correspondence, memos, e-mails, texts, or other forms of written communication or documents ( including electronically stored information stored in any medium from

DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO JAMES S. OLIN

which information can be obtained)  between you, John G. McNeil and/or John A. McNeil, Jr. subsequent to entry of default judgment in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

19.    All communications, correspondence, memos, e-mails, tests, or other forms of written communication or documents (including electronically stored information stored in any medium from which information can be obtained) between you or anyone acting on your behalf and any other person or entity regarding the default judgment in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

20.    All documents, (including electronically stored information stored in any medium from which information can be obtained) reflecting any defense to the action filed against you in *BancorpSouth Bank v. Sterling Dev. Co., LLC.* on your personal guaranty(s).

21.    All communications,  correspondence, memos, e-mails, texts,  or other written communication or documents, (including electronically stored information stored in any medium from which information can be obtained) between you  or anyone acting on his behalf and BancorpSouth, its agents, servants, employees and attorneys  regarding the commercial loans made to Splash-Biloxi, LLC. and your personal guaranty(s) after entry of the default judgment in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

22.    All communications, correspondence, memos, e-mails, texts,  or other written communication or documents ( including electronically stored information stored in any medium from which information can be obtained) between you or anyone acting on your behalf and any other person or entity regarding the alleged legal malpractice of Luther, Collier, Hodges & Cash, LLP, Lucian Hodges, and/or  Sam Gaillard Ladd, Jr.

**DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO JAMES S. OLIN**

23.   All internal memorandum, notes, texts, e-mails, telephone call records, correspondence, diaries, files or records ( including electronically stored information stored in any medium from which information can be obtained) relating to the commercial loans made to Splash-Biloxi, LLC. and your personal guaranty(s).

24.   All communications, correspondence, memos, e-mails, texts,  or other written communication or documents (including electronically stored information stored in any medium from which information can be obtained) reflecting or referring or relating to the failure to repay the commercial loans made to Splash-Biloxi, LLC. and your personal guaranty(s).

25.   All communications, correspondence, memos, e-mails, texts,  or other written communication or documents (including electronically stored information stored in any medium from which information can be obtained)  reflecting or referring or relating  to efforts by BancorpSouth to collect the $1.9 million judgment referred to in paragraph 15 of the Complaint.

26.   All communications, correspondence, memos, e-mails, texts,  or other written communication or documents (including electronically stored information stored in any medium from which information can be obtained)  reflecting or referring or relating to payment, in whole or in part, of the amounts sought in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

27.   All documents, including settlement agreements, memorandum of understanding, releases, covenants not to sue, settlement check, or similar documents  reflecting  the settlement between BancorpSouth and you of the claims asserted in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

**DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO JAMES S. OLIN**

28.     All documents, correspondence, memorandum, e-mails, faxes, texts, or other communications (including electronically stored information stored in any medium from which information can be obtained) which evidences that "but for" the negligence of Luther, Collier, Hodges & Cash, LLP, Lucian Hodges, and/or Sam Gaillard Ladd, Jr., you would have prevailed in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

29.     All documents, correspondence, memorandum, e-mails, faxes, texts, or other communications (including electronically stored information stored in any medium from which information can be obtained) which evidences any defenses possessed by you in *BancorpSouth Bank v. Sterling Dev. Co., LLC.* on your personal guaranty(s).

30.     All documents, correspondence, memorandum, e-mails, faxes, texts, or other communications (including electronically stored information stored in any medium from which information can be obtained) which demonstrates that you could have prevailed in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

31.     All documents (including electronically stored information stored in any medium from which information can be obtained) evidencing that damages or losses incurred by you were proximately caused by the alleged negligence of Luther, Collier, Hodges & Cash, LLP, Lucian Hodges, and/or Sam Gaillard Ladd, Jr.

32.     All reports, conclusions, and opinions of any expert witness retained or employed by the Plaintiff who is expected to testify at trial.

**DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO JAMES S. OLIN**

Respectfully submitted, this the 28th day of October, 2015.

LUTHER, COLLIER, HODGES & CASH, LLP;
LUCIEN HODGES; SAM GAILLARD LADD, JR.


BY: COPELAND, COOK, TAYLOR & BUSH, PA

BY:    s/WILLIAM E. WHITFIELD, III
Mississippi Bar No. 7161
s/JAMES E. WELCH, JR.
Mississippi Bar No. 7090

Page 10 of 11

**DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO JAMES S. OLIN**

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2015, I electronically mailed the foregoing to the following:

> R. Hayes Johnson
> rhayesj@gmail.com
> **Attorney for Plaintiff**

I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participants: none

> s/WILLIAM E. WHITFIELD, III
> Mississippi Bar No. 7161
> s/JAMES E. WELCH, JR.
> Mississippi Bar No. 7090

William E. Whitfield, III.
James E. Welch, Jr.
COPELAND, COOK, TAYLOR, & BUSH, P.A.
2781 C.T. Switzer Sr. Drive, Suite 200
Biloxi, Mississippi 39531
P.O. Box 10
Gulfport, Mississippi 39502-0010
telephone (228) 863-6101
telecopier (228) 863-9526

**DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO JAMES S. OLIN**

IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
SECOND JUDICIAL DISTRICT

JAMES S. OLIN; JOHN G. MCNEIL; AND
JOHN A. MCNEIL, JR.                                           **PLAINTIFFS**

VS.                                              **CIVIL ACTION NO.: A2402-2015-97**

LUTHER, COLLIER, HODGES & CASH, LLP;
LUCIEN HODGES; SAM GAILLARD LADD, JR.;
AND JOHN DOES 1-10                                           **DEFENDANTS**

---

### DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF JOHN G. MCNEIL

---

COME NOW Defendants, Luther, Collier, Hodges & Cash, LLP,  by and through their counsel of record, Copeland, Cook. Taylor & Bush, P.A., and pursuant to Rule 34 of the Mississippi Rules of Civil Procedure, propounds the following requests for production of documents to Plaintiff John A. McNeil  to be answered within thirty days of service hereof pursuant to the Mississippi Rules of Civil Procedure.

### **DEFINITIONS**

For the purpose of these Requests for Production, the words set forth shall have the following meaning:

1.    Whenever the terms "you" or "your" are used herein, they shall refer to John G. McNeil under any name by which he may have been known or may have done business, and shall be interpreted to include his agents, servants, employees, and attorneys.

Page 1 of 11

DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO JOHN G. MCNEIL

2. "Person" shall mean any individual, partnership, company, firm, association, corporation or other business, governmental, or legal entity.

3. "Address" shall mean the street number, street, city, and state of the subject person, business or other entity.

4. Whenever the term "Plaintiff" is used it refers to John G. McNeil.

5. Whenever the term "Defendants" is used it refers to Luther, Collier, Hodges & Cash, LLP, Lucian Hodges and/or Sam Gaillard Ladd, Jr.

6. "Document" means any tangible thing which may be the subject of a document request under Rule 26 and 34 of the Mississippi Rules of Civil Procedure  and includes, without limitation, all correspondence, writings, memoranda, drafts, contracts, letters, reports, minutes of meetings, agreements, communications, electronic messaging, text messaging, notes, studies, plans, analyses, work papers, diary or calendar entries, statistical and financial records, books, logs,  minutes or records of conferences or meetings, records or summaries of telephone calls or other conversations or communications, magnetic tape, sound or mechanical reproductions, visual or sound tape or other recordings, data compilations, and other written communications and computerized records of any kind, including, but not limited to, electronic mail and documents, information and data stored in computer files, databases, PDA's, Blackberries, or similar devices.  The term "document" also includes any and all copies of any document that contain any notation or otherwise differ from the original and other copies, and specifically includes any and all drafts of the above and any and all

DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO JOHN G. MCNEIL

handwritten notes or notations in whatever form together with any attachments to any such documents.

7.  "Refer to," "referring to," relate to" or "relating to" means in whole or in part relating to, referring to, constituting, containing, embodying, discussing, reflecting, dealing with, analyzing, pertaining to or in any way relevant within the meaning of Rule 26(b)(1) of the Mississippi Rules of Civil Procedure.

8.  "Underlying action" refers to the state court action styled *BancorpSouth Bank v. Sterling Dev. Co., LLC.*, Cause No. A2402-11-57, Circuit Court of Harrison County, Mississippi.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.  All documents and/or other tangible things including exhibits you may or will introduce or use at the trial of this cause.

2.  All correspondence, memos, e-mail, faxes, texts, or other written communication or documents which support or tend to support the allegations of the Complaint (including electronically stored information stored in any medium from which information can be obtained).

3.  All correspondence, memos, e-mail, faxes, texts, or other written communication or documents (including electronically stored information stored in any medium from which information can be obtained) to or from James S. Olin, John G. McNeil and/or John A. McNeil, Jr. relative to the default on the commercial loans made to Splash-Biloxi, LLC. and your personal guaranty(s).

4.  All correspondence, memos, e-mail, faxes, texts, or other written communication or documents (including electronically stored information stored in any medium from which information can be obtained) to or from you and BankcorpSouth, its agents, servants, employees, and attorneys

DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO JOHN G. MCNEIL

relative to the default on the commercial loans made to Splash-Biloxi, LLC. and the personal guaranty(s) of James S. Olin, John G. McNeil, and/or John A. McNeil, Jr.

5.      All correspondence, memos, e-mail, faxes, texts, or other written communication or documents (including electronically stored information stored in any medium from which information can be obtained) to or from James S. Olin, John G. McNeil and/or John A. McNeil, Jr. relative to *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

6.      All correspondence, memos, e-mail, faxes, texts, or other written communication or documents (including electronically stored information stored in any medium from which information can be obtained) between you and anyone else relative to *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

7.      All documents, correspondence, e-mails, faxes, texts or other written communications, (including electronically stored information stored in any medium from which information can be obtained) to or from you relative to the claims of professional negligence of the Defendants.

8.      All documents, correspondence, e-mails, faxes, texts or other written communications or documents (including electronically stored information stored in any medium from which information can be obtained) supporting the allegations of the Complaint that the Defendants committed legal malpractice.

9.      All documents, correspondence, memorandum, e-mails, faxes, texts, or other written communications or documents (including electronically stored information stored in any medium from which information can be obtained) reflecting instructions to Luther, Collier, Hodges & Cash, LLP, Lucian Hodges, and/or Sam Gaillard Ladd, Jr., regarding the default judgment, motion to set

DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO JOHN G. MCNEIL

aside default judgment, or the hearing on the motion to set aside default judgment in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

10.    All documents, correspondence, memorandum, e-mails, faxes, texts, or other written communications or documents (including electronically stored information stored in any medium from which information can be obtained) reflecting the scope of Luther, Collier, Hodges & Cash, LLP,'s representation of you in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

11.    All documents, correspondence, memorandum, e-mails, faxes, texts, or other communications or documents (including electronically stored information stored in any medium from which information can be obtained) relating to your retention, engagement, or employment of legal counsel in *BancorpSouth Bank v. Sterling Dev. Co., LLC.* other than Luther, Collier, Hodges & Cash, LLP.

12.    All documents, correspondence, memorandum, e-mails, faxes, texts, or other communications or documents (including electronically stored information stored in any medium from which information can be obtained) reflecting actions taken after the discharge of Luther, Collier, Hodges & Cash, LLP, as counsel in the underlying action to have the default judgment set aside or to set the motion to set aside default judgment for hearing.

13.    All communications, correspondence, memos, e-mails, texts, or other forms of written communication or documents( including electronically stored information stored in any medium from which information can be obtained) relating to your personal guaranty(s) described in the Complaint including nonpayment thereof.

**DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO JOHN G. MCNEIL**

14.    All communications, correspondence, memos, e-mails, texts, or other forms of written communication or documents (including electronically stored information stored in any medium from which information can be obtained) between you and  Luther, Collier, Hodges & Cash, LLP or its member or employees prior to entry of default judgment in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

15.    All communications, correspondence, memos, e-mails, texts, or other forms of written communication or documents (including electronically stored information stored in any medium from which information can be obtained) between you and  Luther, Collier, Hodges & Cash, LLP or its member or employees subsequent to entry of default judgment in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

16.    All communications, correspondence, memos, e-mails, texts, or other forms of written communication or documents (including electronically stored information stored in any medium from which information can be obtained) between you and BancorpSouth Bank, its agents, servants, and employees prior to entry of default judgment in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

17.    All communications, correspondence, memos, e-mails, texts, or other forms of written communication or documents (including electronically stored information stored in any medium from which information can be obtained) between you and BancorpSouth Bank, its agents, servants, and employees subsequent to entry of default judgment in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

18.    All communications, correspondence, memos, e-mails, texts, or other forms of written communication or documents (including electronically stored information stored in any medium from

Page 6 of 11

**DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO JOHN G. MCNEIL**

which information can be obtained) between you, James S. Olin and/or John A. McNeil, Jr. subsequent to entry of default judgment in *BancorpSouth Bank v. Sterling Dev. Co., LLC*.

19.   All communications, correspondence, memos, e-mails, tests, or other forms of written communication or documents (including electronically stored information stored in any medium from which information can be obtained) between you or anyone acting on your behalf and any other person or entity regarding the default judgment in *BancorpSouth Bank v. Sterling Dev. Co., LLC*.

20.   All documents, (including electronically stored information stored in any medium from which information can be obtained) reflecting any defense to the action filed against you in *BancorpSouth Bank v. Sterling Dev. Co., LLC*. on your personal guaranty(s).

21.   All communications,   correspondence, memos, e-mails, texts,   or other written communication or documents, (including electronically stored information stored in any medium from which information can be obtained) between you or anyone acting on his behalf and BancorpSouth, its agents, servants, employees and attorneys regarding the commercial loans made to Splash-Biloxi, LLC. and your personal guaranty(s) after entry of the default judgment in *BancorpSouth Bank v. Sterling Dev. Co., LLC*.

22.   All communications, correspondence, memos, e-mails, texts,   or other written communication or documents ( including electronically stored information stored in any medium from which information can be obtained) between you or anyone acting on your behalf and any other person or entity regarding the alleged legal malpractice of Luther, Collier, Hodges & Cash, LLP, Lucian Hodges, and/or  Sam Gaillard Ladd, Jr.

Page 7 of 11

**DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO JOHN G. MCNEIL**

23. All internal memorandum, notes, texts, e-mails, telephone call records, correspondence, diaries, files or records ( including electronically stored information stored in any medium from which information can be obtained) relating to the commercial loans made to Splash-Biloxi, LLC. and your personal guaranty(s).

24. All communications, correspondence, memos, e-mails, texts, or other written communication or documents (including electronically stored information stored in any medium from which information can be obtained) reflecting or referring or relating to the failure to repay the commercial loans made to Splash-Biloxi, LLC. and your personal guaranty(s).

25. All communications, correspondence, memos, e-mails, texts, or other written communication or documents (including electronically stored information stored in any medium from which information can be obtained) reflecting or referring or relating to efforts by BancorpSouth to collect the $1.9 million judgment referred to in paragraph 15 of the Complaint.

26. All communications, correspondence, memos, e-mails, texts, or other written communication or documents (including electronically stored information stored in any medium from which information can be obtained) reflecting or referring or relating to payment, in whole or in part, of the amounts sought in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

27. All documents, including settlement agreements, memorandum of understanding, releases, covenants not to sue, settlement check, or similar documents reflecting the settlement between BancorpSouth and you of the claims asserted in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

**DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO JOHN G. MCNEIL**

28.   All documents, correspondence, memorandum, e-mails, faxes, texts, or other communications (including electronically stored information stored in any medium from which information can be obtained) which evidences that "but for" the negligence of Luther, Collier, Hodges & Cash, LLP, Lucian Hodges, and/or Sam Gaillard Ladd, Jr., you would have prevailed in *BancorpSouth Bank v. Sterling Dev. Co., LLC*.

29.   All documents, correspondence, memorandum, e-mails, faxes, texts, or other communications (including electronically stored information stored in any medium from which information can be obtained) which evidences any defenses possessed by you in *BancorpSouth Bank v. Sterling Dev. Co., LLC.* on your personal guaranty(s).

30.   All documents, correspondence, memorandum, e-mails, faxes, texts, or other communications (including electronically stored information stored in any medium from which information can be obtained) which demonstrates that you could have prevailed in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

31.   All documents (including electronically stored information stored in any medium from which information can be obtained) evidencing that damages or losses incurred by you were proximately caused by the alleged negligence of Luther, Collier, Hodges & Cash, LLP, Lucian Hodges, and/or Sam Gaillard Ladd, Jr.

32.   All reports, conclusions, and opinions of any expert witness retained or employed by the Plaintiff who is expected to testify at trial.

**DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO JOHN G. MCNEIL**

Respectfully submitted, this the 28th day of October, 2015.

LUTHER, COLLIER, HODGES & CASH, LLP;
LUCIEN HODGES; SAM GAILLARD LADD, JR.

BY: COPELAND, COOK, TAYLOR & BUSH, PA

BY:    s/WILLIAM E. WHITFIELD, III
          Mississippi Bar No. 7161
          s/JAMES E. WELCH, JR.
          Mississippi Bar No. 7090

Page 10 of 11

**DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO JOHN G. MCNEIL**

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2015, I electronically mailed the foregoing to the following:

> R. Hayes Johnson
> rhayesj@gmail.com
> **Attorney for Plaintiff**

I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participants: none

> s/WILLIAM E. WHITFIELD, III
> Mississippi Bar No. 7161
> s/JAMES E. WELCH, JR.
> Mississippi Bar No. 7090

William E. Whitfield, III.
James E. Welch, Jr.
COPELAND, COOK, TAYLOR, & BUSH, P.A.
2781 C.T. Switzer Sr. Drive, Suite 200
Biloxi, Mississippi 39531
P.O. Box 10
Gulfport, Mississippi 39502-0010
telephone (228) 863-6101
telecopier (228) 863-9526

DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO JOHN G. MCNEIL

IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
SECOND JUDICIAL DISTRICT

JAMES S. OLIN; JOHN G. MCNEIL; AND
JOHN A. MCNEIL, JR.                                          **PLAINTIFFS**

VS.                                          **CIVIL ACTION NO.: A2402-2015-97**

LUTHER, COLLIER, HODGES & CASH, LLP;
LUCIEN HODGES; SAM GAILLARD LADD, JR.;
AND JOHN DOES 1-10                                          **DEFENDANTS**

---

## DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF JOHN A. MCNEIL, JR.

---

COME NOW Defendants, Luther, Collier, Hodges & Cash, LLP, by and through their counsel of record, Copeland, Cook. Taylor & Bush, P.A., and pursuant to Rule 34 of the Mississippi Rules of Civil Procedure, propounds the following requests for production of documents to Plaintiff John A. McNeil, Jr. to be answered within thirty days of service hereof pursuant to the Mississippi Rules of Civil Procedure.

### DEFINITIONS

For the purpose of these Requests for Production, the words set forth shall have the following meaning:

1.    Whenever the terms "you" or "your" are used herein, they shall refer to John A. McNeil, Jr. under any name by which he may have been known or may have done business, and shall be interpreted to include his agents, servants, employees, and attorneys.

DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO JOHN A. MCNEIL, JR.

2.   "Person" shall mean any individual, partnership, company, firm, association, corporation or other business, governmental, or legal entity.

3.   "Address" shall mean the street number, street, city, and state of the subject person, business or other entity.

4.   Whenever the term "Plaintiff" is used it refers to John A. McNeil, Jr.

5.   Whenever the term "Defendants" is used it refers to Luther, Collier, Hodges & Cash, LLP, Lucian Hodges and/or Sam Gaillard Ladd, Jr.

6.   "Document" means any tangible thing which may be the subject of a document request under Rule 26 and 34 of the Mississippi Rules of Civil Procedure and includes, without limitation, all correspondence, writings, memoranda, drafts, contracts, letters, reports, minutes of meetings, agreements, communications, electronic messaging, text messaging, notes, studies, plans, analyses, work papers, diary or calendar entries, statistical and financial records, books, logs, minutes or records of conferences or meetings, records or summaries of telephone calls or other conversations or communications, magnetic tape, sound or mechanical reproductions, visual or sound tape or other recordings, data compilations, and other written communications and computerized records of any kind, including, but not limited to, electronic mail and documents, information and data stored in computer files, databases, PDA's, Blackberries, or similar devices. The term "document" also includes any and all copies of any document that contain any notation or otherwise differ from the original and other copies, and specifically includes any and all drafts of the above and any and all

**DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO JOHN A. MCNEIL, JR.**

handwritten notes or notations in whatever form together with any attachments to any such documents.

7.    "Refer to," "referring to," relate to" or "relating to" means in whole or in part relating to, referring to, constituting, containing, embodying, discussing, reflecting, dealing with, analyzing, pertaining to or in any way relevant within the meaning of Rule 26(b)(1) of the Mississippi Rules of Civil Procedure.

8.    "Underlying action" refers to the state court action styled *BancorpSouth Bank v. Sterling Dev. Co., LLC.*, Cause No. A2402-11-57, Circuit Court of Harrison County, Mississippi.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.    All documents and/or other tangible things including exhibits you may or will introduce or use at the trial of this cause.

2.    All correspondence, memos, e-mail, faxes, texts, or other written communication or documents which support or tend to support the allegations of the Complaint (including electronically stored information stored in any medium from which information can be obtained).

3.    All correspondence, memos, e-mail, faxes, texts, or other written communication or documents (including electronically stored information stored in any medium from which information can be obtained) to or from James S. Olin, John G. McNeil and/or John A. McNeil, Jr. relative to the default on the commercial loans made to Splash-Biloxi, LLC. and your personal guaranty(s).

4.    All correspondence, memos, e-mail, faxes, texts, or other written communication or documents (including electronically stored information stored in any medium from which information can be obtained) to or from you and BankcorpSouth, its agents, servants, employees, and attorneys

DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO JOHN A. MCNEIL, JR.

relative to the default on the commercial loans made to Splash-Biloxi, LLC. and the personal guaranty(s) of James S. Olin, John G. McNeil, and/or John A. McNeil, Jr.

5.     All correspondence, memos, e-mail, faxes, texts, or other written communication or documents (including electronically stored information stored in any medium from which information can be obtained) to or from James S. Olin, John G. McNeil and/or John A. McNeil, Jr. relative to *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

6.     All correspondence, memos, e-mail, faxes, texts, or other written communication or documents (including electronically stored information stored in any medium from which information can be obtained) between you  and anyone else relative to *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

7.     All documents, correspondence, e-mails, faxes, texts or other written communications, (including electronically stored information stored in any medium from which information can be obtained) to or from you relative to the claims of professional negligence of the Defendants.

8.   All documents, correspondence, e-mails, faxes, texts or other written communications or documents (including electronically stored information stored in any medium from which information can be obtained) supporting the allegations of the Complaint that the Defendants committed legal malpractice.

9.   All documents, correspondence, memorandum, e-mails, faxes, texts, or other written communications or documents (including electronically stored information stored in any medium from which information can be obtained) reflecting instructions to  Luther, Collier, Hodges & Cash, LLP, Lucian Hodges, and/or  Sam Gaillard Ladd, Jr., regarding the default judgment,  motion to set

**DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO JOHN A. MCNEIL, JR.**

aside default judgment, or the hearing on the motion to set aside default judgment in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

10.     All documents, correspondence, memorandum, e-mails, faxes, texts, or other written communications or documents (including electronically stored information stored in any medium from which information can be obtained) reflecting the scope of Luther, Collier, Hodges & Cash, LLP's representation of you in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

11.     All documents, correspondence, memorandum, e-mails, faxes, texts, or other communications or documents (including electronically stored information stored in any medium from which information can be obtained) relating to your retention, engagement, or employment of legal counsel in *BancorpSouth Bank v. Sterling Dev. Co., LLC.* other than Luther, Collier, Hodges & Cash, LLP.

12.     All documents, correspondence, memorandum, e-mails, faxes, texts, or other communications or documents (including electronically stored information stored in any medium from which information can be obtained) reflecting actions taken after the discharge of Luther, Collier, Hodges & Cash, LLP. as counsel in the underlying action to have the default judgment set aside or to set the motion to set aside default judgment for hearing.

13.     All communications, correspondence, memos, e-mails, texts, or other forms of written communication or documents( including electronically stored information stored in any medium from which information can be obtained) relating to your personal guaranty(s) described in the Complaint including nonpayment thereof.

**DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO JOHN A. MCNEIL, JR.**

14.    All communications, correspondence, memos, e-mails, texts, or other forms of written communication or documents ( including electronically stored information stored in any medium from which information can be obtained) between you and  Luther, Collier, Hodges & Cash, LLP or its member or employees prior to entry of default judgment in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

15.    All communications, correspondence, memos, e-mails, texts, or other forms of written communication or documents ( including electronically stored information stored in any medium from which information can be obtained) between you and  Luther, Collier, Hodges & Cash, LLP or its member or employees subsequent to entry of default judgment in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

16.    All communications, correspondence, memos, e-mails, texts, or other forms of written communication or documents (including electronically stored information stored in any medium from which information can be obtained) between you and BancorpSouth Bank, its agents, servants, and employees prior to entry of default judgment in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

17.    All communications, correspondence, memos, e-mails, texts, or other forms of written communication or documents (including electronically stored information stored in any medium from which information can be obtained) between you and BancorpSouth Bank, its agents, servants, and employees subsequent to entry of default judgment in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

18.    All communications, correspondence, memos, e-mails, texts, or other forms of written communication or documents ( including electronically stored information stored in any medium from

DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO JOHN A. MCNEIL, JR.

which information can be obtained)  between James G. Olin and John G. McNeil and/or John A. McNeil, Jr. subsequent to entry of default judgment in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

19.    All communications, correspondence, memos, e-mails, tests, or other forms of written communication or documents (including electronically stored information stored in any medium from which information can be obtained) between you  or anyone acting on your behalf and any other person or entity regarding the default judgment in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

20.    All documents, (including electronically stored information stored in any medium from which information can be obtained) reflecting any defense to the action filed against you in *BancorpSouth Bank v. Sterling Dev. Co., LLC.* on your personal guaranty(s).

21.    All communications,  correspondence, memos, e-mails, texts,  or other written communication or documents, (including electronically stored information stored in any medium from which information can be obtained) between you  or anyone acting on his behalf and BancorpSouth, its agents, servants, employees and attorneys regarding the commercial loans made to Splash-Biloxi, LLC. and your personal guaranty(s) after entry of the default judgment in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

22.    All communications, correspondence, memos, e-mails, texts,  or other written communication or documents ( including electronically stored information stored in any medium from which information can be obtained) between you  or anyone acting on your behalf and any other person or entity regarding the alleged negligence of Luther, Collier, Hodges & Cash, LLP, Lucian Hodges, and/or  Sam Gaillard Ladd, Jr.

23.  All internal memorandum, notes, texts, e-mails, telephone call records, correspondence, diaries, files or records ( including electronically stored information stored in any medium from which information can be obtained) relating to the commercial loans made to Splash-Biloxi, LLC. and your personal guaranty(s).

24.  All communications, correspondence, memos, e-mails, texts,  or other written communication or documents (including electronically stored information stored in any medium from which information can be obtained) reflecting or referring or relating to the failure to repay the commercial loans made to Splash-Biloxi, LLC. and your personal guaranty(s).

25.  All communications, correspondence, memos, e-mails, texts,  or other written communication or documents (including electronically stored information stored in any medium from which information can be obtained)  reflecting or referring or relating to efforts by BancorpSouth to collect the $1.9 million judgment referred to in paragraph 15 of the Complaint.

26.  All communications, correspondence, memos, e-mails, texts,  or other written communication or documents (including electronically stored information stored in any medium from which information can be obtained) reflecting or referring to relating to payment, in whole or in part, of the amounts sought in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

27.  All documents, including settlement agreements, memorandum of understanding, releases, covenants not to sue, settlement check, or similar documents  reflecting  the settlement between BancorpSouth and you of the claims asserted in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

**DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO JOHN A. MCNEIL, JR.**

28.   All documents, correspondence, memorandum, e-mails, faxes, texts, or other communications (including electronically stored information stored in any medium from which information can be obtained) which evidences that "but for" the negligence of Luther, Collier, Hodges & Cash, LLP, Lucian Hodges, and/or  Sam Gaillard Ladd, Jr., you would have prevailed in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

29.   All documents, correspondence, memorandum, e-mails, faxes, texts, or other communications (including electronically stored information stored in any medium from which information can be obtained) which evidences any defenses possessed by you in *BancorpSouth Bank v. Sterling Dev. Co., LLC.* on your personal guaranty(s).

30.   All documents, correspondence, memorandum, e-mails, faxes, texts, or other communications (including electronically stored information stored in any medium from which information can be obtained) which demonstrates that you could have prevailed in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

31.   All documents (including electronically stored information stored in any medium from which information can be obtained)  evidencing that  damages or losses  incurred by you were proximately caused by the alleged negligence of Luther, Collier, Hodges & Cash, LLP, Lucian Hodges, and/or  Sam Gaillard Ladd, Jr.

32.   All reports, conclusions, and opinions of any expert witness retained or employed by the Plaintiff who is expected to testify at trial.

**DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO JOHN A. MCNEIL, JR.**

Respectfully submitted, this the 28th day of October, 2015.

LUTHER, COLLIER, HODGES & CASH, LLP;
LUCIEN HODGES; SAM GAILLARD LADD, JR.


BY: COPELAND, COOK, TAYLOR & BUSH, PA

BY:   s/<u>WILLIAM E. WHITFIELD, III</u>
        Mississippi Bar No. 7161
        s/<u>JAMES E. WELCH, JR.</u>
        Mississippi Bar No. 7090

Page 10 of 11

**DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO JOHN A. MCNEIL, JR.**

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2015, I electronically mailed the foregoing to the following:

> R. Hayes Johnson
> rhayesj@gmail.com
> **Attorney for Plaintiff**

I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participants: none

s/WILLIAM E. WHITFIELD, III
Mississippi Bar No. 7161
s/JAMES E. WELCH, JR.
Mississippi Bar No. 7090

William E. Whitfield, III.
James E. Welch, Jr.
COPELAND, COOK, TAYLOR, & BUSH, P.A.
2781 C.T. Switzer Sr. Drive, Suite 200
Biloxi, Mississippi 39531
P.O. Box 10
Gulfport, Mississippi 39502-0010
telephone (228) 863-6101
telecopier (228) 863-9526

**DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO JOHN A. MCNEIL, JR.**

**COPELAND**
**COOK**
**TAYLOR &**
**BUSH**

December 7, 2015

*VIA E-MAIL* at rhayesj@gmail.com

R. Hayes Johnson, Jr.
Johnson Law Practice, PLLC
1902 21st Ave.
Gulfport, MS 39501

> Re:   *Olin, et al. v Luther, Collier, Hodges & Cash, LLP, et al*
>        Circuit Court of Harrison County, Mississippi
>        Cause No.:   A2402-15-97
>        Our File No.:   10469-1

Dear Hayes:

Please recall that Defendants propounded interrogatories and requests for production to each individual plaintiff on October 28, 2015. By my calculations your clients' responses are overdue. Please advise me when I can expect to receive your client's responses so that a motion to compel will not be necessary.

Please accept this as my good faith attempt to resolve this discovery dispute without the Court's intervention pursuant to the Uniform Circuit and County Court Rules.

As always, thank you for your cooperation and attention herein.  Please call if you have any questions with regard to any of the above.

Sincerely,

JAMES E. WELCH, JR. Esq.
jew,jr/ac

**GULF COAST**
Gulf Coast Professional Towers
2781 C.T. Switzer Sr. Drive, Suite 200
Biloxi, MS 39531

P.O. Box 10
Gulfport, MS 39502

Tel (228) 863-6101
Fax (228) 868-9077

EXHIBIT
B

HATTIESBURG | JACKSON | RIDGELAND                    www.CCTB.com

IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
SECOND JUDICIAL DISTRICT

JAMES S. OLIN; JOHN G. MCNEIL; AND
JOHN A. MCNEIL, JR.                                    **PLAINTIFFS**

VS.                                    CIVIL ACTION NO.: A2402-2015-97

LUTHER, COLLIER, HODGES & CASH, LLP;
LUCIEN HODGES; SAM GAILLARD LADD, JR.;
AND JOHN DOES 1-10                                    **DEFENDANTS**

## MOTION TO DISMISS CERTAIN PARTIES UNDER MISS. R. CIV. P. 41(a)

COME NOW the Plaintiffs, John G. McNeil, and John A. McNeil, Jr., and hereby request

that this matter be dismissed as to these Plaintiffs only.  Said request is brought under Miss. R.

Civ. P. 41(a).

WHEREFORE, PREMISES CONSIDERED, John G. McNeil and John A. McNeil, Jr.,

and each of them, request that this matter be dismissed as to these Plaintiffs, only, as provided by

Miss. R. Civ. P. 41(a).  Plaintiffs also request general relief.

Dated, this the 28th Day of December, 2015.

Respectfully submitted,

JOHN G. MCNEIL

JOHN A. MCNEIL

IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
SECOND JUDICIAL DISTRICT

JAMES S. OLIN; JOHN G. MCNEIL; AND
JOHN A. MCNEIL, JR.                                    **PLAINTIFFS**

**VERSUS**                          CIVIL ACTION NO.: A2402-2015-97

LUTHER, COLLIER, HODGES & CASH, LLP;
LUCIEN HODGES; SAM GAILLARD LADD, JR.;
AND JOHN DOES 1-10                                     **DEFENDANTS**

---

### ORDER GRANTING DEFENDANTS' MOTION TO COMPEL

---

This cause is here before the Court on the Defendants' Motion to Compel Responses to

Discovery pursuant to Rule 37 of the Mississippi Rules of Civil Procedure and the Court, being fully

advised in the premises, and noting the approval of all parties through their respective counsel to the

entry of this order, finds that Defendants' Motion to Compel Responses to Discovery is well taken

and should be granted. It is, therefore,

ORDERED AND ADJUDGED, that Plaintiffs John G. McNeil and John A. McNeil, Jr. be

and the same are hereby directed to respond fully, completely, and without objection to Defendants'

First Set of Interrogatories and Requests for Production of Documents on or before January 18,

2016.

ORDERED AND ADJUDGED, this the 29th day of December, 2015.

_____
CIRCUIT COURT JUDGE

AGREED AND APPROVED:

_____ / with permission Jee J.
R. Hayes Johnson, Jr.
rhayesi@gmail.com
Attorney for Plaintiffs

_____
James E. Welch, Jr.
Copeland, Cook, Taylor & Bush, P.A.
Jwelch@cctb.com
Attorney for Defendants

**FILED**

DEC 3 0 2015

GAYLE PARKER
CIRCUIT CLERK
By: _____ D.C.



RECEIVED
12-30-15
TPort

Re: Case 24CI2:15-cv-00097   Document #: 22   Filed: 12/30/2015

**IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI**
**SECOND JUDICIAL DISTRICT**

**JAMES S. OLIN**                                                      **PLAINTIFF**

**VS.**                                          **CIVIL ACTION NO. A2402-2015-97**

**LUTHER, COLLIER, HODGES & CASH, LLP;**
**LUCIEN HODGES; SAM GAILLARD LADD, JR.;**
**AND JOHN DOES 1 - 10**                                      **DEFENDANTS**

<u>NOTICE OF SERVICE</u>

TO:   James E. Welch, Jr.
      COPELAND, COOK, TAYLOR, & BUSH, PA
      P O Box 10
      Gulfport, Mississippi 39502-0010
      jwelch@cctb.com

COME NOW the Plaintiff, James S. Olin, by and through his attorney, and hereby give

notice to the Court that the above-named counsel was served with a copy of the following

discovery documents on the 23rd Day of December, 2015, in the above-entitled action, to wit:

PLAINTIFF'S RESPONSES TO DEFENDANTS FIRST SET OF INTERROGATORIES

PROPOUNDED TO PLAINTIFF JAMES S. OLIN.

Notice is further given that the undersigned will retain, as custodian, the original of the

aforementioned documents.

Dated this the 14th Day of January, 2016.

Respectfully submitted,

JAMES S. OLIN

BY:   JOHNSON LAW PRACTICE, PLLC

s/R. Hayes Johnson, Jr.

<u>CERTIFICATE OF SERVICE</u>

I, R. Hayes Johnson, Jr., attorney for JAMES S. OLIN, Plaintiff in the above styled and

numbered cause, do hereby certify that I electronically filed the foregoing with the Clerk of the

Court using the MEC system, which electronically served the following attorney(s):

James E. Welch, Jr.
COPELAND, COOK, TAYLOR, & BUSH, PA
P O Box 10
Gulfport, Mississippi 39502-0010
jwelch@cctb.com

This the 23rd Day of December, 2015.

/s/ *R. HAYES JOHNSON, JR.*
R. Hayes Johnson, Jr.
MSB No. 10697

JOHNSON LAW PRACTICE, PLLC
R. Hayes Johnson, Jr. (MSB #10697)
P O Box 717, Long Beach MS 39560
1902 21st Avenue, Gulfport MS 39501
228 868-5499-office/888 647-3665-fax
rhayesj@gmail.com

IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
SECOND JUDICIAL DISTRICT

JAMES S. OLIN; JOHN G. MCNEIL; AND
JOHN A. MCNEIL, JR.                                          **PLAINTIFFS**

**VERSUS**                                    CIVIL ACTION NO.: A2402-2015-97

LUTHER, COLLIER, HODGES & CASH, LLP;
LUCIEN HODGES; SAM GAILLARD LADD, JR.;
AND JOHN DOES 1-10                                          **DEFENDANTS**

---

### NOTICE OF HEARING

---

To:    R. Hayes Johnson
       rhayesj@gmail.com
       Attorney for Plaintiffs

       Shirley Valdez, Court Administrator
       svaldez@co.harrison.ms.us

       PLEASE TAKE NOTICE that Luther, Collier, Hodges & Cash, LLP, Lucien Hodges, and

Sam Gaillard Ladd, Jr., Defendants in the above styled and numbered cause, will bring on for

hearing their Motion to Compel before the Honorable Lisa P. Dodson, Harrison County Circuit Court

Judge, on **February 12, 2016 at 9:00 a.m.** or when counsel can conveniently be heard at the

Harrison County Courthouse, Second Judicial District 730 Dr., Martin Luther King, Jr., Blvd, **Biloxi,**

**MS.**

Page 1 of 3
**NOTICE OF HEARING**

Respectfully submitted, this the 14th day of January, 2016.

LUTHER, COLLIER, HODGES & CASH, LLP;
LUCIEN HODGES; SAM GAILLARD LADD, JR.


BY: COPELAND, COOK, TAYLOR & BUSH, PA

BY:    s/<u>WILLIAM E. WHITFIELD, III</u>
        Mississippi Bar No. 7161
        s/<u>JAMES E. WELCH, JR.</u>
        Mississippi Bar No. 7090

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2016, I electronically mailed the foregoing to the

following:

> R. Hayes Johnson
> rhayesj@gmail.com
> **Attorney for Plaintiffs**

I hereby certify that I have mailed by United States Postal Service the document to the

following non-ECF participants: none


s/WILLIAM E. WHITFIELD, III
Mississippi Bar No. 7161
s/JAMES E. WELCH, JR.
Mississippi Bar No. 7090


William E. Whitfield, III.
James E. Welch, Jr.
COPELAND, COOK, TAYLOR, & BUSH, P.A.
2781 C.T. Switzer Sr. Drive, Suite 200
Biloxi, Mississippi 39531
P.O. Box 10
Gulfport, Mississippi 39502-0010
telephone (228) 863-6101
telecopier (228) 863-9526

**IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI**
**SECOND JUDICIAL DISTRICT**

| | |
|---|---|
| **JAMES S. OLIN; JOHN G. MCNEIL; AND**<br>**JOHN A. MCNEIL, JR.** | **PLAINTIFFS** |
| **VERSUS** | **CIVIL ACTION NO.: A2402-2015-97** |
| **LUTHER, COLLIER, HODGES & CASH, LLP;**<br>**LUCIEN HODGES; SAM GAILLARD LADD, JR.;**<br>**AND JOHN DOES 1-10** | **DEFENDANTS** |

## <u>NOTICE OF INTENT TO SERVE SUBPOENA ON NON-PARTY</u>

Please take notice that upon the expiration of FIFTEEN (15) days (or such other time as the

Court has allowed) from the date of service of this Notice, Defendants, Luther, Collier, Hodges &

Cash, LLP; Lucien Hodges; Sam Gaillard Ladd, Jr., will apply to the Clerk of this Court for issuance

of the attached subpoena(s) directed to the individuals/entities indicated who are not parties to this

cause of action and whose address is reflected upon the subpoena (to produce the documents or

things/or to give permission to enter upon land or the property) at the time and place specified in the

subpoena.

Respectfully submitted this the 14th day of January, 2016.

**LUTHER, COLLIER, HODGES & CASH, LLP;**
**LUCIEN HODGES; SAM GAILLARD LADD, JR.**

BY:   COPELAND, COOK, TAYLOR & BUSH, P.A.

BY:   <u>/S/ JAMES E. WELCH, JR.</u>
       Mississippi Bar No. 7090

JAMES E. WELCH, JR.
COPELAND, COOK, TAYLOR & BUSH
P.O. Box 10
Gulfport, Mississippi 39502-0010
telephone (228) 863-6101
telecopier (228) 863-9526

## C E R T I F I C A T E

I hereby certify that on January 14, 2016, I electronically filed the foregoing with the Clerk

of the Court using the MECF system which sent notification of such filing to the following:

R. Hayes Johnson, Jr.
rhayesj@gmail.com
**Attorney for Plaintiffs**

SO CERTIFIED, this the 14th day of January, 2016.

s/JAMES E. WELCH, JR.
Mississippi Bar No. 7090

## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
### SECOND JUDICIAL DISTRICT

JAMES S. OLIN; JOHN G. MCNEIL; AND
JOHN A. MCNEIL, JR.                                             **PLAINTIFFS**

**VERSUS**                                   **CIVIL ACTION NO.: A2402-2015-97**

LUTHER, COLLIER, HODGES & CASH, LLP;
LUCIEN HODGES; SAM GAILLARD LADD, JR.;
AND JOHN DOES 1-10                                            **DEFENDANTS**

### SUBPOENA DUCES TECUM

GREETINGS TO ANY LAWFUL OFFICER OR PROCESS SERVER:

WE COMMAND YOU TO SUMMON Michael E. Whitehead, Page, Mannino, Peresich & mcDermott, 759 Vieux Marche Mall, Biloxi, MS 39530, to produce to James E. Welch, Jr., Esq., at the law offices of Copeland, Cook, Taylor & Bush, P.A., 2781 C. T. Switzer Sr. Drive, Suite 200, Biloxi, Mississippi 39531, the documents identified in **Exhibit "A"** attached hereto, within fourteen days of service of this Subpoena Duces Tecum.   These documents are to be used as evidence in a case pending in Circuit Court of Harrison County, Second Judicial District, wherein Luther, Collier, Hodges & Cash, LLP is the Defendant.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT, this the __ day of _____, 2016.

GAYLE PARKER, CIRCUIT CLERK

BY:_____
                  DEPUTY CLERK

**Requested by:**
James E. Welch, Jr., Esq., Miss. Bar No. 7090
COPELAND, COOK, TAYLOR & BUSH, P.A.
P.O. Box 10
Gulfport, MS 39502-0010
(228) 863-6101
Counsel for the Defendants

IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
SECOND JUDICIAL DISTRICT

JAMES S. OLIN; JOHN G. MCNEIL; AND
JOHN A. MCNEIL, JR.                                          PLAINTIFFS

VERSUS                              CIVIL ACTION NO.: A2402-2015-97

LUTHER, COLLIER, HODGES & CASH, LLP;
LUCIEN HODGES; SAM GAILLARD LADD, JR.;
AND JOHN DOES 1-10                                           DEFENDANTS

## EXHIBIT "A" TO SUBPOENA DUCES TECUM

1.      All correspondence, memos, e-mails, faxes, texts, or other written communication or documents (including electronically stored information stored in any medium from which information can be obtained) to or from James S. Olin, John G. McNeil and/or John A. McNeil, Jr. relative to the commercial loans made to Splash-Biloxi, LLC. and their personal guaranty(s).

2.      All correspondence, memos, e-mails, faxes, texts, or other written communication or documents (including electronically stored information stored in any medium from which information can be obtained) to or from counsel for James S. Olin, John G. McNeil and/or John A. McNeil, Jr. relative to the commercial loans made to Splash-Biloxi, LLC. and their personal guaranty(s).

3.      All correspondence, memos, e-mails, faxes, texts, or other written communication or documents (including electronically stored information stored in any medium from which information can be obtained) to or from James S. Olin, John G. McNeil and/or John A. McNeil, Jr. or their counsel relative to *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

4.      All correspondence, memos, e-mail, faxes, texts, or other written communication or documents (including electronically stored information stored in any medium from which information can be obtained) between you and Luther, Collier, Hodges & Cash, LLP, Lucian Hodges, and/or Sam Gaillard Ladd, Jr., relative to *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

5.      All documents, correspondence, memorandum, e-mails, faxes, texts, or other communications or documents (including electronically stored information stored in any medium from which information can be obtained) reflecting actions taken after the discharge of Luther, Collier, Hodges & Cash, LLP, as counsel for James Olin to have the default judgment set aside or to set the motion to set aside default judgment for hearing.

6.      All correspondence, memos, e-mail, faxes, texts, or other written communication or documents (including electronically stored information stored in any medium from which information can be obtained) between you and Mark Donnell relative to the representation of James Olin.

7.      All correspondence, memos, e-mail, faxes, texts, or other written communication or documents (including electronically stored information stored in any medium from which information can be obtained) between you and Hayes Johnson relative to the representation of James Olin.

8.   All communications, correspondence, memos, e-mails, texts, or other forms of written communication or documents( including electronically stored information stored in any medium from which information can be obtained) relating to the enforcement of the personal guaranty(s) of James S. Olin, John G. McNeil and/or John A. McNeil, Jr. relative to the commercial loans made to Splash-Biloxi, LLC.

9.   All communications, correspondence, memos, e-mails, texts, or other forms of written communication or documents (including electronically stored information stored in any medium from which information can be obtained) between you and James S. Olin, John G. McNeil and/or John A. McNeil, Jr. relative to *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

10.   All communications, correspondence, memos, e-mails, tests, or other forms of written communication or documents (including electronically stored information stored in any medium from which information can be obtained) between you and any other person or entity (other than your client) regarding the default judgment in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

11.   All documents, (including electronically stored information stored in any medium from which information can be obtained) reflecting any defense to the action filed against James S. Olin, John G. McNeil and/or John A. McNeil, Jr. in *BancorpSouth Bank v. Sterling Dev. Co., LLC.* on their personal guaranty(s).

12.   All communications, correspondence, memos, e-mails, texts,  or other written communication or documents (including electronically stored information stored in any medium from which information can be obtained) regarding the commercial loans made to Splash-Biloxi, LLC. and the personal guaranty(s) of James S. Olin, John G. McNeil and/or John A. McNeil, Jr.

13.   All communications, correspondence, memos, e-mails, texts,  or other written communication or documents (including electronically stored information stored in any medium from which information can be obtained) reflecting or referring or relating  to the failure  to repay the  commercial loans made to Splash-Biloxi, LLC. and the personal guaranty(s) of James S. Olin, John G. McNeil and/or John A. McNeil, Jr.

14.   All communications, correspondence, memos, e-mails, texts,  or other written communication or documents (including electronically stored information stored in any medium from which information can be obtained)  reflecting or referring or relating  to efforts by BancorpSouth to collect the judgment obtained in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

15.   All communications, correspondence, memos, e-mails, texts,  or other written communication or documents (including electronically stored information stored in any medium from which information can be obtained) reflecting or referring or relating to payment, in whole or in part, of the amounts sought in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

16.   All documents, including settlement agreements, memorandum of understanding, releases, covenants not to sue, settlement check, or similar documents  reflecting  the settlement between BancorpSouth of the claims asserted against James S. Olin, John G. McNeil and/or John A. McNeil, Jr. in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

17.   All documents, correspondence, memorandum, e-mails, faxes, texts, or other communications (including electronically stored information stored in any medium from which information can be obtained) which evidences that  James S. Olin, John G. McNeil and/or John A. McNeil, Jr. could have prevailed in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

18.    All documents, correspondence, memorandum, e-mails, faxes, texts, or other communications (including electronically stored information stored in any medium from which information can be obtained) which evidences efforts by James Olin to have the default judgment set aside in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

**IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI**
**SECOND JUDICIAL DISTRICT**

JAMES S. OLIN; JOHN G. MCNEIL; AND
JOHN A. MCNEIL, JR.                                                     **PLAINTIFFS**

**VERSUS**                                            **CIVIL ACTION NO.: A2402-2015-97**

LUTHER, COLLIER, HODGES & CASH, LLP;
LUCIEN HODGES; SAM GAILLARD LADD, JR.;
AND JOHN DOES 1-10                                                     **DEFENDANTS**

---

### ORDER OF DISMISSAL AS TO JOHN G. MCNEIL AND JOHN A. MCNEIL, JR.

---

This cause is here before the Court on the motion to dismiss [Doc 21] filed by Plaintiffs John

G. McNeil and John A. McNeil, Jr. pursuant to Rule 41(a) of the Mississippi Rules of Civil

Procedure and the Court, being fully advised in the premises, and noting the approval of all parties

through their respective counsel to the entry of this order, finds that the Motion to Dismiss is well

taken and should be granted. It is, therefore,

ORDERED AND ADJUDGED, that the above styled and numbered cause be and it is hereby

dismissed as to Plaintiffs John G. McNeil and John A. McNeil, Jr., with each party bearing their own

costs.

ORDERED AND ADJUDGED, this the 14th day of January, 2016.

_____
CIRCUIT COURT JUDGE

AGREED AND APPROVED:

_____
R. Hayes Johnson, Jr.
rhavesj@gmail.com
Attorney for Plaintiffs John G. McNeil and
John A. McNeil, Jr.

_____
James E. Welch, Jr.
Copeland, Cook, Taylor & Bush, P.A.
Jwelch@cctb.com
Attorney for Defendants

FILED
JAN 15 2016
CONNIE LADNER
HARRISON CIRCUIT CLERK
BY _____ D.C.

RECEIVED
1/15/16  DLT
MAIL

IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
SECOND JUDICIAL DISTRICT

JAMES S. OLIN; JOHN G. MCNEIL; and JOHN A MCNEIL, JR.          PLAINTIFFS

VERSUS                                    CAUSE NO. A2402-2015-00097

LUTHER, COLLIER, HODGES AND CASH, LLP; LUCIEN
HODGES; SAM GAILLARD LADD, JR.; and JOHN DOES 1-10          DEFENDANTS

## ORDER

THIS CAUSE came on to be considered and the Court finds that a Scheduling Order is needed to conclude this matter. The parties are to consult with one another and provide an agreed Scheduling Order in the exact format as attached hereto within thirty (30) days. Should no agreed Scheduling Order be received within that time, the Court will enter a Scheduling Order without further notice. It is, therefore,

ORDERED that the parties shall provide an agreed Scheduling Order in the proper format within thirty (30) days of the date hereof and that if same is not received within that time period, the Court will enter a Scheduling Order without further notice.

ORDERED this the 11th day of January, 2016.

_____
CIRCUIT COURT JUDGE

FILED
JAN 22 2016
CONNIE LADNER
CIRCUIT CLERK
BY:_____ D.C.



RECEIVED
JAN 2 4 2016
via mail

IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
_____ JUDICIAL DISTRICT

_____                                    PLAINTIFF

VERSUS                                     CAUSE NO. A240_-20__-00___

_____                                    DEFENDANT

## ORDER

THIS CAUSE came on to be considered, and the Court finds that a Scheduling Order is needed in order to expedite and conclude this matter. It is, therefore,

ORDERED that the Plaintiff(s) shall on or before _____, 201_, designate any and all expert witnesses and provide full supplementation regarding any Interrogatories or Requests for Production, and in particular shall supplement with regard to any discovery directed to information concerning expert witnesses. It is further,

ORDERED that the Defendant(s) shall on or before _____, 201_, designate any and all expert witnesses and provide full supplementation regarding any Interrogatories or Requests for Production, and in particular shall supplement with regard to any discovery directed to information concerning expert witnesses. It is further,

ORDERED that the Plaintiff(s) shall on or before _____, 201_, designate any and all rebuttal expert witnesses and provide full supplementation regarding any rebuttal opinions of all expert witnesses. It is further,

ORDERED that all remaining discovery shall be completed on or before _____, 201_. It is further,

ORDERED that any and all motions other than motions in limine shall be filed on or before _____, 201_, and any response to any such motion shall be filed on or before _____, 201_. It is further,

ORDERED that all motions in limine shall be filed on or before _____, 201_, and any response to any such motion in limine shall be filed on or before _____, 201_. It is further,

ORDERED that all motions not previously disposed of shall be heard on _____, 201_, at 9:00 A.M. in _____, MS. It is further,

ORDERED that there shall be a Pretrial Conference on _____, 201_, at 9:00 A.M. in _____, MS. It is further,

ORDERED that Trial of this cause shall be set for _____, 201_.

ORDERED this the _____ day of _____, 201_.

_____
CIRCUIT COURT JUDGE

AGREED:

_____
ATTORNEY FOR PLAINTIFF

_____
ATTORNEY FOR DEFENDANT

## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
## SECOND JUDICIAL DISTRICT

**JAMES S. OLIN; JOHN G. MCNEIL; AND**
**JOHN A. MCNEIL, JR.**                                                    **PLAINTIFFS**

**VERSUS**                                       **CIVIL ACTION NO.: A2402-2015-97**

**LUTHER, COLLIER, HODGES & CASH, LLP;**
**LUCIEN HODGES; SAM GAILLARD LADD, JR.;**
**AND JOHN DOES 1-10**                                                      **DEFENDANTS**

### NOTICE OF INTENT TO SERVE SUBPOENA ON NON-PARTY

Please take notice that upon the expiration of fifteen (15) days (or such other time as the

Court has allowed) from the date of service of this Notice, Defendants, Luther, Collier, Hodges &

Cash, LLP; Lucien Hodges; Sam Gaillard Ladd, Jr., will apply to the Clerk of this Court for issuance

of the attached subpoena(s) directed to the individuals/entities indicated who are not parties to this

cause of action and whose address is reflected upon the subpoena (to produce the documents or

things/or to give permission to enter upon land or the property) at the time and place specified in the

subpoena.

Respectfully submitted this the 22nd day of January, 2016.

LUTHER, COLLIER, HODGES & CASH, LLP;
LUCIEN HODGES; SAM GAILLARD LADD, JR.

BY:    COPELAND, COOK, TAYLOR & BUSH, P.A.

BY:    /S/ JAMES E. WELCH, JR.
        Mississippi Bar No. 7090

JAMES E. WELCH, JR.
COPELAND, COOK, TAYLOR & BUSH
P.O. Box 10
Gulfport, Mississippi  39502-0010
telephone (228) 863-6101
telecopier (228) 863-9526

## C E R T I F I C A T E

I hereby certify that on January 22, 2016, I electronically filed the foregoing with the Clerk of the Court using the MECF system which sent notification of such filing to the following:

R. Hayes Johnson, Jr.
rhayesj@gmail.com
**Attorney for Plaintiffs**

SO CERTIFIED, this the 22nd day of January, 2016.

s/JAMES E. WELCH, JR.
Mississippi Bar No. 7090

## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
### SECOND JUDICIAL DISTRICT

**JAMES S. OLIN; JOHN G. MCNEIL; AND
JOHN A. MCNEIL, JR.**                                    **PLAINTIFFS**

**VERSUS**                          **CIVIL ACTION NO.: A2402-2015-97**

**LUTHER, COLLIER, HODGES & CASH, LLP;
LUCIEN HODGES; SAM GAILLARD LADD, JR.;
AND JOHN DOES 1-10**                                   **DEFENDANTS**

### SUBPOENA DUCES TECUM

GREETINGS TO ANY LAWFUL OFFICER OR PROCESS SERVER:

WE COMMAND YOU TO SUMMON  BancorpSouth Bank, c/o Charles Pignuolo, its registered

agent for service, 201 South Spring Street, Tupelo, MS 38804, to produce to James E.  Welch, Jr., Esq., at

the law offices of Copeland, Cook, Taylor & Bush, P.A., 2781 C. T. Switzer Sr. Drive, Suite 200, Biloxi,

Mississippi 39531, the documents identified in **Exhibit "A"** attached hereto, within fourteen days of service

of this Subpoena Duces Tecum.   These documents are to be used as evidence in a case pending in Circuit

Court of Harrison County, Second Judicial District, wherein Luther, Collier, Hodges & Cash, LLP  is a

Defendant.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT, this the __ day of _____,

2016.

CONNIE LADNER, CIRCUIT CLERK

BY:_____
                DEPUTY CLERK

**Requested by:**
James E.  Welch, Jr., Esq., Miss. Bar No. 7090
COPELAND, COOK, TAYLOR & BUSH, P.A.
P.O. Box 10
Gulfport, MS  39502-0010
(228) 863-6101
Counsel for the Defendants

## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
## SECOND JUDICIAL DISTRICT

JAMES S. OLIN; JOHN G. MCNEIL; AND
JOHN A. MCNEIL, JR.                                                    **PLAINTIFFS**

**VERSUS**                                      CIVIL ACTION NO.: A2402-2015-97

LUTHER, COLLIER, HODGES & CASH, LLP;
LUCIEN HODGES; SAM GAILLARD LADD, JR.;
AND JOHN DOES 1-10                                                   **DEFENDANTS**

### EXHIBIT "A" TO SUBPOENA DUCES TECUM TO BANCORPSOUTH BANK

1.  All documents relating to the $8,013,264,50 commercial loan ( "loan") to Splash - Biloxi, LLC of September 21, 2006, excluding any personal financial information of the borrower/guarantors and any attorney-client communications.

2.  All documents relating to the foreclosure following default on the $8,013,264.50 loan to Splash - Biloxi, LLC, Loan Number 208000489918, excluding any personal financial information of the borrower/guarantors and any attorney-client communications.

3.  All documents relating to the collection of the $8,013,264.50 loan to Splash - Biloxi, LLC, following default and BancorpSouth Bank's efforts to collect the deficiency due on such note after foreclosure, excluding any personal financial information of the borrower/guarantors and any attorney-client communications.

4.  All correspondence, memos, e-mails, faxes, texts, or other written communication or documents (including electronically stored information stored in any medium from which information can be obtained) to or from James S. Olin, John G. McNeil and/or John A. McNeil, Jr. relative to the commercial loans made to Splash-Biloxi, LLC. and their personal guaranty(s).

5.  All correspondence, memos, e-mails, faxes, texts, or other written communication or documents (including electronically stored information stored in any medium from which information can be obtained) to or from counsel for James S. Olin, John G. McNeil and/or John A. McNeil, Jr. relative to the commercial loans made to Splash-Biloxi, LLC. and their personal guaranty(s).

6.   All correspondence, memos, e-mails, faxes, texts, or other written communication or documents (including electronically stored information stored in any medium from which information can be obtained) to or from James S. Olin, John G. McNeil and/or John A. McNeil, Jr. after suit was filed in *BancorpSouth Bank v. Sterling Dev. Co., LLC*.

7.     All correspondence, memos, e-mail, faxes, texts, or other written communication or documents (including electronically stored information stored in any medium from which information can be obtained) to or from  BancorpSouth relative to *BancorpSouth Bank v. Sterling Dev. Co., LLC.*, excluding attorney client communications.

8.     All documents, correspondence, memorandum, e-mails, faxes, texts, or other communications or documents (including electronically stored information stored in any medium from which information can be obtained) reflecting actions taken by BancorpSouth after the discharge of Luther, Collier, Hodges & Cash, LLP as counsel for James Olin *in BancorpSouth Bank v. Sterling Dev. Co., LLC.*, excluding attorney client communications.

9.     All correspondence, memos, e-mail, faxes, texts, or other written communication or documents (including electronically stored information stored in any medium from which information can be obtained) between BancorpSouth (including its counsel) and Mark Donnell/Robert Mendes relative to the representation of James Olin.

10.     All correspondence, memos, e-mail, faxes, texts, or other written communication or documents (including electronically stored information stored in any medium from which information can be obtained) between BancorpSouth (including its counsel) and Hayes Johnson relative to the representation of James Olin.

11.     All communications, correspondence, memos, e-mails, texts, or other forms of written communication or documents( including electronically stored information stored in any medium from which information can be obtained) relating to the enforcement of the personal guaranty(s) of James S. Olin, John G. McNeil and/or John A. McNeil, Jr. relative to the commercial loans made to Splash-Biloxi, LLC., excluding attorney client communications.

12.     All communications, correspondence, memos, e-mails, texts, or other forms of written communication or documents  (including electronically stored information stored in any medium from which information can be obtained) between BancorpSouth  and  James S. Olin, John G. McNeil and/or John A. McNeil, Jr. relative to *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

13.     All communications, correspondence, memos, e-mails, tests, or other forms of written communication or documents  (including electronically stored information stored in any medium from which information can be obtained) between BancorpSouth and any other person or entity (other than your attorney) regarding the default judgment in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

14.     All  documents, (including electronically stored information stored in any medium from which information can be obtained) reflecting any defense to the action filed against James S. Olin, John G. McNeil and/or John A. McNeil, Jr. in *BancorpSouth Bank v. Sterling Dev. Co., LLC.* on their personal guaranty(s), excluding attorney client communications.

15.   All communications, correspondence, memos, e-mails, texts,   or other written communication or documents, (including electronically stored information stored in any medium from which information can be obtained) not previously produced regarding the commercial loans made to Splash-Biloxi, LLC. and the personal guaranty(s) of James S. Olin, John G. McNeil and/or John A. McNeil, Jr., excluding attorney client communications.

16.   All communications, correspondence, memos, e-mails, texts,   or other written communication or documents (including electronically stored information stored in any medium from which information can be obtained) reflecting or referring or relating  to the failure  to repay the  commercial loans made to Splash-Biloxi, LLC. and the personal guaranty(s) of James S. Olin, John G. McNeil and/or John A. McNeil, Jr., excluding attorney client communications.

17.   All communications, correspondence, memos, e-mails, texts,  or other written communication or documents (including electronically stored information stored in any medium from which information can be obtained)  reflecting or referring or relating  to efforts by BancorpSouth to collect the judgment obtained in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*, excluding attorney client communications.

18.   All communications, correspondence, memos, e-mails, texts,  or other written communication or documents (including electronically stored information stored in any medium from which information can be obtained)  reflecting or referring or relating to payment, in whole or in part, of the amounts sought in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*, excluding attorney client communications.

19.   All documents, correspondence, memorandum, e-mails,  faxes, texts, or other communications (including electronically stored information stored in any medium from which information can be obtained) which evidences efforts by James Olin to have the default judgment set aside in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*, excluding attorney client communications.

20.   All documents, including settlement agreements, memorandum of understanding, releases, covenants not to sue, settlement check, or similar documents  reflecting  the settlement between BancorpSouth of the claims asserted against James S. Olin, John G. McNeil and/or John A. McNeil, Jr. in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*, excluding attorney client communications.

## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
### SECOND JUDICIAL DISTRICT

JAMES S. OLIN; JOHN G. MCNEIL; AND
JOHN A. MCNEIL, JR.                                                        **PLAINTIFFS**

**VERSUS**                                        **CIVIL ACTION NO.: A2402-2015-97**

LUTHER, COLLIER, HODGES & CASH, LLP;
LUCIEN HODGES; SAM GAILLARD LADD, JR.;
AND JOHN DOES 1-10                                                    **DEFENDANTS**

### NOTICE OF INTENT TO SERVE SUBPOENA ON NON-PARTY

Please take notice that upon the expiration of fifteen (15) days (or such other time as the

Court has allowed) from the date of service of this Notice, Defendants, Luther, Collier, Hodges &

Cash, LLP; Lucien Hodges; Sam Gaillard Ladd, Jr., will apply to the Clerk of this Court for issuance

of the attached subpoena(s) directed to the individuals/entities indicated who are not parties to this

cause of action and whose address is reflected upon the subpoena (to produce the documents or

things/or to give permission to enter upon land or the property) at the time and place specified in the

subpoena.

Respectfully submitted this the 22nd day of January, 2016.

LUTHER, COLLIER, HODGES & CASH, LLP;
LUCIEN HODGES; SAM GAILLARD LADD, JR.

BY:    COPELAND, COOK, TAYLOR & BUSH, P.A.

BY:    /S/ JAMES E. WELCH, JR.
       Mississippi Bar No. 7090

JAMES E. WELCH, JR.
COPELAND, COOK, TAYLOR & BUSH
P.O. Box 10
Gulfport, Mississippi  39502-0010
telephone (228) 863-6101
telecopier (228) 863-9526

**C E R T I F I C A T E**

I hereby certify that on January 22, 2016, I electronically filed the foregoing with the Clerk

of the Court using the MECF system which sent notification of such filing to the following:

R. Hayes Johnson, Jr.
rhayesj@gmail.com
**Attorney for Plaintiffs**


SO CERTIFIED, this the 22nd day of January, 2016.



s/JAMES E. WELCH, JR.
Mississippi Bar No. 7090

## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
## SECOND JUDICIAL DISTRICT

**JAMES S. OLIN; JOHN G. MCNEIL; AND
JOHN A. MCNEIL, JR.**                                          **PLAINTIFFS**

**VERSUS**                                **CIVIL ACTION NO.: A2402-2015-97**

**LUTHER, COLLIER, HODGES & CASH, LLP;
LUCIEN HODGES; SAM GAILLARD LADD, JR.;
AND JOHN DOES 1-10**                                          **DEFENDANTS**

<u>**SUBPOENA DUCES TECUM**</u>

GREETINGS TO ANY LAWFUL OFFICER OR PROCESS SERVER:

WE COMMAND YOU TO SUMMON Jason Walker, BancorpSouth, Inc., 2301 US-80, Pearl, Mississippi 39208, or 451 Fox Bay Drive, Brandon, Mississippi 39047, to produce to James E. Welch, Jr., Esq., at the law offices of Copeland, Cook, Taylor & Bush, P.A., 2781 C. T. Switzer Sr. Drive, Suite 200, Biloxi, Mississippi 39531, the documents identified in **Exhibit "A"** attached hereto, within fourteen days of service of this Subpoena Duces Tecum.   These documents are to be used as evidence in a case pending in Circuit Court of Harrison County, Second Judicial District, wherein Luther Collier Hodges & Cash, LLP is the Defendant.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT, this the ___ day of _____, 2016.

CONNIE LADNER, CIRCUIT CLERK


BY:_____
                DEPUTY CLERK

<u>Requested by:</u>
James E. Welch, Jr., Esq., Miss. Bar No. 7090
COPELAND, COOK, TAYLOR & BUSH, P.A.
P.O. Box 10
Gulfport, MS 39502-0010
(228) 863-6101
Counsel for the Defendants

IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
SECOND JUDICIAL DISTRICT

JAMES S. OLIN; JOHN G. MCNEIL; AND
JOHN A. MCNEIL, JR.                                          PLAINTIFFS

VERSUS                                    CIVIL ACTION NO.: A2402-2015-97

LUTHER, COLLIER, HODGES & CASH, LLP;
LUCIEN HODGES; SAM GAILLARD LADD, JR.;
AND JOHN DOES 1-10                                          DEFENDANTS

**EXHIBIT "A" TO SUBPOENA DUCES TECUM TO WALKER**

1.  All documents relating to the $8,013,264,50 commercial loan ( "loan") to Splash - Biloxi, LLC of September 21, 2006, excluding any personal financial information of the borrower/guarantors and any attorney-client communications.

2.  All documents relating to the foreclosure following default on the $8,013,264.50 loan to Splash - Biloxi, LLC, Loan Number 208000489918, excluding any personal financial information of the borrower/guarantors and any attorney-client communications.

3.  All documents relating to the collection of the $8,013,264.50 loan to Splash - Biloxi, LLC, following default and BancorpSouth Bank's efforts to collect the deficiency due on such note after foreclosure, excluding any personal financial information of the borrower/guarantors and any attorney-client communications.

4.  All correspondence, memos, e-mails, faxes, texts, or other written communication or documents (including electronically stored information stored in any medium from which information can be obtained) to or from James S. Olin, John G. McNeil and/or John A. McNeil, Jr. relative to the commercial loans made to Splash-Biloxi, LLC. and their personal guaranty(s).

5.  All correspondence, memos, e-mails, faxes, texts, or other written communication or documents (including electronically stored information stored in any medium from which information can be obtained) to or from counsel for James S. Olin, John G. McNeil and/or John A. McNeil, Jr. relative to the commercial loans made to Splash-Biloxi, LLC. and their personal guaranty(s).

6.   All correspondence, memos, e-mails, faxes, texts, or other written communication or documents (including electronically stored information stored in any medium from which information can be obtained) to or from James S. Olin, John G. McNeil and/or John A. McNeil, Jr. after suit was filed in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

7.  All correspondence, memos, e-mail, faxes, texts, or other written communication or documents (including electronically stored information stored in any medium from which information can be obtained) to or from  BancorpSouth relative to *BancorpSouth Bank v. Sterling Dev. Co., LLC.*, excluding attorney client communications.

8.  All documents, correspondence, memorandum, e-mails, faxes, texts, or other communications or documents (including electronically stored information stored in any medium from which information can be obtained) reflecting actions taken by BancorpSouth after the discharge of Luther, Collier, Hodges & Cash, LLP as counsel for James Olin *in BancorpSouth Bank v. Sterling Dev. Co., LLC.*, excluding attorney client communications.

9.  All correspondence, memos, e-mail, faxes, texts, or other written communication or documents (including electronically stored information stored in any medium from which information can be obtained) between BancorpSouth (including its counsel) and Mark Donnell/Robert Mendes relative to the representation of James Olin.

10.  All correspondence, memos, e-mail, faxes, texts, or other written communication or documents (including electronically stored information stored in any medium from which information can be obtained) between BancorpSouth (including its counsel) and Hayes Johnson relative to the representation of James Olin.

11.  All  communications, correspondence, memos, e-mails, texts, or other forms of written communication or documents( including electronically stored information stored in any medium from which information can be obtained) relating to the enforcement of the personal guaranty(s) of James S. Olin, John G. McNeil and/or John A. McNeil, Jr. relative to the commercial loans made to Splash-Biloxi, LLC., excluding attorney client communications.

12.  All communications, correspondence, memos, e-mails, texts, or other forms of written communication or documents  (including electronically stored information stored in any medium from which information can be obtained) between BancorpSouth  and  James S. Olin, John G. McNeil and/or John A. McNeil, Jr. relative to *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

13.  All communications, correspondence, memos, e-mails, tests, or other forms of written communication or documents  (including electronically stored information stored in any medium from which information can be obtained) between BancorpSouth and any other person or entity (other than your attorney) regarding the default judgment in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

14.  All  documents, (including electronically stored information stored in any medium from which information can be obtained) reflecting any defense to the action filed against James S. Olin, John G. McNeil and/or John A. McNeil, Jr. in *BancorpSouth Bank v. Sterling Dev. Co., LLC.* on their personal guaranty(s), excluding attorney client communications.

15. All communications, correspondence, memos, e-mails, texts,   or other written communication or documents, (including electronically stored information stored in any medium from which information can be obtained) not previously produced regarding the commercial loans made to Splash-Biloxi, LLC. and the personal guaranty(s) of James S. Olin, John G. McNeil and/or John A. McNeil, Jr., excluding attorney client communications.

16. All communications, correspondence, memos, e-mails, texts,   or other written communication or documents (including electronically stored information stored in any medium from which information can be obtained) reflecting or referring or relating  to the failure  to repay the  commercial loans made to Splash-Biloxi, LLC. and the personal guaranty(s) of James S. Olin, John G. McNeil and/or John A. McNeil, Jr., excluding attorney client communications.

17. All communications, correspondence, memos, e-mails, texts,  or other written communication or documents (including electronically stored information stored in any medium from which information can be obtained)  reflecting or referring or relating  to efforts by BancorpSouth to collect the judgment obtained in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*, excluding attorney client communications.

18. All communications, correspondence, memos, e-mails, texts,  or other written communication or documents (including electronically stored information stored in any medium from which information can be obtained)  reflecting or referring or relating to payment, in whole or in part, of the amounts sought in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*, excluding attorney client communications.

19. All documents, correspondence, memorandum, e-mails,  faxes, texts, or other communications (including electronically stored information stored in any medium from which information can be obtained) which evidences efforts by James Olin to have the default judgment set aside in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*, excluding attorney client communications.

20. All documents, including settlement agreements, memorandum of understanding, releases, covenants not to sue, settlement check, or similar documents  reflecting  the settlement between BancorpSouth of the claims asserted against James S. Olin, John G. McNeil and/or John A. McNeil, Jr. in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*, excluding attorney client communications.

IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
SECOND JUDICIAL DISTRICT

JAMES S. OLIN                                                                    PLAINTIFF

VS.                                                    CIVIL ACTION NO.: A2402-2015-97

LUTHER, COLLIER, HODGES & CASH, LLP;
LUCIEN HODGES; SAM GAILLARD LADD, JR.;
AND JOHN DOES 1-10                                                              DEFENDANTS

<u>MOTION FOR RECUSAL</u>

COMES NOW, James S. Olin, through counsel, and in support of this Motion for

Recusal, would show as follows:

1.       The motion is filed, and governed by: Miss. R. Civ. P. 16A; U.C.C.C.R. 1.15; and with

         reference to the Code Jud. Cond. 3E.  Provisions of those rules are hereby referenced and

         incorporated as if fully recited herein.  A good faith statement by undersigned counsel is

         attached as Exhibit "A."[1]

2.       "Judges should disqualify themselves in proceedings in which their impartiality might be

         questioned by a reasonable person knowing all the circumstances...."  Miss. Code Jud.

         Cond. Canon 3E.

3.       Here, counsel suggests in good faith that recusal may be appropriate in this case, for the

         following reasons:

4.       This is a lawsuit based on legal malpractice, based primarily on the alleged failure of the

         Defendants to answer, appear and defend the Plaintiff against a default in an earlier case,

         *BancorpSouth Bank v. Sterling Dev. Co, et al.*, Cause No. 11cv57.

5.       In the previous case, this Court, Hon. Lisa Dodson, granted a default judgment against the

---

[1]Counsel's legal assistant is unavailable, so the statement is not notarized.  If required, an
affidavit will be submitted.

Plaintiff, James S. Olin, and his co-defendants, for $1.9 million.  A copy of the default

judgment is attached as Exhibit "B."  A copy of the docket sheet from 11cv57 is attached

as Exhibit "C."

6.   Judge Dodson drew the instant case through random case assignment.  Recusal is sought

for the simple fact that the instant matter will involve many of the same people and issues

from the earlier suit.  This Court's own Order will be used as evidence of damages by the

Plaintiff.  The Court may have to conduct a "trial within a trial" to determine if Plaintiff

had meritorious defenses in the previous matter, and also to decide whether Defendants'

alleged negligence was the cause of Plaintiff's damages.

7.   Further, the Court may be asked to resolve various disputes directly related to Judge

Dodson's entry of the default judgment, including:

a.   Whether the Court was too abrupt entering the default, at a time when prior

counsel (Defendant Sam Gaillard Ladd, Jr.) claims to have already communicated

with the Court that he was en route to the hearing, but would be late arriving;

b.   The basis for certain portions of the judgment, including an award of $489,446.28

attorney fees;

c.   Whether the Court may have rescinded the default if the Plaintiff had allowed his

attorneys to set and argue a motion to set aside.

8.   In all of these instances, this Court may be put in a position that appears to require the

Court to explain, or defend, or reconsider its prior judgment.

9.   For example: Defendants have asserted multiple affirmative defenses based on the

contention that the Plaintiff, James S. Olin, failed to mitigate his alleged damages because

he did not attempt to get Judge Dodson to set aside the default.

10.     It's difficult to imagine how Judge Dodson could rule on the mitigation issue in the
current lawsuit without such a ruling appearing to be a statement on the merits of the
motion to set aside in the previous lawsuit.

11.     It is not alleged that any of these issues favors or harms either side, nor that this Court is
unable to maneuver the issues and arrive at a proper result.  However, recusal is
appropriate at any time when "it appears that the judge's impartiality might be questioned
by a reasonable person knowing all the circumstances...." U.C.C.C.R. 1.15.

12.     Since this matter already has been litigated – in part – before Hon. Lisa Dodson, it is
respectfully suggested that some other judge ought to be the one who sits over the
disputes that arose from Judge Dodson's default judgment.

WHEREFORE, PREMISES CONSIDERED, this Court should find and Order all relief
requested, and any not requested to which your Movant, James S. Olin, may be entitled. Movant
also seeks general relief.

Respectfully submitted, this 24th Day of January, 2016.

s/*R. HAYES JOHNSON, JR.*

<u>CERTIFICATE OF SERVICE</u>

     I, R. Hayes Johnson, Jr., attorney for JAMES S. OLIN, Plaintiff in the above styled and

numbered cause, do hereby certify that I electronically filed the foregoing with the Clerk of the

Court using the MEC system, which electronically served the following attorney(s):

     James E. Welch, Jr.
     COPELAND, COOK, TAYLOR, & BUSH, PA
     P O Box 10
     Gulfport, Mississippi 39502-0010
     jwelch@cctb.com

     This the 24th Day of January, 2016.

          /s/ *R. HAYES JOHNSON, JR.*
          R. Hayes Johnson, Jr.
          MSB No. 10697

**JOHNSON LAW PRACTICE, PLLC**
R. Hayes Johnson, Jr. (MSB #10697)
P O Box 717, Long Beach MS 39560
1902 21st Avenue, Gulfport MS 39501
228.868.5499 office/888.647.3665 Fax
rhayesj@gmail.com        Page 4 of 4

**IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI**
**SECOND JUDICIAL DISTRICT**

JAMES S. OLIN                                                          **PLAINTIFF**

VS.                                                   **CIVIL ACTION NO.: A2402-2015-97**

LUTHER, COLLIER, HODGES & CASH, LLP;
LUCIEN HODGES; SAM GAILLARD LADD, JR.;
AND JOHN DOES 1-10                                                    **DEFENDANTS**

### GOOD FAITH STATEMENT OF ROBERT HAYES JOHNSON, JR.

COMES NOW Robert Hayes Johnson, Jr., , ESQ., who certifies and states the following, to-wit:

1.  My name is Robert Hayes Johnson, Jr. I am attorney licensed in Mississippi, Bar No. 10697. I have personal knowledge of the facts stated herein.

2.  I learned earlier this month that Hon. Lisa Dodson was the judge assigned to this case. Judge Dodson was the same jurist who entered a $1.9 million default judgment in an earlier matter which is central to the legal malpractice allegations contained in the current case.

3.  I reviewed legal arguments and potential evidentiary issues in this case, and came to the belief that Judge Dodson may be put in an awkward position by resolving various disputes that arose out of her entry of the default judgment.

4.  Defendants had previously scheduled the deposition of my client for Jan. 20, 2016, so I waited until that date to discuss with my client and opposite counsel whether a motion for recusal was appropriate.

5.  After those discussions, I decided to file a motion for recusal so that Judge Dodson would review the issues asserted in the motion.

6.  This statement is made in good faith, and in accordance with the law and rules, including UCCCR 1.15.

Submitted this, the 24th Day of January, 2016.

Signed:       *s/Robert Hayes Johnson, Jr.* (MSB #10697)

IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
SECOND JUDICIAL DISTRICT

BANCORPSOUTH BANK                                                    PLAINTIFF

VERSUS                                                CAUSE NO. A2402-11-57

STERLING DEVELOPMENT COMPANY, LLC,
DAVAGE J. RUNNELS, JOHN A. MCNEIL, JR.,
JAMES S. OLIN AND JOHN G. MCNEIL                                 DEFENDANTS

## ORDER

    This Cause came on to be heard on BancorpSouth Bank's Motion for Default Judgment against Davage J. Runnels, John A. McNeil Jr., James S. Olin, and John G. McNeil (hereinafter collectively "Defendants") pursuant to Rule 55(b) of the Mississippi Rules of Civil Procedure, and the Court having found that the Defendants have been each duly served with the Summons and Complaint; none of these Defendants are infants or unrepresented incompetent persons. The Court finds that the Clerk of the Court entered default against Defendants on May 22, 2012 and Defendants have not sought to have such entry of default set aside in accordance with Mississippi Rule of Civil Procedure 55(c). The Court finds that the Plaintiff, BancorpSouth Bank, is entitled to a default judgment against Defendants, Davage J. Runnels, John A. McNeil, Jr., James S. Olin, and John G. McNeil, ~As more fully set forth in the Record (or)~ It is, therefore,

    **ORDERED AND ADJUDGED** that judgment is hereby entered in favor of Plaintiff and against Defendants Davage J. Runnels, John A. McNeil Jr., James S. Olin, and John G. McNeil, jointly and severally, in the principal sum of $1,094,900.27, for prejudgment interest in the amount of $387,870.29, for post judgment interest at the contract rate of 5.25% per annum, for a

late fee in the amount of $400.00, for attorney's fees in the amount of $489,446.28, and for court

costs, for all of which let execution issue.

**ORDERED** this the _21st_ day of September, 2012.


_____
CIRCUIT COURT JUDGE

Document prepared by:

Michael E. Whitehead, MSB #8891
**PAGE, MANNINO, PERESICH &**
**McDERMOTT, P.L.L.C.**
759 Vieux Marche Mall (39530)
P.O. Drawer 289
Biloxi, Mississippi  39533
Telephone:     228.374.2100
Facsimile:     228.374.3838

FILED
SEP 2 1 2012
GAYLE PARKER
CIRCUIT CLERK
BY: _____ D.C.

# CIVIL CASE DISPOSITION REPORT

IN THE CIRCUIT COURT OF Harrison _____ COUNTY, MISSISSIPPI

SECOND _____ JUDICIAL DISTRICT

Docket No. 2011 - 57 242 CI   Docket No. If Filed
File Yr.   Chronological No.   Clerk's Local ID   Prior to 1/1/94 _____

*Date this action was filed 03/23/2011   *If dispositive of the original action that created this case, enter that date,
Month/Day/Year   OR   If this disposes of debt collection, modification, contempt, or other issues
addressed after the original filing, enter the date it was re-opened.

Dispositive of all Parties?   _____ Yes   X No, only the following Party(ies) Davage J. Runnels, John A. McNeil, Jr., James S. Olin, &
(An attachment may be used   John G. McNeil
if there are numerous parties)

_____ No, only the following Attorney(s) _____

_____   Name _____ Bar No.

_____   Name _____ Bar No.

Enter Ruling Judge Bar No. 6140 _____

Date of Disposition  09 / 21 / 2012
Month   Day   Year

Action:   X Ruling on Motion   _____ Ex Parte   _____ Temporary Hearing
_____ Contempt/Modification   _____ Settlement Conference   _____ Pre-Trial Conference
_____ Case Administration   _____ Discovery other than Motion   _____ Bench Trial
_____ Jury Trial   _____ Mediation Ordered

Damages Awarded:   Compensatory:  $ _____   Punitive:   $ _____
(List Amount or Range Letter:)

Range A = 1¢-$500   Range B = $501-1,000   Range C = $1,001-10,000   Range D = $10,001-50,000   Range E = $50,001-100,000
Range F = $100,000-500,000   Range G = $500,000-1,000,000   Range H = $1,000,000+   Range 0 = -0-

Method of Disposition:

| | | |
|---|---|---|
| X Default Judgment | _____ Final Judgment/Decree | _____ Bankruptcy Discharged |
| _____ Summary Judgment | _____ Judgment by Stipulation | _____ Estate Closed |
| _____ Dismissed without Prejudice | _____ Agreed Judgment | _____ Fiduciary Appointed |
| _____ Dismissed with Prejudice | _____ Original Judgment Modified | _____ Guardian/Conservatorship Appointed |
| _____ Dismissed, Lack of Prosec. | _____ Vacating Previous Ruling | _____ Protective Order (Check if Domestic Violence____) |
| _____ Dismissed by Agreement | _____ New Trial Granted | _____ Commitment |
| _____ Change of Venue | _____ Foreign Judgment Closed | _____ Garnishment Issued |
| _____ Transferred | _____ Satisfaction of Judgment | _____ Garnishment Abeyance Order Issued |
| _____ Removed to Fed. Court | _____ Drivers License Reins./Hard._____ | _____ Garnishment Canceled: Bankruptcy |
| _____ Writ Issued | _____ Canceled | _____ Letters Rogatory |
| _____ Affirmed on Appeal | _____ Order of Mediation | _____ Case Consolidation |
| _____ Not Entered Yet | _____ Termination of Parental Rights | _____ Other(list)_____ |

Was Child Support ordered in the disposition of the current matter?   _____ Yes   X No
If "Yes" was checked, make sure that Child Support Information Sheet was completed and submitted with the Civil Case Filing Form.

CLOSED

# Mississippi Electronic Courts
# Harrison County Circuit Court (Circuit Court - Biloxi)
## CIVIL DOCKET FOR CASE #: 24CI2:11-cv-00057

| | |
|---|---|
| BancorpSouth Bank v. Sterling Development Company et al | Date Filed: 03/23/2011 |
| Assigned to: Lisa P. Dodson | Date Terminated: 07/16/2015 |
| | Jury Demand: None |
| | Nature of Suit: 45 Breach of Contract |
| | Jurisdiction: General |

**Plaintiff**

**BancorpSouth Bank**            represented by   **Michael E. Whitehead**
Page, Mannino, Peresich & McDermott, PLLC
759 Vieux Marche Mall
BILOXI , MS 39530
228-374-2100
Fax: 228-374-3838
Email: michael.whitehead@pmp.org
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Sterling Development Company L.L.C.**   represented by   **Lucian Hodges**
Luther, Collier, Hodges & Cash
4300 Bayou Blvd., Suite 33
PENSACOLA , FL 32503
850-473-2260
Fax: 850-473-2262
Email: lhodges@lchclaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Davage J Runnels**            represented by   **Sam Gaillard Ladd , Jr.**
*TERMINATED: 09/21/2012*                Luther, Collier, Hodges & Cash LLP
501 Church Street
MOBILE , AL 36602
251-694-9393
Fax: 251-694-9392
Email: gladd@lchclaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

1/20/2016                                                    Harrison Circuit

**John A McNeil, Jr**                    represented by   **Sam Gaillard Ladd , Jr.**
*TERMINATED: 09/21/2012*                                  (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**James S Olin**                         represented by   **Sam Gaillard Ladd , Jr.**
*TERMINATED: 09/21/2012*                                  (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**John G McNeil**                        represented by   **Sam Gaillard Ladd , Jr.**
*TERMINATED: 09/21/2012*                                  (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/02/2011 | 1 | CASE DOCKET from 03/23/2011 to 11/02/2011. (Foster, Leigh Ann) (Additional attachment(s) added on 11/3/2011: # 1 Supplement) (Foster, Leigh Ann). (Entered: 11/02/2011) |
| 11/02/2011 | 2 | SUMMONS Returned Executed by John G McNeil P/S/P/S to John G. McNeil on the 24th day of October, 2011, in Okaloosa County of the State of Florida. (Foster, Leigh Ann) (Entered: 11/02/2011) |
| 11/02/2011 | 3 | AFFIDAVIT of Service for Summons served on John McNeil Jr. on October 26, 2011 at 3782 Village Lane, Birmingham AL, filed by Scott G. Hadly (Foster, Leigh Ann) (Entered: 11/02/2011) |
| 11/02/2011 | 4 | SUMMONS Returned P/S/P/S on John McNeil, Jr on 26th day of October, 2011 in Jefferson County, Alabama (Foster, Leigh Ann) (Entered: 11/02/2011) |
| 11/02/2011 | 5 | SUMMONS Returned P/S/P/S on Davage J Runnels on October 26, 2011 at 4399 Commons Drive W #100, Destin FL 32541 (Foster, Leigh Ann) (Entered: 11/02/2011) |
| 05/03/2012 | 6 | APPLICATION to Clerk for Entry of Default and Supporting Affidavit by Plaintiff BancorpSouth Bank (Attachments: # 1 Exhibit Affidavit of Michael Whitehead) (Whitehead, Michael) (Entered: 05/03/2012) |
| 05/18/2012 | 7 | ANSWER to Complaint by Sterling Development Company L.L.C.. (Hodges, Lucian) (Entered: 05/18/2012) |
| 05/22/2012 | 8 | NOTICE OF SERVICE of Interrogatories Propounded to Sterling Development Company, LLC by BancorpSouth Bank. (Whitehead, Michael) (Entered: 05/22/2012) |
| 05/22/2012 | 9 | NOTICE OF SERVICE of Request for Production of Documents Propounded to Sterling Development Company, LLC by BancorpSouth Bank. (Whitehead, Michael) (Entered: 05/22/2012) |

| 05/22/2012 | 10 | Clerk's Docket ENTRY OF DEFAULT as to BancorpSouth Bank (MF) (Entered: 05/23/2012) |
|---|---|---|
| 06/01/2012 | 11 | ANSWER to Complaint by John G McNeil. (Ladd, Sam) (Entered: 06/01/2012) |
| 06/01/2012 | 12 | ANSWER to Complaint by John A McNeil, Jr. (Ladd, Sam) (Entered: 06/01/2012) |
| 06/01/2012 | 13 | ANSWER to Complaint by James S Olin. (Ladd, Sam) (Entered: 06/01/2012) |
| 06/01/2012 | 14 | ANSWER to Complaint by Davage J Runnels. (Ladd, Sam) (Entered: 06/01/2012) |
| 06/11/2012 | 15 | MOTION for Default Judgment as to John McNeil, Jr, James Olin, Davage Runnels and John G. McNeil by Plaintiff BancorpSouth Bank (Attachments: # 1 Exhibit Affidavit, # 2 Exhibit Affidavit) (Whitehead, Michael) (Entered: 06/11/2012) |
| 07/06/2012 | 16 | NOTICE of Hearing by BancorpSouth Bank (Whitehead, Michael) (Entered: 07/06/2012) |
| 07/09/2012 | | Set/Reset Hearings: Hearing on motion for default(Michael Whitehead)set for 9/21/2012 09:00 AM in Gulfport Courtroom 3 before Judge Lisa P. Dodson. (Valdez, Shirley) (Entered: 07/09/2012) |
| 09/21/2012 | 17 | ORDER granting 15 BancorpSouth Bank's Motion for Default Judgment against Davage J. Runnels, John A. McNeil Jr., James S. Olin, and John G. McNeil. Signed by Judge Lisa P. Dodson on 09/21/2012. (LS) (Additional attachment(s) added on 9/21/2012: # 1 Civil Cover Sheet Civil Case Disposition Report) (LS). (Entered: 09/21/2012) |
| 10/12/2012 | 22 | MOTION to Set Aside Default by Defendants John G McNeil, John A McNeil, Jr, James S Olin, Davage J Runnels (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C) (Ladd, Sam) (Entered: 10/12/2012) |
| 10/17/2012 | 23 | RESPONSE to Motion re 22 MOTION to Set Aside Default by BancorpSouth Bank. (Attachments: # 1 Exhibit 1) (Whitehead, Michael) (Entered: 10/17/2012) |
| 10/17/2012 | 24 | MOTION to Compel *Sterling Development Company LLC's Responses to Interrogatories and Requests for Production of Documents* by Plaintiff BancorpSouth Bank (Attachments: # 1 Exhibit 1) (Whitehead, Michael) (Entered: 10/17/2012) |
| 11/07/2012 | 25 | NOTICE OF SERVICE of Interrogatories Propounded to Plaintiff and Request for Production to Plaintiff by John G McNeil, John A McNeil, Jr, James S Olin, Davage J Runnels, Sterling Development Company L.L.C.. (Attachments: # 1 Defendants Interrogatories and Requests for Production to Plaintiff) (Ladd, Sam) (Entered: 11/07/2012) |
| 05/03/2013 | 27 | SATISFACTION OF JUDGMENT *Partial Release as to James Olin ONLY* by BancorpSouth Bank. (Whitehead, Michael) (Entered: 05/03/2013) |
| 06/08/2015 | 28 | Clerk's MOTION to Dismiss for Lack of Prosecution (LF) (Entered: 06/08/2015) |
| 06/11/2015 | 29 | RESPONSE in Opposition re 28 Clerk's MOTION to Dismiss for Lack of Prosecution by BancorpSouth Bank. (Whitehead, Michael) (Entered: 06/11/2015) |

Harrison Circuit

| 07/16/2015 | <u>30</u> | ORDER Dismissing Case as to Defendant Sterling Development Company, LLC for Want of Prosecution <u>28</u> . Signed by Judge Lisa P. Dodson on 07/14/2015. (LS) (Entered: 07/16/2015) |
|---|---|---|

| **MEC Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 01/20/2016 12:24:21 | | |
| **You will be charged $0.20 per page to view or print documents.** | | |
| **MEC Login:** rj10697M | **Client Code:** olin | |
| **Description:** Docket Report | **Search Criteria:** 24CI2:11-cv-00057 | |
| **Billable Pages:** 3 | **Cost:** 0.60 | |

IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
SECOND JUDICIAL DISTRICT

JAMES S. OLIN; JOHN G. MCNEIL; AND
JOHN A. MCNEIL, JR.                                          PLAINTIFFS

VERSUS                                    CIVIL ACTION NO.: A2402-2015-97

LUTHER, COLLIER, HODGES & CASH, LLP;
LUCIEN HODGES; SAM GAILLARD LADD, JR.;
AND JOHN DOES 1-10                                            DEFENDANTS

## SUBPOENA DUCES TECUM

GREETINGS TO ANY LAWFUL OFFICER OR PROCESS SERVER:

WE COMMAND YOU TO SUMMON Jason Walker, BancorpSouth, Inc., 2301 US-80, Pearl,

Mississippi 39208, or 451 Fox Bay Drive, Brandon, Mississippi 39047, to produce to James E. Welch, Jr.,

Esq., at the law offices of Copeland, Cook, Taylor & Bush, P.A., 2781 C. T. Switzer Sr. Drive, Suite 200,

Biloxi, Mississippi 39531, the documents identified in **Exhibit "A"** attached hereto, within fourteen days

of service of this Subpoena Duces Tecum.  These documents are to be used as evidence in a case pending

in Circuit Court of Harrison County, Second Judicial District, wherein Luther Collier Hodges & Cash, LLP

is the Defendant.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT, this the 20th day of January,

2016.

CONNIE LADNER, CIRCUIT CLERK

BY: _____ D.C.
        DEPUTY CLERK

**Requested by:**
James E. Welch, Jr., Esq., Miss. Bar No. 7090
COPELAND, COOK, TAYLOR & BUSH, P.A.
P.O. Box 10
Gulfport, MS 39502-0010
(228) 863-6101
Counsel for the Defendants

IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
SECOND JUDICIAL DISTRICT

JAMES S. OLIN; JOHN G. MCNEIL; AND
JOHN A. MCNEIL, JR.                                    PLAINTIFFS

VERSUS                                  CIVIL ACTION NO.: A2402-2015-97

LUTHER, COLLIER, HODGES & CASH, LLP;
LUCIEN HODGES; SAM GAILLARD LADD, JR.;
AND JOHN DOES 1-10                                      DEFENDANTS

EXHIBIT "A" TO SUBPOENA DUCES TECUM TO WALKER

1.    All documents relating to the $8,013,264.50 commercial loan ( "loan") to Splash - Biloxi,
      LLC of September 21, 2006, excluding any personal financial information of the
      borrower/guarantors and any attorney-client communications.

2.    All documents relating to the foreclosure following default on the $8,013,264.50 loan to
      Splash - Biloxi, LLC, Loan Number 208000489918, excluding any personal financial
      information of the borrower/guarantors and any attorney-client communications.

3.    All documents relating to the collection of the $8,013,264.50 loan to Splash - Biloxi, LLC,
      following default and BancorpSouth Bank's efforts to collect the deficiency due on such note
      after foreclosure, excluding any personal financial information of the borrower/guarantors
      and any attorney-client communications.

4.    All correspondence, memos, e-mails, faxes, texts, or other written communication or
      documents (including electronically stored information stored in any medium from which
      information can be obtained) to or from James S. Olin, John G. McNeil and/or John A.
      McNeil, Jr. relative to the commercial loans made to Splash-Biloxi, LLC. and their personal
      guaranty(s).

5.    All correspondence, memos, e-mails, faxes, texts, or other written communication or
      documents (including electronically stored information stored in any medium from which
      information can be obtained) to or from counsel for James S. Olin, John G. McNeil and/or
      John A. McNeil, Jr. relative to the commercial loans made to Splash-Biloxi, LLC. and their
      personal guaranty(s).

6.     All correspondence, memos, e-mails, faxes, texts, or other written communication or
      documents (including electronically stored information stored in any medium from which
      information can be obtained) to or from James S. Olin, John G. McNeil and/or John A.
      McNeil, Jr. after suit was filed in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*

Page i of 3
EXHIBIT "A"

7.     All correspondence, memos, e-mail, faxes, texts, or other written communication or documents (including electronically stored information stored in any medium from which information can be obtained) to or from BancorpSouth relative to *BancorpSouth Bank v. Sterling Dev. Co., LLC*., excluding attorney client communications.

8.     All documents, correspondence, memorandum, e-mails, faxes, texts, or other communications or documents (including electronically stored information stored in any medium from which information can be obtained) reflecting actions taken by BancorpSouth after the discharge of Luther, Collier, Hodges & Cash, LLP as counsel for James Olin *in BancorpSouth Bank v. Sterling Dev. Co., LLC*., excluding attorney client communications.

9.     All correspondence, memos, e-mail, faxes, texts, or other written communication or documents (including electronically stored information stored in any medium from which information can be obtained) between BancorpSouth (including its counsel) and Mark Donnell/Robert Mendes relative to the representation of James Olin.

10.     All correspondence, memos, e-mail, faxes, texts, or other written communication or documents (including electronically stored information stored in any medium from which information can be obtained) between BancorpSouth (including its counsel) and Hayes Johnson relative to the representation of James Olin.

11.     All communications, correspondence, memos, e-mails, texts, or other forms of written communication or documents( including electronically stored information stored in any medium from which information can be obtained) relating to the enforcement of the personal guaranty(s) of James S. Olin, John G. McNeil and/or John A. McNeil, Jr. relative to the commercial loans made to Splash-Biloxi, LLC., excluding attorney client communications.

12.     All communications, correspondence, memos, e-mails, texts, or other forms of written communication or documents (including electronically stored information stored in any medium from which information can be obtained) between BancorpSouth and James S. Olin, John G. McNeil and/or John A. McNeil, Jr. relative to *BancorpSouth Bank v. Sterling Dev. Co., LLC*.

13.     All communications, correspondence, memos, e-mails, tests, or other forms of written communication or documents (including electronically stored information stored in any medium from which information can be obtained) between BancorpSouth and any other person or entity (other than your attorney) regarding the default judgment in *BancorpSouth Bank v. Sterling Dev. Co., LLC*.

14.     All documents, (including electronically stored information stored in any medium from which information can be obtained) reflecting any defense to the action filed against James S. Olin, John G. McNeil and/or John A. McNeil, Jr. in *BancorpSouth Bank v. Sterling Dev. Co., LLC*. on their personal guaranty(s), excluding attorney client communications.

15.    All communications, correspondence, memos, e-mails, texts,   or other written communication or documents, (including electronically stored information stored in any medium from which information can be obtained) not previously produced regarding the commercial loans made to Splash-Biloxi, LLC. and the personal guaranty(s) of James S. Olin, John G. McNeil and/or John A. McNeil, Jr., excluding attorney client communications.

16.    All communications, correspondence, memos, e-mails, texts,   or other written communication or documents (including electronically stored information stored in any medium from which information can be obtained) reflecting or referring or relating  to the failure  to repay the  commercial loans made to Splash-Biloxi, LLC. and the personal guaranty(s) of James S. Olin, John G. McNeil and/or John A. McNeil, Jr., excluding attorney client communications.

17.    All communications, correspondence, memos, e-mails, texts,   or other written communication or documents (including electronically stored information stored in any medium from which information can be obtained)  reflecting or referring or relating  to efforts by BancorpSouth to collect the judgment obtained in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*, excluding attorney client communications.

18.    All communications, correspondence, memos, e-mails, texts,   or other written communication or documents (including electronically stored information stored in any medium from which information can be obtained)  reflecting or referring or relating to payment, in whole or in part, of the amounts sought in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*, excluding attorney client communications.

19.    All documents, correspondence, memorandum, e-mails, faxes, texts, or other communications (including electronically stored information stored in any medium from which information can be obtained) which evidences efforts by James Olin to have the default judgment set aside in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*, excluding attorney client communications.

20.    All documents, including settlement agreements, memorandum of understanding, releases, covenants not to sue, settlement check, or similar documents  reflecting  the settlement between BancorpSouth of the claims asserted against James S. Olin, John G. McNeil and/or John A. McNeil, Jr. in *BancorpSouth Bank v. Sterling Dev. Co., LLC.*, excluding attorney client communications.

Page 3 of 3
**EXHIBIT "A"**

## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
### SECOND JUDICIAL DISTRICT

**JAMES S. OLIN**                                                                         **PLAINTIFF**

**VS.**                                                           **CIVIL ACTION NO.: A2402-2015-97**

**LUTHER, COLLIER, HODGES & CASH, LLP**
**LUCIEN HODGES; SAM GAILLARD LADD, JR.;**
**AND JOHN DOES 1 - 10**                                                  **DEFENDANTS**

---

### NOTICE OF HEARING

---

To:     James E. Welch, Jr.
        jwelch@cctb.com
        Attorney for Defendants

        Shirley Valdez, Court Administrator
        svaldez@co.harrison.ms.us

PLEASE TAKE NOTICE that James S. Olin, Plaintiff in the above styled and numbered cause, will bring on for hearing his Motion for Recusal before Honorable Lisa P. Dodson, Harrison County Circuit Court Judge, on February 12, 2016 at 9:00 a.m. or when counsel can conveniently be heard at the Harrison County Courthouse, Second Judicial District, 730 Dr. Martin Luther King Jr. Blvd, Biloxi MS.

Respectfully Submitted, this the 3rd Day of February, 2016.

JAMES S. OLIN

BY:     JOHNSON LAW PRACTICE, PLLC
        s/R. Hayes Johnson, Jr.

<u>CERTIFICATE OF SERVICE</u>

I, R. Hayes Johnson, Jr., attorney for JAMES S. OLIN, Plaintiff in the above styled and

numbered cause, do hereby certify that I electronically filed the foregoing with the Clerk of the

Court using the MEC system, which electronically served the following attorney(s):

James E. Welch, Jr.
COPELAND, COOK, TAYLOR, & BUSH, P.A.
P O Box 10
Gulfport, Mississippi 39502-0010

This the 3rd Day of February, 2016.


/s/*R. HAYES JOHNSON, JR.*
R. Hayes Johnson, Jr.
MSB No. 10697

JOHNSON LAW PRACTICE, PLLC
R. Hayes Johnson, Jr. (MSB #10697)
P. O. Box 717, Long Beach, MS 39560
1902 21st Avenue, Gulfport, MS 39501
228 868.5499-office/888-647-3665-fax
rhayesj@gmail.com